Michael M. Maddigan (SBN 163450)
michael.maddigan@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

Jennifer Fleury
jennifer.fleury@hoganlovells.com
Justin W. Bernick
justin.bernick@hoganlovells.com
Anna Kurian Shaw
anna.shaw@hoganlovells.com
Lauren B. Cury
lauren.cury@hoganlovells.com
HOGAN LOVELLS US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600

Christopher C. Wheeler (SBN 224872)
cwheeler@fbm.com
Alexis J. Loeb (SBN 269895)
aloeb@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiffs
CELONIS SE and CELONIS, INC.

David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@jonesday.com
Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:   +1.415.626.3939
Facsimile:   +1.415.875.5700

Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone:   +1.650.739.3939
Facsimile:   +1.630.739.3900

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CELONIS SE and CELONIS, INC.,**<br><br>  Plaintiffs,<br><br>  v.<br><br>**SAP SE and SAP AMERICA, INC.,**<br><br>  Defendants. | Case No. 3:25-cv-02519-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN**<br><br>Date:  June 23, 2025<br>Time:  10:00 a.m.<br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor |

Plaintiffs Celonis SE and Celonis, Inc. (collectively, "Celonis") and Defendants SAP SE and SAP America, Inc. (collectively, "SAP") have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, dated November 30, 2023.  Pursuant to the foregoing, they submit this Joint Case Management Statement and Discovery Plan in advance of the June 23, 2025 Case Management Conference.

## I.     JURISDICTION AND SERVICE

### A.     Celonis' Statement

This Court has original jurisdiction over federal law claims alleged herein pursuant to 15 U.S.C. §§ 15, 1121 and 28 U.S.C. §§ 1331, 1337, 1338(a).  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the facts alleged support both the federal and state law allegations.  Venue is proper in this District as to SAP SE pursuant to 28 U.S.C. § 1391(c)(3).  Venue is proper in this District as to SAP America, Inc. under 28 U.S.C. § 1391 and 1400(b).  Celonis has served SAP, which has in turn filed a motion to dismiss.  The subject matter of this litigation concerns conduct that took place in part in the United States and that has a substantial impact on companies in the United States, including mutual customers of both parties and including entities that are located in this District.

### B.     SAP's Statement

As argued in SAP's Motion to Dismiss, the Complaint should be dismissed under principles of international comity because the United States has a limited interest in this dispute between two German-based companies, and the Complaint relates to policy decisions made by SAP at its German headquarters.  Alternatively, the Complaint should be dismissed under the doctrine of *forum non conveniens* for the same reasons, and also because the relevant witnesses and documents are primarily based in Germany.

## II.    FACTS

SAP SE is a German-based company that provides enterprise resource planning ("ERP") and other business-related software to companies worldwide.  Businesses use ERP software to

manage many of their day-to-day activities in areas like billing, accounting, and human resources.  SAP America, Inc. is a Delaware corporation headquartered in Pennsylvania and a wholly owned subsidiary of SAP SE.  Celonis, which is incorporated in both the U.S. and Europe and has joint headquarters in New York and Munich, sells process mining software.  Process mining is a technology pioneered by Celonis that relies on customer data stored using ERP software and analyzes it to provide insights on possible improvements to business processes.

Celonis claims that SAP has embarked on a multifaceted campaign of unlawful conduct to deprive Celonis of business opportunities and otherwise to monopolize or attempt to monopolize and cause anticompetitive harm in the alleged relevant markets.[1]  Celonis alleges that for years, SAP worked with Celonis through its Startup Focus Program (which is aimed at encouraging new software applications to be developed for use in conjunction with SAP ERP software) and otherwise signaled to customers and third-party developers that customers control their own data stored using SAP software.  But in 2021, when SAP acquired a process mining company called Signavio, Celonis claims that strategy changed.  According to Celonis, although SAP had represented to competition regulators that it would not exclude third-party process mining solutions or charge extra fees for data access post-acquisition, it has increasingly attempted to do just that.

Celonis alleges that SAP used its control of customers' data to coerce them to choose Signavio over Celonis.  SAP also allegedly made a series of false statements and implemented business strategies and technical policies designed (1) to interfere with Celonis' customer relationships and prospective relationships, and (2) to unreasonably reduce competition in alleged relevant markets.  Finally, Celonis claims that SAP engaged in pricing and sales tactics that are anticompetitive and designed to improperly exclude Celonis from competing against SAP's Signavio for process mining customers.

---

[1] The parties provide this joint recitation of facts for the Court's convenience based on the allegations in the complaint.  Celonis respectfully refers the Court to the complete set of allegations in the Complaint.  Likewise, SAP denies the allegations and respectfully refers the Court to its motion to dismiss.

Through these actions, statements, and similar conduct alleged in the Complaint, Celonis claims that SAP has engaged in false advertising and tortious interference with Celonis' business. Furthermore, Celonis claims that SAP has monopolized or attempted to monopolize relevant markets and otherwise unreasonably injured competition through predatory pricing, tying, and unlawful bundling. Celonis allegedly has been injured in its business as a result of this conduct, and such injury will continue to accrue if it is unable to obtain relief.

On January 8, 2025, SAP SE filed a declaratory relief action in Germany against Celonis SE seeking a declaratory judgment that it has not made any untrue, misleading, or detrimental statements to Celonis customers. Celonis brought this action in this District and filed its motion for preliminary injunction, now withdrawn pursuant to the parties' stipulation.

SAP denies that it has engaged in any wrongdoing, denies that Celonis has alleged facts sufficient to state a claim, and has moved to dismiss all counts for lack of jurisdiction and for failure to state a claim.

**III.    LEGAL ISSUES**

    **A.    Celonis' Statement**

        a.  Whether SAP's acts or omissions constitute intentional interference with contractual relations under California law;

        b.  Whether SAP's acts or omissions constitute intentional interference with prospective economic relations under Section 17200 of the California Business and Professions Code;

        c.  Whether SAP's acts or omissions constitute false advertising under 15 U.S.C. § 1125(a)(1)(B);

        d.  Whether SAP's acts or omissions constitute false advertising under Section 17500 of the California Business and Professions Code;

        e.  Whether SAP's acts or omissions constitute monopolization under 15 U.S.C. § 2;

f.  Whether SAP's acts or omissions constitute attempted monopolization under 15 U.S.C. § 2;

g.  Whether SAP's acts or omissions constitute illegal tying under 15 U.S.C. § 1;

h.  Whether SAP's acts or omissions constitute illegal tying under Section 16700 of the California Business and Professions Code;

i.  Whether SAP's acts or omissions constitute illegal bundling under 15 U.S.C. § 2;

j.  Whether SAP's acts or omissions constitute predatory pricing under 15 U.S.C. § 2;

k.  Whether SAP's acts or omissions constitute unfair competition under Section 17200 of the California Business and Professions Code;

l.  If liability exists, the scope, nature, and extent of damages, fees, interest, and any other monetary and/or injunctive relief to which Celonis is entitled.

Regarding the alleged patent claims SAP references below but has not filed to date, SAP has been aware of and intimately familiar with Celonis' offerings for years and has never made any intellectual property claim against Celonis. Celonis is confident that it does not violate any SAP intellectual property and will vigorously defend against any claims SAP now suddenly decides to make.

**B.    SAP's Statement**

In addition to the above, SAP has identified the following legal issues at this time, which shall be subject to change as the case proceeds:

1.  Whether the complaint should be dismissed under principles of comity and/or *forum non conveniens*. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 599 (9th Cir. 2014); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001);

2.  Whether Celonis has stated a claim for which relief may be granted;

3.  Whether Celonis has met its burden to prove each of its claims;

4.  Whether SAP is entitled to any affirmative defenses to any of Celonis' claims;

5.  Whether Celonis is entitled to relief for any of its claims.

Additionally, SAP believes that some of Celonis' technology infringes on SAP patents and other intellectual property. SAP intends to file patent infringement claims against Celonis in Europe, where SAP believes this dispute is properly centered. Should, however, the Court determine that this action should remain in this Court, SAP plans to assert claims (or counterclaims) for infringement of one or more of SAP's U.S. patents (and may bring additional claims as supported by discovery of Celonis' methods of operation and products).

## IV.   MOTIONS

The parties fully briefed Celonis' Motion for a Preliminary Injunction (Dkt. No. 16), which was then withdrawn by stipulation (Dkt. No. 86). The parties have also fully briefed Celonis' Motion to Dismiss (Dkt. No. 46), which is set for oral argument on June 23 and remains pending.

The parties anticipate filing motions for summary judgment as to some or all of the claims at issue and/or SAP's defenses. The parties also anticipate filing motions related to experts (including Daubert motions as appropriate) and motions *in limine* prior to trial.

## V.   AMENDMENT OF PLEADINGS

### A.   Celonis' Statement

Celonis does not anticipate amendment of the pleadings at this stage. Celonis reserves all rights as to amendment, including but not limited to the right to amend the Complaint in the event of a dismissal without prejudice of any claim. A proposed deadline to amend the pleadings (separate and apart from any amendment permitted following a dismissal without prejudice of any claim) is included in the proposed schedule below.

Celonis disputes SAP's characterization below of the hearing on June 5; regardless, the law on amendment of pleadings in this circuit is plain: "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (citations omitted).

### B. SAP's Statement

During the Case Management Conference on June 5, 2023, the Court invited Celonis to amend its claims with any additional facts to take its best shot at avoiding SAP's motion to dismiss. Celonis declined the invitation, noting that it believed it had stated viable claims. Celonis has not identified, and SAP does not believe Celonis can allege, any facts that would overcome the defects demonstrated by SAP's motion to dismiss.

### VI. EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred regarding reasonable and proportionate steps to preserve evidence relevant to the issues in this action. Those conversations are ongoing.

### VII. DISCLOSURES

The parties exchanged initial disclosures on June 13, 2025. The parties agree to timely supplement their initial disclosures as required by the Federal Rules of Civil Procedure or otherwise ordered by this Court.

### VIII. DISCOVERY

The parties have not taken any formal discovery to date and are not presently aware of any discovery disputes ripe for resolution by the Court.

The parties recently reached agreement on a stipulated protective order regarding confidential information, and which they intend to submit shortly. During the Rule 26(f) conference, the parties also discussed entering into a stipulated order regarding eDiscovery. The parties have agreed to negotiate in good faith to submit a proposed stipulated order regarding eDiscovery to the Court, as set forth in the proposed schedules below.

The parties have exchanged certain documents, declarations, and expert materials in connection with the motions for a preliminary injunction and for dismissal. The parties anticipate offering expert opinions in support of the claims and defenses at issue.

The parties propose that there will be no requirement to identify on a privilege log any

attorney-client communications and/or attorney work product that was created on or after January 8, 2025, the date SAP SE filed a declaratory relief action in Germany against Celonis SE.  SAP proposes that the production of privilege logs will be governed by a stipulated order regarding eDiscovery; as noted above, the parties agree to negotiate that proposed order in good faith and to submit it to the Court as soon as practicable.

### A.     Celonis' Statement

#### 1.     Discovery Taken to Date

See above.

#### 2.     Scope of Anticipated Discovery

Discovery will concern all of Celonis' claims and any defenses or counterclaims SAP may raise in the course of this litigation.  Relevant topics include, but are not limited to:

- Transactional data, win/loss sales data, and other such data, including financial data, regularly kept by SAP, Celonis, and other entities concerning ERP applications, data extraction (including fees or charges related to extraction or access to data within the ERP environment), and process mining;

- SAP's and Celonis' sales, strategies, statements, advertisements, promotion and marketing activities, and products, as each of the foregoing relate to the relevant markets and products and services therein;

- SAP's statements to third parties concerning Celonis' process mining and data access, as well as any documents that support, refute, call into question, or otherwise relate to such statements or their impact;

- SAP's policies (including but not limited to SAP Notes) and technical capabilities with respect to data access and extraction, any SAP or Signavio product or service, and any other third-party product or service operating within the SAP ERP ecosystem (including but not limited to process mining and data extraction);

- The technical capabilities and functionality of Celonis' process mining products and services;

- The historic relationship or correspondence between SAP and Celonis, including with respect to Celonis' process mining products and services;

- SAP's customers' options and decisions for ERP applications, data access, process mining, and other business workflow processes that occur within the SAP environment;

- ERP alternatives to SAP;

- SAP's, Celonis', and other entities' market shares in each of the alleged markets;

- SAP's acquisition of Signavio, including its strategy relating to the acquisition, communications with regulators and other third parties regarding that acquisition, and integration of Signavio;

- The development of Signavio features and related tools;

- SAP's pricing of its ERP-related products and services, including but not limited to Signavio.

### 3. Limitations or Modifications of the Discovery Rules

Celonis believes that the complexity and scale of the issues in this case will require more than the 10 depositions envisioned by Rule 30(a)(2)(A)(i) and proposes that each side be entitled to 200 hours of record time for fact depositions (excluding expert depositions). The 200-hour proposal is a compromise position, after a good-faith meet and confer with SAP. Such an extension is particularly important given the unknown number of SAP and Signavio salespersons who have made relevant statements about Celonis and data extraction policies to third parties. SAP has represented that it "employs over 20,000 employees in the SAP sales organization worldwide" and that there is a "subset [] directly connected to selling Signavio and other business transformation management," but SAP has not disclosed the size of that subset. Celonis also has reason to believe that certain of SAP's C-suite executives have been directly involved in Signavio-related marketing and sales strategy, further underscoring the breadth of potentially relevant witnesses. Also relevant is the likely need for significant third-party discovery. Celonis has identified over 80 mutual U.S.-based customers with SAP, each of whom may possess

relevant information about the content, timing, and impact of SAP's communications. While SAP contends that "Celonis knows which customers have breached their agreements and which customers have raised issues," Celonis cannot know everything that SAP's massive salesforce has been communicating to Celonis' customers and potential customers as part of SAP's campaign. Celonis further proposes that each side shall be free to seek leave for additional deposition time if necessary, following a meet-and-confer with the opposing side regarding any such request. Finally, Celonis notes that courts in this District routinely permit additional depositions where, as here, the scale of the case and the number of relevant third parties make the default limits unworkable, and SAP has not identified any prejudice it would suffer from symmetrical discovery rights under the proposed framework.

During the parties' Rule 26(f) conference, SAP expressed a concern about delay that may occur because of GDPR and translation issues for documents located outside the United States. Celonis asserts that discovery of relevant witnesses—whether in the United States or abroad—should proceed expeditiously. Celonis further asserts that production of documents in the United States, particularly for any priority custodians the parties may identify, should proceed on a rolling basis and should not be withheld on the basis of later production deadlines. Relatedly, the parties should be entitled to depose any such custodians prior to document-production deadlines.

**4.  Report on Whether the Parties Have Considered Entering into a Stipulated eDiscovery Order and Protective Order Regarding Confidential Information**

See above.

**5.  Proposed Discovery Plan**

Celonis expects that discovery will entail written discovery and depositions of both party and third-party witnesses.

**6.  Discovery Disputes**

See above.

**B.  SAP's Statement**

SAP anticipates taking discovery in accordance with the Federal Rules of Civil

Procedure, the Local Rules, and the Court's Standing Order for Civil Cases. At this time, SAP does not see a reason to modify the normal discovery limits in the Federal Rules of Civil Procedure. Moreover, Celonis is seeking to enlarge the default ten deposition limit to 200 hours of depositions, which amounts to at least 28 depositions per party (200hrs/7hrs) without having to demonstrate the particularized showing needed to do so. *See C&C Jewelry Mfg., Inc. v. West*, 2011 WL 767839, at *1 (N.D. Cal. 2011) ("A party seeking leave to take more depositions must make a 'particularized showing' why the discovery is necessary."). Celonis knows which customers have breached their agreements and which customers have raised issues, yet Celonis has not tailored discovery to those customers. Instead, it wants to go on a far-reaching fishing expedition in the hopes of finding any evidence to support their claims. At bottom, the dispute is not ripe. Celonis says it needs 200 hours while at the same time saying that it does not know who it needs to depose. The proposed 200 hours thus is arbitrary. If, during discovery, Celonis believes that it needs more than ten depositions, the parties will meet and confer and, if they cannot reach agreement, seek guidance from the Court.

Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, SAP proposes the following discovery plan:

    **1.**    **Discovery Taken to Date**

See above.

    **2.**    **Scope of Anticipated Discovery**

SAP intends to take discovery relating to the claims and defenses that survive any motion to dismiss. Based on comments at the Case Management Conference, SAP focuses here on the First through Fourth Claims for Relief, including without limitation information regarding the following topics:

- The nature, scope, and timing of Celonis' investigation of the conduct about which it complains in its pleading;
- The parties' disclosures, collaborations, and interactions during and after their

- contractual partnership;
- The nature of Celonis' data extraction tools and how they interact with SAP systems;
- The reasons for Celonis' success or lack thereof in selling its products;
- The contracts and/or prospective contracts/agreements Celonis alleges were disrupted due to SAP's conduct as well as all things Celonis did to mitigate such alleged disruption;
- The relationships between Celonis and any third party Celonis alleges were disrupted due to SAP's conduct;
- The reasons why any third parties either breached or terminated their agreement or decided not to enter a relationship with Celonis;
- Celonis' discussions with customers or third parties about Signavio;
- Celonis' discussions with customers or third parties about the facts, activities, and circumstances alleged in the Complaint;
- Celonis' responses to any statement or conduct by SAP challenged by Celonis;
- Celonis' pricing for process mining;
- Pricing for other process mining software;
- Celonis' development of and modifications/updates to RFC extraction tools and to its process mining offering;
- Celonis' efforts to market and sell its process mining products and RFC extraction tools;
- Feedback, complaints, and comments by third parties about Celonis' software and tools;
- Celonis' competition with Signavio and other process mining software; and
- Monetary damages and other harm allegedly suffered by Celonis.

Should any antitrust or unfair competition claims survive, SAP would seek discovery related to those claims and related defenses.

### 3. Limitations or Modifications of the Discovery Rules

SAP does not believe that any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rules need to be made or that Celonis has shown the need to go beyond those requirements.

### 4. Report on Whether the Parties Have Considered Entering into a Stipulated eDiscovery Order and Protective Order Regarding Confidential Information

See above.

### 5. Proposed Discovery Plan

#### (a) Conduct of Discovery

SAP does not believe that fact discovery should be conducted in phases.

#### (b) Written Discovery Requests

SAP expects to issue written discovery requests, including requests for admission, document requests, and interrogatories, directed to each of the above subjects and others as the case proceeds. SAP acknowledges that foreign privacy issues, particularly the European Union's General Data Protection Regulation ("GDPR"), will need to be navigated by each party.

#### (c) Anticipated Deponents

SAP expects to depose party employees and former employees of the parties, as well as potential third parties, any fact witnesses identified by Celonis, and any expert witness who may provide opinions on behalf of each party. SAP proposes that depositions occur after the deadline for substantial completion of document production. At this time and as stated above, SAP believes it is premature to modify Federal Rule of Civil Procedure 30(a) regarding the number of depositions and objects to Celonis' request for 200 hours of depositions.

#### (d) Expert Witnesses

See above. SAP also proposes that the Parties enter into a stipulation on the scope of expert discovery.

#### (e) Privilege Log

See above.

### 6. Discovery Disputes

See above.

## IX. CLASS ACTIONS

This is not a class action.

## X. RELATED CASES

As of this time, there are no related cases in this or any other District.

### A. Celonis' Statement

With respect to the declaratory action referenced in SAP's statement below, the standards and law to be applied in that case and the one before this Court are distinct. Regarding the alleged patent claims SAP references below but has not filed to date, SAP has been aware of and intimately familiar with Celonis' offerings for years and has never made any intellectual property claim against Celonis. Celonis is confident that it does not violate any SAP intellectual property and will vigorously defend against any claims SAP now suddenly decides to make.

### B. SAP's Statement

SAP contends that a declaratory judgment action against Celonis is currently pending in Germany that is based on much of the same conduct alleged in Celonis' Complaint. And as mentioned above, SAP intends to bring patent claims against Celonis in Europe. Additionally, if this action stays in this Court, SAP plans to assert claims (or counterclaims) for infringement of one or more of SAP's U.S. patents (and may bring additional claims as supported by discovery of Celonis's methods of operation and products).

## XI. RELIEF

### A. Celonis' Statement

Celonis seeks permanent injunctive relief, damages, and other monetary relief, fees, costs, and interest. Celonis states that information required to determine damages is not yet available and will be ascertained in the course of this litigation.

### B. SAP's Statement

SAP disputes that Celonis is entitled to any relief. SAP reserves the right to identify additional relief sought at the time its responsive pleading is due if this action is not first dismissed and to seek any necessary relief against Celonis supported by its potential claims or counterclaims.

## XII. SETTLEMENT AND ADR

The parties submitted ADR Certifications on May 22, 2025. (Dkt. Nos. 68-69). Without formal ADR, the parties have engaged in fruitful discussions to settle the preliminary injunction. The parties agree that, at this time, further settlement discussions are premature.

## XIII. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

### A. Celonis' Statement

Celonis contends that each of its claims are well pled and should move forward into discovery, and that it is too early to determine whether the issues can be narrowed.

### B. SAP's Statement

The Court may narrow the issues presented by some or all of Celonis' claims when it rules on SAP's Motion to Dismiss. To the extent that any issues remain following the Court's ruling, the parties will be in a better position to determine if any issues can be further narrowed.

## XV. SCHEDULING

The parties' proposed schedules are detailed in Exhibit A.

SAP's proposed schedule assumes that the only Claims for Relief that will proceed are the First through Fourth.[2] Should any antitrust or unfair competition claims survive, SAP will meet and confer with Celonis and propose an amended schedule.

---

[2] Celonis contends that—even if the claims are narrowed by an order on the motion to dismiss— its schedule would remain appropriate because of the generally common factual predicate behind the claims.

## XVI. TRIAL

### A. Celonis' Statement

Celonis seeks 14 days for trial, but reserves the right to amend this estimate as the litigation progresses. Celonis requests a trial by jury.

### B. SAP's Statement

SAP currently estimates that the trial will last 4 days, assuming that the only Claims for Relief that will proceed are the First through Fourth. SAP will meet and confer with Celonis if any other claims remain.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties respectfully refer to and incorporate by reference their Certificates of Interested Entities, filed on March 13, 2015. (Dkt. Nos. 3-4, 28).

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX. OTHER MATTERS

The parties are not currently aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

Dated: June 16, 2025

HOGANS LOVELLS US LLP

By: /s/ Jennifer Fleury
    Jennifer Fleury
    jennifer.fleury@hoganlovells.com

HOGAN LOVELLS US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600

*Counsel for Plaintiffs*
CELONIS SE and CELONIS, INC.

Dated: June 16, 2025

JONES DAY

By: /s/ David C. Kiernan
    David C. Kiernan
    dkiernan@jonesday.com

JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:    +1.415.626.3939
Facsimile:+1.415.875.5700

*Counsel for Defendants*
*SAP SE and SAP AMERICA, INC.*

**EXHIBIT A**

The parties propose that the Court enter the following schedule for this action:

| Event | Celonis' Proposed Date | SAP's Proposed Date (if action is not dismissed)[3] |
|---|---|---|
| Deadline to File Proposed Protective Order | 6/27/2025 | 6/27/2025 |
| Deadline to File Proposed ESI Protocol | 6/27/2025 | 7/9/2025 |
| Motions to Join Parties or to Amend/Supplement Pleadings | 8/23/2025 | N/A |
| Deadline to Complete Initial ADR Process | 9/22/2025 | 9/22/2025 |
| Substantial Completion Deadline for Document Productions (otherwise rolling)[4] | 1/30/2026 | 10/15/2025 |
| Document Production Deadline (otherwise rolling) | 2/20/2026 | N/A |
| Case Management Conference | 3/6/2026 | 11/21/2025 |
| Fact Discovery Cut-Off | 4/3/2026 | 12/19/2025 |
| Opening Expert Reports[5] Due | 5/1/2026 | 1/5/2026 |

---

[3] SAP's dates assume that only the First through Fourth Claims for Relief survive. Should additional claims survive, SAP agrees with Plaintiffs' proposal for a modest extension of fact discovery and a December 2026 trial date. However, there should be 60 days between Opening and Responsive Expert reports, rather than the roughly 30 days currently accounted for in the proposed schedule.

[4] Celonis' proposed schedule accounts for SAP's stated concerns about GDPR and translation issues associated with documents located outside the United States. Celonis proposes this schedule with the understanding that production of U.S. documents and depositions of U.S. witnesses will begin earlier in the discovery period.

[5] Celonis contends that Opening Expert reports should be defined as "the Party [who] Bears the Burden of Proof," including to ensure any affirmative defenses are properly accounted for by the schedule, and which may otherwise not be subject to full briefing under SAP's proposal. SAP believes delineating reports based on the burden of proof can cause confusion and proposes that Opening Reports should be submitted by the Plaintiff (which includes any Counterclaim Plaintiff).

| | | |
|---|---|---|
| Responsive Expert Reports[6] Due | 5/29/2026 | 2/5/2026 |
| Rebuttal Expert Reports Due | N/A | 2/26/2026[7] |
| Expert Discovery Cut-Off | 7/17/2026 | 3/12/2026 |
| Deadline to File Dispositive and *Daubert* Motions | 8/7/2026 | Briefing schedule to be discussed at Case Management Conference |
| Deadline for Hearing Dispositive and *Daubert* Motions | 9/25/2026 | 4/23/2026 |
| Final Pretrial Conference | 11/24/2026 | 6/23/2026 |
| Trial | 12/7/2026 (14 days) | 7/6/2026 (4 days) |

---

[6] SAP proposes that Responsive Expert Reports should be submitted by the Defendant (which includes any Counterclaim Defendant).

[7] SAP proposes that Plaintiff or Counter-claim Plaintiff submit Rebuttal Expert Reports, which would be limited to responding to opinions raised in the Responsive/Defendants' Expert Report and that an expert cannot raise new opinions not previously raised in the Opening/Plaintiffs' Expert Report. Celonis states that existing law governs the appropriate scope of rebuttal reports.