David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California  94104
Telephone:     +1.415.626.3939
Facsimile:     +1.415.875.5700

Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California  94303
Telephone:     +1.650.739.3939
Facsimile:     +1.630.739.3900

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

Ryan P. Phair (*pro hac vice*)
ryanphair@paulhastings.com
Michael F. Murray (*pro hac vice*)
michaelmurray@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone:     +1.202.551.1700
Facsimile:     +1.202.551.1705

Stephen J. McIntyre (State Bar No. 274481)
stephenmcintyre@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone:     +1.213.683.6000
Facsimile:     +1.213.627.0705

Kristin L. Cleveland (State Bar No. 001318)
kristin.cleveland@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204-2988
Telephone: 1.503.595.5300
Facsimile: 1.503.595.5300

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CELONIS SE and CELONIS, INC.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**SAP SE and SAP AMERICA, INC.,**<br><br>**Defendants.** | **Case No. 3:25-cv-02519-VC**<br><br>**JOINT LETTER BRIEF RE: SAP'S MOTION FOR PROTECTIVE ORDER**<br><br>***REDACTED VERSION OF DOCUMENT FILED UNDER SEAL***<br><br>Date:  March 20, 2026<br>Judge:  Hon. Sallie Kim<br>Courtroom:  C – 15th Floor |

## ATTESTATION IN SUPPORT OF JOINT LETTER BRIEF

Pursuant to the Standing Order for Magistrate Judge Sallie Kim, undersigned counsel hereby attest that counsel for plaintiffs Celonis SE and Celonis, Inc. ("Celonis") and defendants SAP SE and SAP America, Inc. ("SAP") (collectively, the "Parties") have met and conferred by videoconference before filing the joint letter brief, and complied with Section 9 of the Northern District's Guidelines for Professional Conduct Regarding Discovery.  The Parties were unable to resolve the disputes and respectfully submit them to the Court.

J. LETTER BR.: MOT. FOR PROTECTIVE ORDER
Case No. 3:25-cv-02519-VC

Dated: March 20, 2026

JONES DAY

By: /s/ *David C. Kiernan*
David C. Kiernan

David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Nathaniel Garrett (State Bar No. 248211)
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Tharan Gregory Lanier
(State Bar No. 138784)
tglanier@jonesday.com
Catherine T. Zeng
(State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone: +1.650.739.3939
Facsimile: +1.630.739.3900

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

Dated: March 20, 2026

HOGAN LOVELLS US LLP

By: /s/ *Jennifer Fleury*
    Jennifer Fleury

Michael M. Maddigan (State Bar No. 163450)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
michael.maddigan@hoganlovells.com

Jennifer Fleury (pro hac vice)
Justin W. Bernick (pro hac vice)
Anna Kurian Shaw (pro hac vice)
Lauren B. Cury (pro hac vice)
Christopher Fitzpatrick (pro hac vice)
HOGAN LOVELLS US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hoganlovells.com
justin.bernick@hoganlovells.com
anna.shaw@hoganlovells.com
lauren.cury@hoganlovells.com
chris.fitzpatrick@hoganlovells.com

Christopher C. Wheeler (State Bar No. 224872)
Alexis J. Loeb (State Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

Attorneys for Plaintiffs
CELONIS SE and CELONIS, INC.

J. LETTER BR.: MOT. FOR PROTECTIVE ORDER
Case No. 3:25-cv-02519-VC

## I.    UNRESOLVED DISPUTES AND FACTUAL BACKGROUND

Celonis noticed the deposition of SAP's CEO and Executive Board Chairman, Mr. Christian Klein on September 10, 2025.  SAP offered to make Mr. Klein available for deposition in the United States on April 16, 2026, for three hours.  Celonis contends that it is entitled to a full-day deposition of Mr. Klein pursuant to FRCP 30(d)(1).  Lead counsel met and conferred and reached an impasse on March 13, 2026.

## II.    SAP'S POSITION

SAP moves for a protective order limiting the deposition of its CEO and Executive Board Chairman, Christian Klein, to three hours under the apex doctrine.  SAP agreed to make Mr. Klein—a German citizen residing in Germany—available for deposition when he is in New York in mid-April.  Celonis demands a full seven-hour deposition that would impose undue burden on one of the world's busiest corporate executives.

**The Apex Doctrine Supports Limiting Mr. Klein's Deposition to Three Hours**

Under FRCP 26(c)(1), "'[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 262 (N.D. Cal. 2012).  "Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." *Celerity Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007).  "[P]arties seeking to depose a high ranking corporate officer must first establish that the executive (1) has unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *2 (N.D. Cal. Feb. 2, 2012) (citation omitted).

**1. Mr. Klein is the quintessential apex executive.**  The analysis begins with "the relative position of the proposed witness in the company." *Apple Inc.*, 282 F.R.D. at 264.  Mr. Klein stands at the very summit of SAP's corporate hierarchy—the "quintessential 'apex.'" *Id.* at 265.  As CEO and Executive Board Chairman of a global enterprise software company with more than 110,000

employees in 130 countries, a lengthy deposition would impose an "undoubtedly meaningful burden" on him. *In re Uber Techs., Inc.*, 2025 WL 896412, at *4 (N.D. Cal. Mar. 24, 2025).

**2. A seven-hour deposition would impose undue burden.**  Celonis argues that because Mr. Klein purportedly has personal knowledge, the apex doctrine "does not shield" him "from deposition."  But SAP seeks only a reasonable three-hour limit on Mr. Klein's deposition, which is consistent with this District's practice.  Even when an apex executive possesses "unique personal knowledge," courts routinely impose time limits because "unrestricted deposition time and subject matter" remain inappropriate.  *Apple Inc.*, 282 F.R.D. at 265.

Celonis relies heavily on *In re Apple iPhone Antitrust Litigation*, 2021 WL 485709 (N.D. Cal. Jan. 26, 2021), contending that antitrust cases involve a different apex inquiry.  But Celonis misreads that decision.  *In re Apple* involved three related antitrust actions challenging "Apple's business model—the closed, integrated App Store and its policies and commission structure." *Id.* at *3.  The court reasoned that "[t]here is really no one like Apple's CEO who can testify about how Apple views competition in these various markets that are core to its business model." *Id.*

Here, Celonis' own Amended Complaint identifies only a single conversation between Mr. Klein and an SAP customer as the basis for his involvement.  (*See* Dkt. 112-3 ¶¶ 207, 249.)  This case involves discrete allegations about SAP's competitive conduct in the process mining market. The sweeping discovery that may have been appropriate in *In re Apple* is not warranted here.

Moreover, *In re Apple* emphasized that plaintiffs "demonstrated that this deposition will be meaningful" by showing that Apple's CEO had "testified before Congress on issues relevant to these cases" and had made other public statements regarding the challenged conduct.  2021 WL 485709, at *3.  Besides naked and unsupported assertions that "Mr. Klein is a central actor" in all facets of this case, Celonis has made no comparable showing.

Celonis claims "thousands of documents" demonstrate Mr. Klein's personal involvement. But being copied on emails or mentioned in documents does not establish unique, non-repetitive, firsthand knowledge sufficient to justify a seven-hour deposition.  Courts routinely deny or limit apex depositions notwithstanding such references. *See, e.g.*, *Symantec Corp. v. Zscaler, Inc.*, 2019 WL 8331428, at *1–2 (N.D. Cal. Sept. 19, 2019) (denying deposition because "any number of

- 2 -

people could testify to" the CEO's statements); *Schneider v. Chipotle Mexican Grill, Inc.*, 2017 WL 4127992, at *3 (N.D. Cal. Sept. 19, 2017) (denying apex deposition despite extensive personal involvement); *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *16 (N.D. Cal. May 9, 2011) ("Courts have repeatedly denied apex depositions even on a showing that the executive made public statements on relevant issues.") (collecting cases).

Celonis attempts to distinguish these cases because they do not involve antitrust claims, but this distinction lacks legal significance. *See In re Transpacific Passenger Air Transportation Antitrust Litig.*, 2014 WL 939287, at *6 (N.D. Cal. Mar. 6, 2014) (limiting CEO's deposition to two hours in antitrust matter); *In re Apple iPod iTunes Antitrust Litig.*, 2011 U.S. Dist. LEXIS 33174, at *5–8 (N.D. Cal. Mar. 21, 2011) (same) (marked not for citation, *but see* Civil L.R. 7-14). The apex doctrine protects executives from undue burden regardless of the underlying claims. The inquiry remains whether the executive possesses unique, non-repetitive, firsthand knowledge unobtainable from other sources.

Time-limiting apex depositions is routine in this District. *See, e.g.*, *Largan Precision Co, LTD v. Motorola Mobility LLC.*, No. 4:21-cv-09138, ECF No. 175 at 4 (N.D. Cal. Dec. 30, 2024) (**two hours** despite "first-hand, material involvement"); *Apple Inc.*, 282 F.R.D. at 265 (**two hours** even though CEO led "strategic shift" during relevant period); *In re Google Litig.*, 2011 WL 4985279, at *1–2 (N.D. Cal. Oct. 19, 2011) (**three hours** despite direct involvement in relevant technology); *Oracle Am., Inc. v. Google Inc.*, 2011 WL 12675492, at *1 (N.D. Cal. July 21, 2011) (**two hours**). A seven-hour deposition would be the anomaly, not the norm.

Celonis has not demonstrated that Mr. Klein possesses unique knowledge "sufficient to warrant" more than a "time-limited deposition." *In re Uber Techs., Inc.*, 2025 WL 896412, at *4. Testimony on broader topics can come from other SAP employees directly responsible for the business operations at issue. *See Schneider*, 2017 WL 4127992, at *3.

**3. Celonis has not exhausted less intrusive discovery.** Even setting aside the burden analysis, "[t]he Court need not determine at this time whether Mr. [Klein] possesses unique, nonrepetitive, first-hand knowledge … because [Celonis] has failed to meet the second prong of this conjunctive test." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2014 WL

J. Letter Br.: Mot. for Protective Order
Case No. 3:25-cv-02519-VC

5387936, at \*2 (N.D. Cal. Oct. 21, 2014). "That is, [Celonis] has not demonstrated that it has exhausted other means of obtaining this information, such as interrogatories and depositions of lower-level employees." *Id.*

Celonis contends that "formal exhaustion is not required" but courts have refused "to allow the deposition of the apex employee before the party makes effort to take the deposition of lower level employees" (*Est. of Levingston v. Cnty. of Kern*, 320 F.R.D. 520, 528 (E.D. Cal. 2017)), or before serving interrogatories to explore the relevant subject (*Groupion*, 2012 WL 359699, at \*4). An apex deposition is not appropriate unless the party "attempt[s] to learn any of" the facts "through written discovery" first. *Affinity Labs*, 2011 WL 1753982, at \*10.

A minority of courts have construed exhaustion as an "important consideration" rather than a strict requirement. *In re Transpacific Passenger Air*, 2014 WL 939287, at \*5. But however construed, Celonis' failure to pursue other discovery is telling and the record demonstrates Celonis' true intent. Since September 2025, Celonis has pressed to take Mr. Klein's deposition first—before all other fact witnesses. Mr. Klein's was the *first* deposition Celonis noticed. More striking, Celonis noticed the deposition while SAP's motion to dismiss was pending and discovery was limited to Celonis' "intentional interference with contractual relations claim." (*See* Dkt. 93.) SAP had not even answered, yet Celonis was already wielding the specter of a lengthy deposition— precisely the "harassment" the apex doctrine is designed to prevent. *See Celerity*, 2007 WL 205067, at \*3.

Celonis claims SAP is preventing discovery through other sources, but this is disingenuous. To date, Celonis has issued only one interrogatory directed at Mr. Klein. That interrogatory sought an exhaustive catalog of Mr. Klein's personal customer communications going back thirteen years. Celonis complains SAP's response was "improperly narrow," yet Celonis has not moved to compel a further response. Instead, Celonis seeks to bypass written discovery and proceed directly to a seven-hour apex deposition. Celonis cannot manufacture an exhaustion exception by (1) failing to use available interrogatories, (2) declining to move to compel, and (3) then claiming SAP is obstructing discovery. *Cf. Celerity, Inc.*, 2007 WL 205067, at \*5 (barring apex depositions until after the noticing party "make[s] a good faith effort to extract the information it seeks from

J. LETTER BR.: MOT. FOR PROTECTIVE ORDER
Case No. 3:25-cv-02519-VC

interrogatories and depositions of lower-level . . . employees" and "those means of discovery prove inadequate"). SAP's offer of a three-hour deposition before Celonis exhausts less intrusive methods is generous.

### III. CELONIS' POSITION

#### A. Seven Hours to Depose Mr. Klein is Necessary Given his Unique Knowledge.

The apex doctrine SAP invokes does not shield even the highest officials' depositions where they have unique, firsthand, non-repetitive knowledge of facts and events central to the litigation. *Powertech Tech., Inc. v. Tessera, Inc.*, 2013 WL 3884254, at *1 (N.D. Cal. July 26, 2013). Christian Klein has precisely that kind of knowledge: he sits at the center of the challenged conduct, possessing unique, first-hand, knowledge at the core of this antitrust case. His specific involvement in the facts underlying this suit was alleged in the Amended Complaint and has been borne out over thousands of documents in SAP's productions.

As an initial matter, SAP mischaracterizes Celonis' position in several key respects. Celonis did not "reject" SAP's proposal to produce Mr. Klein on April 16 – the only date offered, conditioned on an arbitrary three-hour cap, after two deposition notices and nearly seven months of requests for availability. When Celonis explained that, based on SAP's then-incomplete production – which already included thousands of unique documents for Mr. Klein – additional time would likely be required, SAP responded by filing this motion. Celonis has repeatedly assured SAP it will conduct the deposition efficiently; a rigid three-hour limit is untenable in a case of this complexity, where Celonis must examine Mr. Klein on sophisticated antitrust issues, including SAP's views on competition and marketplace dynamics, as well as his direct involvement in the conduct at issue, for which he is uniquely positioned to testify.

**1. Mr. Klein's unique knowledge from personal involvement**. SAP's attempt to reduce Mr. Klein's role to "a single conversation" is untenable in light of its own productions, which include *a minimum of thousands of unique documents for Mr. Klein* showing he was personally and directly involved in:

- ███████████████████████████████████████████, *see, e.g.*, SAP_CEL_00193724 (██████████████████████████) *and* SAP_CEL_00146352 (same);

- ███████████████████████████████████████, *see, e.g.,* SAP CEL 00072184 ███████████████████████████████████████, *see, e.g.,* SAP CEL 00432835 (█████████████████████████████████████████████, *see, e.g.,* SAP CEL 00176038 (████████████████████████████████████████; ████████████, *see, e.g.,*

- ███████████████████ SAP CEL 00070505 (████████████████████).

These documents, which are but a select few of Klein's custodial documents produced to date, squarely rebut SAP's unsupported assertion that Klein's documents amount to no more than just "being copied on emails or mentioned in documents." Critically, the above list is also made before discovery is complete. SAP recently produced over one million additional documents which have not been accounted for in the above record, underscoring that the factual record regarding Mr. Klein's involvement is still developing. Against that backdrop, SAP's request to artificially cap the deposition at three hours would prevent meaningful examination of topics its own production has placed squarely at issue.

**2. Mr. Klein's unique knowledge as CEO under antitrust apex inquiry.** Antitrust cases "do not involve the traditional apex inquiry into the witness's participation in or knowledge about this or that historical decision" because "the facts of the case go way beyond the historical facts of what happened and when … [they] implicate the competition the company faces and important aspects of its business model," as well as "the relationship between different markets and the extent to which competition in some of those markets restrains behavior in others." *In re Apple iPhone Antitrust Litig.*, 2021 WL 485709, at *3 (N.D. Cal. Jan. 26, 2021). As the *In re Apple* Court aptly opined, "there is no one like [a company's] CEO who can testify about how [the company] views competition in these various markets that are core to its business model." *Id.* (allowing seven-hour deposition of Cook due to his unique knowledge of competition and business judgment as CEO).

Similarly, this case challenges SAP's enterprise-wide strategy – its attempts to use its market power in one market to foreclose downstream competition, its leveraging of restrictions on

data access, and its use of those tools to attempt to displace Celonis in process mining. Those were not operational details that Mr. Klein delegated downward; they were core strategic decisions made at the highest levels of SAP's leadership. As CEO, Mr. Klein is the final decision-maker at SAP who best understood the competition SAP faced in the markets it operated in, the pressures SAP felt to changing its business model, and the reasons behind why it implemented those changes. Mr. Klein's unique understanding of these subjects as CEO of SAP alone justifies his full deposition.

### B. Seven Hours is the Rule – Not the Exception – and SAP Has Not Shown Good Cause to Depart from It.

Rule 30(b)(1) establishes a presumptive seven-hour deposition. The burden is on SAP to show good cause to deviate from that rule. It has not done so. SAP relies almost entirely on Mr. Klein's title. But courts are clear that status alone is insufficient. *Apple Inc.*, 282 F.R.D. at 264. Unlike the extent of Mr. Klein's personal involvement revealed by SAP's documents, plaintiff in *Apple Inc.* only produced emails and meeting minutes, authored by other employees indicating Samsung's CEO presided over relevant meetings and a business unit that outlined a strategy that plaintiff contends mimicked its own. 282 F.R.D. at 264. None of SAP's other cited cases involve a CEO personally engaged in company-wide competitive strategy in a monopolization case either. *See Largan Precision Co, LTD*, No. 4:21-cv-09138, ECF No. 175 at 4 (time-limiting deposition to one subject of inquiry where CEO had already provided testimony about same subject in different lawsuit); *In re Google Litig.*, 2011 WL 4985279, at *1–2 (N.D. Cal. Oct. 19, 2011) (limited deposition based solely on knowledge of changes to trademark policies); *Oracle Am., Inc. v. Google Inc.*, 2011 WL 12675492, at *1 (N.D. Cal. July 21, 2011) (time-limiting deposition because inquiry was only allowed as to willfulness of alleged patent infringement); *In re Transpacific Passenger Air*, 2014 WL 939287, at *6 (limiting CEO's deposition to two hours to restrict inquiry to just two narrow subjects); *In re Apple iPod iTunes Antitrust Litig.*, 2011 WL 976942, at *3 (limiting CEO's deposition to two hours to restrict inquiry to two specific company announcements and ensuing software updates, and also designated as "Not for Citation" under then-applicable local rule 3-4(e)).

### C. SAP's Exhaustion Argument Fails as a Matter of Law and Fact.

SAP's contention that Celonis must exhaust all other discovery first is incorrect. Formal exhaustion is not required, particularly where the apex witness is a key decisionmaker with direct

involvement. *See Kadrey v. Meta Platforms, Inc.*, 2024 WL 4293910, at *1 (N.D. Cal. Sept. 24, 2024); *see also In re Transpacific Passenger Air*, 2014 WL 939287, at *5 ("Requiring that a party exhaust other discovery sources before taking an apex deposition creates a burden-shifting analysis not mandated by the Federal Rules of Civil Procedure or the relevant case law."); *Oracle Am., Inc. v. Google Inc.*, 2011 WL 12675492, at *1; *In re Chase Bank USA, N.A. Check Loan Contract Litig.*, 2011 WL 5248158, at *1 (N.D. Cal. Nov. 3, 2011).

Courts also reject exhaustion arguments where the party resisting the deposition is the one preventing the discovery of relevant information through other sources. *See, e.g.*, *WebSideStory*, 2007 WL 1120567, at *4 (S.D. Cal. Apr. 6, 2007). Here, Celonis has served four rounds of written discovery on SAP. Notably, Celonis served the "interrogatory directed at Mr. Klein" SAP references on November 4, 2025, and SAP propounded an improperly narrow response to that interrogatory that it refuses to amend to this day, maintaining that identifying all conversations Mr. Klein had with customers and potential customers for which SAP competed against Celonis is "unduly burdensome" and "with little to no benefit, given that SAP has agreed to include Mr. Klein as a custodian and Celonis has noticed his deposition." SAP cannot in one breath claim it will not properly respond to written discovery because Celonis will be able to obtain the same information from Mr. Klein's deposition, then seek to improperly limit that same deposition in the next.

### D.    A Three-Hour Cap Would Materially Prejudice Celonis.

This case involves multiple product markets, conduct by SAP that goes back to 2021, and as SAP acknowledges, "the scope of antitrust discovery is broad, touching pricing, markets, competitive effects, and justifications (including intellectual property justifications). In competitor suits, antitrust discovery takes more time because both sides have significant numbers of documents." (*See* Dkt. 140 at 3-4.) Mr. Klein is a central actor both in the tortious interference claim that kicked off this litigation, and the more complex antitrust monopolization counts that are at its core. A three-hour deposition would force Celonis to truncate entire lines of inquiry, undermining its ability to develop the factual record. Celonis respectfully requests that SAP's motion for a protective order be denied.

J. LETTER BR.: MOT. FOR PROTECTIVE ORDER
Case No. 3:25-cv-02519-VC

Dated: March 20, 2026

JONES DAY

By: /s/ *David C. Kiernan*
    David C. Kiernan

David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Nathaniel Garrett (State Bar No. 248211)
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Tharan Gregory Lanier
(State Bar No. 138784)
tglanier@jonesday.com
Catherine T. Zeng
(State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303

Telephone: +1.650.739.3939
Facsimile: +1.630.739.3900

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

J. LETTER BR.: MOT. FOR PROTECTIVE ORDER
Case No. 3:25-cv-02519-VC

Dated: March 20, 2026

HOGAN LOVELLS US LLP

By: /s/ *Jennifer Fleury*

Jennifer Fleury

Michael M. Maddigan (State Bar No. 163450)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
michael.maddigan@hoganlovells.com

Jennifer Fleury (pro hac vice)
Justin W. Bernick (pro hac vice)
Anna Kurian Shaw (pro hac vice)
Lauren B. Cury (pro hac vice)
Christopher Fitzpatrick (pro hac vice)
HOGAN LOVELLS US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hoganlovells.com
justin.bernick@hoganlovells.com
anna.shaw@hoganlovells.com
lauren.cury@hoganlovells.com
chris.fitzpatrick@hoganlovells.com

Christopher C. Wheeler (State Bar No. 224872)
Alexis J. Loeb (State Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

Attorneys for Plaintiffs
CELONIS SE and CELONIS, INC.

- 10 -