Case 3:25-cv-02519-VC   Document 190   Filed 05/04/26   Page 1 of 12

TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
GREGORY P. ADAMS (CSB No. 292391)
gadams@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA  94111
Telephone:    415.875.2300
Facsimile:    415.281.1350

Attorneys for Non-Party
Databricks, Inc.

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Celonis SE and Celonis, Inc., | **Case No.: 3:25-CV-02519-VC-SK** |
| Plaintiff, | **DATABRICKS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA** |
| v. | |
| SAP SE and SAP America, Inc., | **Date:     June 8, 2026** |
| Defendant. | **Time:     9:30 am**<br>**Judge:     Hon. Sallie Kim**<br>**Courtroom C, 15th Floor** |

DATABRICKS, INC.'S MOTION TO
QUASH SUBPOENA                                                    Case No.: 3:25-CV-02519-VC-SK

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA ............................................ 1

ISSUE TO BE DECIDED ........................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2

    I.     INTRODUCTION ........................................................................................ 2

    II.    STATEMENT OF FACTS ........................................................................... 2

    III.   LEGAL STANDARD ................................................................................... 4

    IV.   ARGUMENT ................................................................................................ 5

          A.     The Testimony Celonis Seeks Concerning the ERP Data Access Market Is Equally Available from Defendant SAP. ................................................. 5

          B.     Databricks Is Not Relevant to This Dispute About the Process Mining Market. ........................................................................................................ 7

          C.     The Deposition Topics Are Cumulative of Databricks' Document Production. ................................................................................................. 7

          D.     The Burden on Databricks Substantially Outweighs Any Benefit to Celonis. ...................................................................................................... 8

    V.    CONCLUSION .......................................................................................... 10

FENWICK & WEST LLP
ATTORNEYS AT LAW

## NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA

PLEASE TAKE NOTICE that on June 8, 2026, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Sallie Kim, United States Magistrate Judge, located at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, non-party Databricks, Inc. hereby moves this Court for an order quashing the Rule 30(b)(6) deposition subpoena served on Databricks by Plaintiffs Celonis SE and Celonis, Inc. ("Celonis") on April 22, 2026.  Databricks brings this Motion pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv) because the deposition subpoena subjects it to undue burden as a non-party.

This motion is based on the Memorandum of Points and Authorities below, the accompanying Declaration of Tyler G. Newby ("Newby Decl.") and attached exhibits, arguments of counsel, and all other matters properly before the Court.

## ISSUE TO BE DECIDED

Whether the Court should quash the Rule 30(b)(6) deposition subpoena served on non-party Databricks under Federal Rule of Civil Procedure 45(d)(3) where the seven deposition topics seek information equally available from Defendant SAP and duplicate document requests to which Databricks has already responded.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Databricks is not a party to this antitrust dispute between Celonis and SAP over the process mining market. Nor is Databricks a market player in the process mining market in which Celonis competes. And Celonis does not allege that Databricks is a competitor to SAP that SAP has excluded from the so-called enterprise resource planning ("ERP") data access market. Databricks is a data and AI platform company, and it has no stake in the outcome of this case. Yet over the past four months, Celonis has subjected Databricks to escalating discovery demands culminating in a Rule 30(b)(6) deposition notice scheduled to commence on May 5, 2026. Each deposition topic seeks information about SAP's conduct, statements, and agreements, and thus should be directed to Defendant SAP through ordinary party discovery. The topics also mirror Celonis's document subpoena, to which Databricks has already responded by producing documents describing its partnership agreement with SAP. Under Ninth Circuit law, this is undue burden for a non-party.

Databricks has acted in good faith throughout. Counsel for Databricks and Celonis met and conferred six times since mid-January 2026. Databricks searched for and produced non-privileged documents sufficient to describe its partnership with SAP and how SAP customers would be able to use Databricks' solutions with their ERP data stored in SAP. But Celonis nevertheless served a Rule 30(b)(6) deposition notice, demanding live testimony from a corporate designee of a non-party that has no role in this dispute. Rule 45 does not permit Celonis to use a non-party as a strategic substitute for party discovery from SAP. The deposition should be quashed.

## II.   STATEMENT OF FACTS

Celonis filed this action against SAP alleging anticompetitive conduct in the process mining software market. *See generally* First Am. Compl., Dkt. 111 ("FAC"). Celonis pleads three relevant antitrust markets: the ERP Applications Market, the SAP ERP Data Access Market, and the SAP Process Mining Market. FAC ¶ 278. Celonis identifies the participants in the SAP Process Mining Market as itself, Signavio (SAP's captive process mining product), Software AG, and UiPath. *Id.* ¶ 307. Celonis further alleges that a substantial portion of its own business is connected to SAP

FENWICK & WEST LLP
ATTORNEYS AT LAW

ERP customers, underscoring that the dispute centers on Celonis's relationships with those customers and SAP's alleged efforts to disrupt them. *Id.* ¶ 74. Databricks is not identified anywhere in the operative complaint as a competitor in any pleaded market, is not alleged to offer a process mining product, and is not alleged to have engaged in any of the conduct at issue.

On January 12, 2026, Celonis served Databricks with a Rule 45 document subpoena seeking 19 categories of documents and communications concerning Databricks' interactions with SAP, a partnership agreement between Databricks and SAP that was executed on January 5, 2025 and announced in February 2025, and SAP's policies regarding third-party access to its ERP environment. Newby Decl. ¶ 2, Ex. A. Over the past four months, Databricks has cooperated with Celonis concerning that document subpoena. Databricks served timely written objections, engaged in extensive negotiations with Celonis to narrow the scope of the requests, conducted a reasonable search of its files, and on March 27, 2026, Databricks produced responsive, non-privileged documents sufficient to describe its partnership with SAP and Databricks' views on the commercial benefits it would receive from the partnership. Newby Decl. ¶ 3.

Counsel for Databricks and Celonis met and conferred six times concerning Celonis's discovery demands: January 15, 2026; February 24, 2026; March 11, 2026; March 20, 2026; March 31, 2026; and April 13, 2026. Newby Decl. ¶ 4. Throughout those discussions, Databricks repeatedly emphasized that it is a non-party with limited involvement in the issues underlying this litigation, that the requested information is largely obtainable from SAP, and that any deposition would be cumulative of Databricks' document production and unduly burdensome. *Id.* ¶ 5.

Despite Databricks' production and good-faith engagement, on April 22, 2026, Celonis served a Rule 30(b)(6) notice on Databricks setting a deposition for May 5, 2026, in San Francisco. Newby Decl. ¶ 6, Ex. B. The deposition notice lists seven topics, each framed around SAP's conduct or the commercial relationship between Databricks and SAP:

- Topic 1: Databricks' understanding of SAP's statements concerning Databricks' ability to access data in an SAP ERP system, and the impact on Databricks.

- Topic 2: Databricks' evaluation or comparison of Databricks products or services against comparable SAP products or services.

- Topic 3:  Databricks' strategy and analysis in response to any SAP policy impacting customers' ability to use, integrate, or work with non-SAP solutions that interact with SAP's ERP environment.

- Topic 4:  Databricks' strategy and analysis in response to SAP's practice of bundling its own products and services into other software sales, including the SAP RISE bundle.

- Topic 5:  Databricks' understanding of any statement or recommendation from SAP that Databricks' clients or customers use Datasphere, Business Data Cloud, or SAP RISE in connection with Databricks' products or services.

- Topic 6:  Databricks' ability to access data on SAP's systems prior to the Databricks–SAP partnership executed on January 5, 2025 and announced February 13, 2025.

- Topic 7:  The January 5, 2025 agreement between Databricks and SAP; its effect on access to SAP ERP data by Databricks, joint customers of Databricks and SAP, and non-Databricks customers; and Databricks' internal analyses of the advantages and disadvantages of the agreement.

Topics 1 through 6 mirror document requests from Celonis's document subpoena, and Topic 7 concerns the Databricks-SAP agreement that SAP has already produced.  Newby Decl. ¶¶ 5, 7, Ex. C.  Databricks served written objections to all seven topics on May 4, 2026, and informed Celonis that it would not produce a witness.  Newby Decl. ¶ 8, Ex. D.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 45 provides that, on timely motion, a court "must quash or modify a subpoena" that "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).  The scope of discovery permitted under Rule 45 is the same as under Rule 26(b), and a court evaluating a Rule 45 motion must apply Rule 26's proportionality limits.  *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994).  Thus, the court is to limit discovery that is "unreasonably cumulative or duplicative" or "can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).

In assessing undue burden, courts "weigh the burden to the subpoenaed party against the value of the information to the serving party."  *Amini Innovation Corp. v. McFerran Home*

FENWICK & WEST LLP
ATTORNEYS AT LAW

*Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (quotation omitted).  The Ninth Circuit has "long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, No. 16-mc-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (citations omitted).  "Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *United States v. C.B.S.*, 666 F.2d 364, 371–72 (9th Cir. 1982).  Concern for the burden imposed on non-parties is therefore "a factor entitled to special weight." *Amini*, 300 F.R.D. at 409; *accord Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980).  Courts in this District have made clear that "there is simply no reason to burden nonparties when the documents [or testimony] sought are in possession of the party defendant."  *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007); *accord Pegatron Tech. Serv., Inc. v. Zurich Am. Ins. Co.*, 377 F. Supp. 3d 1197, 1202 (D. Or. 2019).

## IV.    ARGUMENT

The deposition should be quashed because, after balancing Celonis's purported need against the burden on a non-party, the information Celonis seeks can be obtained directly from Defendant SAP, is at most marginally relevant to a process mining dispute in which Databricks plays no part, and is duplicative of Databricks' document production.  And Celonis has not articulated how information it could learn from Databricks about its partnership agreement with SAP is any more relevant to its ERP data access market claim than information it could obtain directly from SAP.

### A.    The Testimony Celonis Seeks Concerning the ERP Data Access Market Is Equally Available from Defendant SAP.

Celonis has asserted in meet and confers that testimony from Databricks about its reasons for entering its January 5, 2025 partnership agreement with SAP and its analyses about the commercial impact of that agreement are relevant to Celonis's allegations that SAP has monopolized the ERP data access market.  In the October 27, 2025 order granting in part and denying in part SAP's motion to dismiss Celonis's First Amended Complaint, the Court found that "Celonis has adequately pled that SAP willfully maintains its monopoly power in the SAP data access market by excluding rivals through means other than competition on the merits."  Dkt. 129

FENWICK & WEST LLP
ATTORNEYS AT LAW

at 2.  But Celonis has not argued that Databricks is a "rival" of SAP.  Evidence of whether SAP viewed Databricks as a rival and somehow forced it into a partnership would lie with SAP, not Databricks.

Indeed, most of the deposition topics are framed around SAP: statements by SAP, conduct by SAP, agreements with SAP, and SAP's bundling and product-recommendation practices.  SAP, not Databricks, is the indispensable source for that information or testimony.  For example, topics 6 and 7 seek testimony on Databricks' ability to access SAP data before the companies announced their January 5, 2025 partnership agreement, and topic 7 seeks testimony about the effect of the agreement on access to SAP ERP data by Databricks, its customers, and non-Databricks customers. That information is available from SAP.  As the owner of the system, SAP would presumably have documents and witnesses who could testify about the abilities of businesses like Databricks to access data that their common customers stored in SAP.  Celonis does not need a witness from Databricks to provide this testimony.  Where party discovery can supply the same information, Rule 45 forbids burdening a non-party to obtain it: "there is simply no reason to burden nonparties when the documents [or testimony] sought are in possession of the party defendant." *Nidec*, 249 F.R.D. at 577; *accord Pegatron*, 377 F. Supp. 3d at 1202.  That principle is dispositive here.

What is more, testimony about Databricks' "understanding" of certain alleged SAP practices has minimal relevance, and requiring Databricks to prepare a witness on broad topics would impose an undue and unnecessary burden.  Topic 1, for example, seeks testimony on "Databricks' understanding" of unidentified SAP statements that concern Databricks' ability to access data in an SAP ERP.  Putting aside the impossibility of Databricks distilling the corporation's "understanding" of unidentified statements sufficiently to prepare a representative witness, Databricks' understanding of these undefined statements is immaterial.  What is material are the permissions and restrictions, if any, SAP imposed on third parties like Databricks to access SAP ERP data.  That information is squarely in the possession of SAP.  Topic 5 suffers the same defect.  Where non-party discovery is irrelevant, the burden of compliance is, by definition, undue. *Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 335–36 (N.D. Cal. 1995); *Amini*, 300 F.R.D. at 410.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**B.      Databricks Is Not Relevant to This Dispute About the Process Mining Market.**

Celonis's First Amended Complaint identifies the participants in the SAP Process Mining Market as Celonis, Signavio, Software AG, and UiPath.  Databricks is not on that list, does not offer a process mining product, and is not alleged to have engaged in any of the conduct at issue. The specific data-access mechanisms on which Celonis's claims depend—SAP's "Clean Core" policy, SAP Note 3255746, and the alleged channeling of customers into SAP Datasphere—do not involve Databricks or its products.  *See* FAC ¶¶ 232–44, 336–37.

The deposition topics nevertheless probe Databricks' data and AI products, its strategic responses to SAP's broader ERP practices, and the terms of a commercial agreement that has nothing to do with process mining.  Newby Decl. Ex. B.  Topic 2 seeks testimony about evaluation and comparisons of Databricks' products with SAP products, even though Celonis does not allege Databricks is a market participant in the process mining market.  Topics 4 and 5 appear to relate to Celonis's claims of illegal bundling and predatory pricing, which allege that SAP bundles its Signavio process mining software that competes with Celonis within SAP RISE.  Dkt. 129 at 3–4. These topics bear no relevance to the ERP market claim.  Nor can they be relevant to the process mining market claim, in which Databricks does not compete.  Topic 7 is particularly far afield: that agreement post-dates and is unconnected to the Clean Core, Note 3255746, and Datasphere conduct on which Celonis's claims depend.  *See, e.g.*, FAC ¶¶ 19–20, 225–29, 234, 241–48.  To the extent Databricks' testimony on these topics bears any relevance on Celonis's monopolization claims, it is too tangential to justify burdening a non-party with the tasks of preparing a representative witness to sit for a deposition.  *Compaq*, 163 F.R.D. at 335–36; *Amini*, 300 F.R.D. at 410.

**C.      The Deposition Topics Are Cumulative of Databricks' Document Production.**

The deposition topics also mirror document requests in Celonis's January 12, 2026 document subpoena.  Celonis itself confirmed as much, identifying Document Request Nos. 3, 4, 5, 6, 12, and 17 as the requests on which it would seek further discovery and then incorporating those same subjects into Topics 1 through 6 of the Rule 30(b)(6) notice served the same day. Newby Decl. ¶¶ 6–7, Exs. B, C.  Topic 7 likewise overlaps with the document requests concerning the January 5, 2025 partnership agreement and Databricks' pre-partnership ability to access SAP

FENWICK & WEST LLP
ATTORNEYS AT LAW

data. Databricks has produced responsive, non-privileged documents in its custody on these subjects. Newby Decl. ¶ 3. Compelling a corporate designee deposition that retraces the same ground—against a non-party with limited involvement in the underlying dispute—is precisely the cumulative discovery forbidden by Rule 26(b)(2)(C)(i).

Courts in this District and elsewhere routinely quash Rule 30(b)(6) deposition subpoenas served on non-parties where the topics retread prior document discovery. *See Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1218 (N.D. Cal. 2015) (quashing non-party deposition subpoena after non-party produced responsive records, finding further testimony "duplicative and unnecessarily burdensome"); *Versata Software, Inc. v. Internet Brands, Inc.*, No. 11-mc-50844, 2011 WL 4905665, at *2 (E.D. Mich. Oct. 14, 2011) (quashing Rule 30(b)(6) deposition of non-party as "unreasonably cumulative, duplicative, and overly burdensome" in light of prior document production). The Court should do the same here.

### D.    The Burden on Databricks Substantially Outweighs Any Benefit to Celonis.

The burden of compelled testimony falls especially heavily on a non-party that has no stake in the outcome. Preparing a Rule 30(b)(6) corporate designee on seven broadly worded topics would require Databricks to identify witnesses, gather years of internal materials concerning corporate strategy, technical product capabilities, and confidential commercial negotiations with SAP, and then educate those witnesses to testify on the company's behalf. Much of that information is competitively sensitive commercial information of significant value to Databricks. *See* Fed. R. Civ. P. 45(d)(3)(B)(i) (court may quash subpoena requiring disclosure of "confidential research, development, or commercial information"). The Ninth Circuit has long recognized that non-parties "should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *C.B.S.*, 666 F.2d at 371–72. Yet that is precisely what Celonis demands. Celonis has not identified any specific issue on which Databricks' documents are inadequate, has not explained why SAP cannot supply the same information, and has not identified any unique knowledge held by Databricks that would justify compelling a non-party deposition. On the Rule 45 balance, the burden on Databricks substantially outweighs any marginal benefit to Celonis, and the deposition should be quashed.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Each of the seven deposition topics fails the Rule 26(b)(1) proportionality test:

Topic 1 (SAP's statements about Databricks' ability to interact with SAP ERP data):  SAP is the source of its own statements, license terms, and compliance policies.  As discussed above, Databricks' views on these unidentified statements are immaterial.  This topic is also duplicative of the documents Databricks produced showing Databricks' views on the commercial benefits of partnering with SAP.  Newby Decl. ¶ 3.

Topic 2 (Databricks' product comparisons to SAP products):  Celonis does not allege that Databricks is a rival of SAP that SAP has excluded from the ERP data access market.  Even if so, Databricks' internal comparisons of its own products to SAP's are commercially sensitive under Rule 45(d)(3)(B)(i) and would not show whether SAP excluded *Celonis* from the market.

Topic 3 (Databricks' strategic response to SAP's efforts limiting third-party solutions):  SAP's efforts, policies, practices, or representations must be developed through party discovery from SAP, and Databricks' strategic responses are confidential commercial information.  Fed. R. Civ. P. 45(d)(3)(B)(i).

Topic 4 (Databricks' strategy regarding SAP's bundling, including SAP RISE):  As discussed above, Celonis's bundling allegations concern SAP's Signavio process mining product, and Celonis has not identified Databricks as a participant in that market.  Evidence of SAP's bundling conduct lies with SAP, and the impact on a non-party that does not compete with Celonis is not relevant.  *C.B.S.*, 666 F.2d at 371–72.

Topic 5 (SAP recommendations to use Datasphere, BDC, or SAP RISE):  SAP is the source of its statements and recommendations about its own products, and Databricks' "understanding" adds nothing of value and burdens a non-party.

Topic 6 (Databricks' pre-partnership ability to access SAP data):  Databricks has produced documents sufficient to show its pre-partnership data-access capabilities.  Newby Decl. ¶ 3.  A deposition to retrace the same ground is cumulative under Rule 26(b)(2)(C)(i).  The access mechanics are in SAP's control.  FAC ¶¶ 232–44, 336–37.

Topic 7 (the January 5, 2025 Databricks–SAP agreement).  The agreement itself has been produced to Celonis.  Newby Decl. ¶ 5.  Its effect on customer data access turns on SAP's product

FENWICK & WEST LLP
ATTORNEYS AT LAW

roadmap and customer-facing terms, which falls to SAP to explain. This topic also seeks testimony on the agreement's effect on non-Databricks customers, which requires SAP's testimony. Databricks' internal analyses are confidential commercial information protected by Rule 45(d)(3)(B)(i), and Databricks has produced documents sufficient to describe its partnership with SAP and Databricks' views on the commercial benefits it would receive from the partnership. Newby Decl. ¶ 3.

## V.     CONCLUSION

For the foregoing reasons, Databricks respectfully requests that the Court quash the Rule 30(b)(6) deposition subpoena served on Databricks by Celonis on April 22, 2026.

Dated:   May 4, 2026                    FENWICK & WEST LLP


By: /s/ *Tyler G. Newby*
    Tyler G. Newby
    tnewby@fenwick.com
    Gregory P. Adams
    gadams@fenwick.com

    Attorneys for Non-Party
    Databricks, Inc.

FENWICK & WEST LLP
ATTORNEYS AT LAW

DATABRICKS, INC.'S MOTION TO QUASH SUBPOENA       10        Case No.: 3:25-CV-02519-VC-SK