# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
#### Northern District of California  ▼

| | |
|---|---|
| Celonis SE and Celonis, Inc. <br> _Plaintiff_ <br> v. <br> SAP SE and SAP America, Inc. <br> _Defendant_ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br><br> Civil Action No. 3:25-CV-02519-VC-SK |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:       Databricks, Inc., c/o United Agent Group, 1521 Concord Pike, Suite 201, Wilmington, DE 19803

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE APPENDIX 1.

| Place: Hogan Lovells US LLP, Columbia Square, 555 13th Street NW, Washington, DC 20004 or electronically to Celonis_USLitigation@hoganlovells.com | Date and Time: <br><br> 02/09/2026 at 5:00 p.m. ET |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       01/09/2026

|  CLERK OF COURT  |  |
|---|---|
| | OR |
| _____ <br> _Signature of Clerk or Deputy Clerk_ | /s/ Jennifer Fleury <br> _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiffs Celonis SE and Celonis, Inc.                                                    , who issues or requests this subpoena, are:

Jennifer Fleury, Hogan Lovells LLP, 555 13th Street NW, Washington, DC 20004; jennifer.fleury@hoganlovells.com; (202) 637-5600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Date Served: 1/12/2026
Time Served: 2:53
Server: SB       14954418

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:25-CV-02519-VC-SK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX 1

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Databricks, Inc. ("Databricks") is required to produce the following documents and things for inspection and copying by February 9, 2026, at Hogan Lovells, US, LLP, 555 13th Street NW, Washington, DC 20004, or electronically directly to our offices at Celonis_USLitigation@hoganlovells.com and celonis@fbm.com.

## INSTRUCTIONS

1.      The terms defined below and the individual Requests are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

2.      These instructions and definitions should be construed to require production based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and—unless privileged—attorneys. The following Requests do not seek information protected either by the attorney-client privilege or work product doctrine, or that was created or developed by counsel for the responding party.

3.      If you object to any part of a Request, set forth the basis for the objection with specificity and produce responsive Documents and things responsive to aspects of the Request to which you do not object.

4.      If you withhold (in whole or in part) any Document or thing on the basis of privilege or immunity, include in your response to the applicable Request the nature of the Document or thing so withheld, the subject matter thereof, the basis for any claim of privilege or immunity, and the name and address of any person having possession, control, or knowledge of the Document or thing withheld.

5.    If You withhold (in whole or in part) any Document, Communication, or thing on the basis of a confidentiality obligation that You claim to owe to a Third Party, You should include in Your response an identification of the scope of Documents, Communications, and things that are being withheld; a description of the nature of the asserted confidentiality obligation; and a representation of whether You have complied with any applicable procedures for alerting each Third Party to Your obligation to produce such Documents, Communications, and things in this Litigation.

6.    If You contend that a Request (or an instruction or definition thereto) contains any ambiguity, identify the ambiguity and the construction of the ambiguity in Your response to that Request.

7.    These Requests are continuing and require prompt supplemental productions and responses if You obtain further responsive information, Documents, or things between the time Your initial responses are served and the time of trial.

8.    The obligation to respond to these Requests is intended to be of a continuing nature, and You should supplement your responses and productions promptly upon obtaining or discovering additional responsive material.

9.    Unless stated otherwise, these Requests are subject to a time period of January 1, 2021, through the present.

## DEFINITIONS

1.    The term "Celonis" refers to Plaintiffs Celonis SE and Celonis, Inc.

2.    The term "Communication" means and refers to all forms of contact, whether oral, electronic, or written, formal or informal, direct or indirect, including any conversation, letter, memorandum, telephone call, facsimile, text message, instant message, social media message, or

e-mail, at any time or place, and under any circumstances whatsoever, whereby information of any nature was transmitted, transferred, or recorded.

3.      The term "Concerning" means regarding, constituting, relating to, referring to, and evidencing.

4.      The term "Data" means any numeric or alphanumeric compilation of information, whether structured or unstructured, and however stored (including but not limited to electronically stored information).

5.      The term "Document" means any written, printed, typed, recorded, or graphic matter—however produced, reproduced, or stored (including originals and all non-identical copies, whether different from the originals by reason of any notations made on such copies or otherwise)—in Your actual or constructive possession, custody, or control. This term includes, but is not limited to, contracts, letter agreements, e-mail, electronically stored information, records, correspondence, text messages, SMS messages, instant messages, social media posts, memoranda, calendars, calendar entries, handwritten notes, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, all web-based media, photographs, corporate minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, expense reports, computer printouts and other computer readable records, and all drafts or modifications thereof, and all non-identical copies of any such items. Draft versions of a Document shall be considered separate Documents and shall be produced if responsive to these Interrogatories. Where there is any question about whether a tangible item

otherwise described in these Interrogatories falls within the definition of "Documents," such tangible item shall be produced.

6.    The term "Litigation" means the above-captioned case.

7.    The term "Person" means both a natural person and any and all forms of incorporated or unincorporated entity.

8.    The terms "You," "Your," and "Databricks" refer to Databricks, Inc., located at 160 Spear Street, 15th Floor, San Francisco, CA 94105, and any of its affiliates, parents, subsidiaries, successors, and predecessors, as well as any directors, officers, employees, agents, consultants, representatives, attorneys, investigators, and any other person or entity, acting for or on behalf of, or under the authority and control of, any of them.

9.    The term "SAP" refers to Defendants SAP SE and SAP America, Inc., individually and collectively, as well as the affiliates, parents, subsidiaries, successors, and predecessors, as well as any directors, officers, employees, agents, consultants, representatives, attorneys, investigators, and any other person or entity, acting for or on behalf of, or under the authority and control of, any of them.

10.    The term "Signavio" refers to SAP's process mining product marketed by SAP as Signavio and SAP Signavio, and refers additionally to any SAP business unit and employee responsible for that product.

11.    "Third Party" means any Person other than parties to this lawsuit.

12.    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Interrogatory inclusive rather than exclusive. Any singular term includes the plural and the use of the plural includes the singular so as to make the Interrogatory broader and more inclusive. The term "any" includes "all" and vice versa. The team "each" includes

"every" and vice versa. The term "including" means "including without limitation."

13.    The present tense shall be construed to include the past and future tenses.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1.**

All Communications with SAP (including but not limited to the Signavio business unit) Concerning Your products or services, including all summaries of and references to such Communications.

**REQUEST NO. 2.**

All Documents and Communications Concerning any statement by SAP Concerning Your ability to use ODP APIs, and/or any fees, license requirements, compliance implications, risks, threats, or restrictions associated therewith.

**REQUEST NO. 3.**

All Documents and Communications Concerning any statement by SAP Concerning Your ability to interact with data in an SAP ERP system, and/or any fees, license requirements, compliance implications, risks, threats, or restrictions associated with Your provision of such products and services that rely on access to such ERP data.

**REQUEST NO. 4.**

All Documents and Communications evaluating or comparing any product or service You provide against a comparable product or service provided by SAP, limited to products and services that operate on or otherwise rely upon access to customer data in the SAP ERP system.

**REQUEST NO. 5.**

All Documents and Communications Concerning SAP's position regarding the ability of Your clients or customers to use third-party (non-SAP) solutions that interact with SAP's ERP

environment, including any effort, policy, practice, or statement by SAP that directly or indirectly discouraged, limited, or conditioned Your client's or customer's ability to use, integrate, or work with any non-SAP provider of downstream software or services, including but not limited to products and services that You offer.

**REQUEST NO. 6.**

All Documents and Communications regarding SAP's practice of bundling its own products and services into other software sales, including but not limited to its SAP RISE bundle, and the impact such bundling tactics would, will, or did have on your business.

**REQUEST NO. 7.**

All Documents and Communications regarding SAP's practice of discounting its own products and services (comparable to Your own or products and services) for free to Your customers, and the impact that this would, will, or did have on your ability to renew contracts with Your customers.

**REQUEST NO. 8.**

All Documents and Communications Concerning Your ability to support a client or customer migrating to SAP's S/4HANA cloud system (whether public or private) when the migrating customer sought or planned to seek services from third-party (non-SAP) providers.

**REQUEST NO. 9.**

All Documents and Communications concerning Your services and/or comparable services offered by SAP in the context of Your clients' or customers' actual, potential, or planned migration to S/4HANA.

**REQUEST NO. 10.**

All Documents and Communications Concerning SAP's market share or economic power in the ERP market, any ERP alternative to SAP for ERP offerings, and SAP's competition with other ERP providers (including your perception of SAP's offerings compared to such other ERP providers).

**REQUEST NO. 11.**

All Documents and Communications Concerning the ability of Your clients or customers to access or use their data housed in any SAP ERP system, including any SAP restriction on access to or use of their data in any SAP ERP system (including regarding SAP's "Clean Core" policy, indirect static read exception, full-use license requirements, and Note 3255746).

**REQUEST NO. 12.**

All Documents and Communications regarding any recommendation from SAP that Your clients or customers use Datasphere or SAP RISE in connection with any products or services You offer.

**REQUEST NO. 13.**

All Documents and Communications Concerning any representation by SAP regarding an "open ecosystem," including but not limited to claims that SAP supports interoperability, customer choice, or vendor neutrality in connection with its ERP products.

**REQUEST NO. 14.**

All Communications with SAP Chief Executive Officer Christian Klein, including but not limited to any Documents or Communications that Databricks CEO Ali Ghodsi may have received from or exchanged with Christian Klein.

**REQUEST NO. 15.**

All Documents and Communications Concerning any representation by SAP that use of Your products or services (or those of any third-party) would limit customers' access to its artificial intelligence (AI) technology in the ERP system.

**REQUEST NO. 16.**

All Documents and Communications Concerning the reasons why You elected to enter into Your partnership with SAP announced February 13, 2025.

**REQUEST NO. 17.**

Documents sufficient to reflect Your ability to access data on SAP's systems prior to Your partnership with SAP announced February 13, 2025.

**REQUEST NO. 18.**

Documents sufficient to reflect changes to Your ability to access data on SAP's systems after entering into Your partnership with SAP announced February 13, 2025.

**REQUEST NO. 19.**

All Documents and Communications related to any decision(s) by any clients or customers not to pursue the purchase of Your products or services as a result of any SAP policy, statement, or activity.

JAN 1 2 2026