Michael M. Maddigan (Bar No. 163450)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Jennifer Fleury (*pro hac vice)*
Justin W. Bernick (*pro hac vice)*
Anna Kurian Shaw (*pro hac vice*)
Lauren B. Cury (*pro hac vice*)
Celine J. Crowson (*pro hac vice*)
Christopher Fitzpatrick (*pro hac vice*)
HOGAN LOVELLS US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hoganlovells.com
justin.bernick@hoganlovells.com
anna.shaw@hoganlovells.com
lauren.cury@hoganlovells.com
celine.crowson@hoganlovells.com
chris.fitzpatrick@hoganlovells.com

Russell Tan (*pro hac vice*)
HOGAN LOVELLS US LLP
609 Main Street
Suite 4200
Houston, TX 77001
Telephone: (713) 632-1437
russell.tan@hoganlovells.com

Sarah Keller (*pro hac vice*)
HOGAN LOVELLS US LLP
8350 Broad Street
17th Floor
Tysons, VA 22102
Telephone: (703) 374-2300
sarah.w.keller@hoganlovells.com

Christopher C. Wheeler (Bar No. 224872)
Alexis J. Loeb (Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

*Attorneys for Plaintiffs Celonis SE and Celonis, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

CELONIS SE and Celonis, Inc.

Plaintiffs,

v.

SAP SE and SAP America, Inc.
Defendants.

**Case No.: 3:25-CV-02519-VC-SK**

**PLAINTIFFS' NOTICE AND MOTION TO COMPEL DATABRICKS, INC. TO PRODUCE DOCUMENTS IN COMPLIANCE WITH SUBPOENA DUCES TECUM**

**Date: June 8, 2026**
**Time: 9:30 AM**
**Judge: Honorable Sallie Kim**
**Courtroom: C, 15th Floor**

**REDACTED PUBLIC VERSION**

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on 6/8/2026 at 9:30 AM or as soon thereafter as the matter may be heard, before the Honorable Sallie Kim, Magistrate Judge of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Celonis SE and Celonis, Inc. (collectively "**Plaintiffs**" or "**Celonis**") will, and hereby do, move the Court for an Order under The motion is made and based upon this Notice of Motion and Motion to Compel Databricks, Inc. to Produce Documents in Compliance with Subpoena Duces Tecum and exhibits thereto, the complete files and records in this action, oral argument of counsel, and such other and further matters as the court may consider.

Dated: May 8, 2026

Respectfully submitted,

By: *__/s/ Jennifer Fleury__*

*Attorney for Plaintiffs Celonis SE and Celonis, Inc.*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .......... 1
II. FACTUAL BACKGROUND .......... 2
III. DOCUMENT REQUESTS AND OBJECTIONS .......... 4
IV. ARGUMENT .......... 8
  A. The Documents sought from Databricks are relevant to this litigation. .......... 9
  B. Producing The Documents Sought Would Not Subject Databricks To An Undue Burden .......... 9
    1. The Requests are not cumulative .......... 10
    2. Databricks has not asserted any valid privilege claim .......... 11
    3. Databricks has not asserted any valid confidentiality claim .......... 11
V. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Alpine Partners (BVI) L.P.*,
635 F. Supp. 3d 900 (N.D. Cal. 2022) ....................................................................10

*In re Ex Parte Application of Kleimar N.V.*,
220 F. Supp. 3d 517 (S.D.N.Y. 2016)......................................................................12

*Compaq Comput. Corp. v. Packard Bell Elecs., Inc.*,
163 F.R.D. 329 (N.D. Cal. 1995) ...........................................................................11

*Gonzalez v. Google, Inc.*,
234 F.R.D. 674 (N.D. Cal. 2006) ...........................................................................12

*Goro v. Flowers Foods, Inc.*,
334 F.R.D. (S.D. Cal. 2018).................................................................................8, 10

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978) ...................................................................................................9

*TQP Dev. LLC v. Alaska Air Grp., Inc.*,
No. 1:12-CV-3065-AT-JSA, 2012 WL 13128182 (N.D. Ga. Nov. 28, 2012).........................10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 .......................................................................................................1

Fed. R. Civ. P. 37(a)(1) .................................................................................................1

Fed. R. Civ. P. 45(e)(2) ...............................................................................................11

Databricks, *Databricks Announces Launch of SAP Databricks*,
https://www.databricks.com/company/newsroom/press-releases/databricks-announces-launch-sap-databricks (Feb. 13, 2026) ...............................................................................2

Local Civil Rule 37-1(a) ...............................................................................................1

Pursuant to Federal Rules of Civil Procedure 26, 37, and 45, Celonis SE and Celonis Inc. (collectively, "Celonis"), Plaintiffs in Celonis SE and Celonis, Inc., v. SAP SE and SAP America, Inc., No. 3:25-CV-02519-VC (N.D. Cal.) (the "Celonis v. SAP Litigation"), respectfully move for an order compelling Databricks, Inc. ("Databricks") to comply with Plaintiffs' subpoena duces tecum (the "Subpoena") in the Celonis v. SAP Litigation and produce documents relating to its business dealings with SAP SE and SAP America, Inc., (collectively, "SAP"), which are described in greater detail below. In accordance with Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37-1(a), counsel for Plaintiffs certifies that it has made a good-faith effort to meet and confer with counsel for Databricks regarding the matters set forth in this Motion to resolve the dispute without court intervention, but (as set forth below) Databricks ceased responding once Celonis stated its intent to file a motion to compel a response to its subpoena, and so counsel for Plaintiffs understands the Motion to be opposed.

## I. INTRODUCTION

This motion should not be necessary. More than three and a half months ago, Celonis served Databricks with a Rule 45 subpoena seeking documents about Databricks' business relationship with SAP; SAP's restrictions on third-party access to SAP ERP data; and Databricks' customers' ability to access their data using SAP Business Data Cloud. Those topics go to the heart of Celonis' allegations that SAP forces third-party vendors into a competition-reducing choice: partner with SAP and pay for the privilege, or risk exclusion from access to customer enterprise data. [redacted] *See* Tan Decl. ¶ 9, Ex. 5 [Klein Tr. 312:20-313:13]. After serving its subpoena on Databricks on January 12, 2026, Celonis met and conferred repeatedly with Databricks, and ultimately in a (one-sided) attempt to reach resolution, narrowed the subpoena from nineteen requests to six.

Databricks did not respond in kind. After months of delay and six meet-and-confers, Databricks has produced exactly five documents. One was public. Four were internal FAQs.

Databricks has not, despite numerous requests, identified any potential custodians or proposed search terms. *See* Tan Decl. ¶ 11. It has not provided hit counts, or any other concrete evidence of burden. *Id.* . It has also not appeared to conduct serious diligence into investigating any of Celonis' requests.

That is plainly not in compliance with Rule 45. Databricks is a central SAP partner in the very data-access ecosystem at issue in this case. Databricks is central to SAP's flagship, native, publicly endorsed pathway for being able to use and extract SAP data. SAP and Databricks have publicly announced a partnership that places Databricks inside SAP's Business Data Cloud (formerly Datasphere) – the very SAP-controlled data environment SAP now promotes as the permissible path for customers to use SAP enterprise data for analytics and AI.[1] This fact makes Databricks' documents of central relevance to this case.

Celonis has narrowed the subpoena to focus only on the most important evidence:[2] Databricks' internal analysis, negotiations, business reactions, customer-facing communications and guidance, and internal assessments of SAP's policies and technical requirements. Databricks' objections are unavailing, including its entirely unsupported burden argument and its "equally available from SAP" objection, which ignores that Celonis seeks Databrick's internal analyses, reactions, negotiations, customer guidance, and assessments. Celonis now files this motion to compel, asking this court to order Databricks to complete a real production.[3]

## II. FACTUAL BACKGROUND

---

[1] Databricks, *Databricks Announces Launch of SAP Databricks*, https://www.databricks.com/company/newsroom/press-releases/databricks-announces-launch-sap-databricks (Feb. 13, 2026).

[2] At various points in the meet and confer process, Celonis also volunteered to change the document requests to "sufficient to show" but Databricks did not take Celonis up on these offers. Tan Decl. ¶ 13.

[3] Celonis also served a 30(b)(6) deposition subpoena on Databricks, which is the subject of a separate Motion to Quash filed by Databricks (Dkt. 189), that Celonis is responding to separately.

Celonis pioneered process mining, a technology that uses enterprise data to help companies understand and improve how business tasks are performed. *See* Dkt. 112-3 ¶¶ 59, 61. This case is about SAP using its control over customer enterprise data to disadvantage and foreclose third-party vendors and protect SAP's own competing products, including by imposing access restrictions, technical limitations, license restrictions, and commercial consequences for customers and partners that use non-SAP solutions. *See* Dkt. 112-3. As part of its allegations, Celonis alleged that SAP used its market power to exclude third parties outright or employ its economic leverage to present them with a competition-reducing choice: partner with SAP and pay a tithe in the form of a revenue-sharing agreement, or be excluded from access to enterprise data and the ability to serve customers with AI (and other) innovations. *Id.* ¶ 352. This "partner-or-perish" tactic enhanced SAP's ability to lock in customers and reduce third-party competition. *Id.* ¶ 353.

Databricks is a third-party provider that partnered with SAP in order to obtain an SAP-endorsed path for customers to use SAP data with Databricks offerings, paying SAP for that privilege through a cut of its revenue. Databricks possesses unique, relevant information about its dealings with SAP both before and after its partnership. Celonis' subpoena to Databricks seeks documents related to SAP's self-preferencing of SAP offerings that compete with third-party offerings reliant on data housed in SAP's ERP, restrictions imposed by SAP, restrictions imposed on Databrick's customers, and recommendations from SAP that Databricks' customers use SAP offerings over others. *See* Tan Decl. ¶ 3, Ex. 1.

Three and a half months ago, on January 12, 2026, Celonis served a rule 45 subpoena for documents on Databricks. *Id.* ¶ 3, Ex. 1. After an initial meet and confer, Databricks served its Responses and Objections on February 9, 2026. *Id.* ¶ 5, Ex. 4. In subsequent communications with Databricks, Celonis ensured that the document production would not impose an undue burden by agreeing to narrow the scope of the Document Subpoena to just six document requests. *Id.* ¶¶ 6, 10, Ex. 6. The parties met and conferred a total of six times, ultimately resulting in a production of just five documents from Databricks on March 27, 2026, which consisted of one publicly available document and four internal FAQs. *Id.* ¶¶ 6, 7. On the last meet and confer on April 13, 2026, Databricks represented that it was at an impasse with Celonis and would not consider

producing any more documents. *Id.* ¶ 8. On April 22, 2026, Celonis sent a final email confirming its narrowed requests, confirming the position of impasse, and providing its intention to file the instant motion to compel. *Id.* ¶ 10, Ex. 6.

Celonis moves to compel documents from Databricks on the following document Requests, which are dramatically limited in scope from the original nineteen Requests served on January 12, 2026.

## III. DOCUMENT REQUESTS AND OBJECTIONS

**Request No. 3**: *All Documents and Communications Concerning any statement by SAP Concerning Your ability to interact with data in an SAP ERP system, and/or any fees, license requirements, compliance implications, risks, threats, or restrictions associated with Your provision of such products and services that rely on access to such ERP data.*

**Objection:** Databricks incorporates the Objections to Instructions and Definitions as if fully set forth herein. Databricks objects to this Request as unduly burdensome and not proportional to the needs of the case on the grounds that it seeks "all documents and communications" and documents about statements purportedly made by SAP that are equally available to Celonis from other sources that are more convenient, less burdensome and/or less expensive, including through party discovery of SAP. Databricks objects to this Request on the grounds that it seeks information that is subject to any contractual privacy or confidentiality obligation owed to SAP and potentially other third parties. Databricks objects to this Request to the extent it seeks information protected by the attorney-client privilege or work-product doctrine, or any other applicable privilege, immunity, or protection.

Based on the foregoing objections, Databricks will not produce documents in response to this request.

**Basis for Entitlement to Discovery:** Request No. 3 is relevant and proportional because it seeks Databricks' internal documents regarding its ability to use customer enterprise data housed in SAP's ERP and any related SAP fees, restrictions, or threats, particularly pre-partnership. Databricks has offered no particularized assessment of burden preventing compliance with this request.

**Request No. 4**: *All Documents and Communications evaluating or comparing any product or service You provide against a comparable product or service provided by SAP, limited to products and services that operate on or otherwise rely upon access to customer data in the SAP ERP system.*

**Objection:** Databricks incorporates the Objections to Instructions and Definitions as if fully set forth herein. Databricks objects to this Request as unduly burdensome and not proportional to the needs of the case on the grounds that it seeks documents that are equally available to Celonis from other sources that are more convenient, less burdensome and/or less expensive, including through party discovery of SAP. Databricks objects to this Request on the grounds that it seeks information that is subject to any contractual privacy or confidentiality obligation owed to SAP and potentially other third parties. Databricks objects to this Request to the extent it seeks information protected by the attorney-client privilege or work-product doctrine, or any other applicable privilege, immunity, or protection.

Databricks will meet and confer with Celonis about limiting the scope of this request to reduce the burden on Databricks and to address only information that has been determined to be relevant to a claim or defense in the case and proportional to the needs of the case.

**Basis for Entitlement to Discovery:** Request No. 4 is relevant and proportional because it seeks Databricks' internal evaluations and comparisons of Databricks' offerings against comparable SAP offerings that depend on access to SAP ERP data. Those documents are probative of SAP's leverage and competitive position, Databricks' understanding of SAP-controlled data access, and the commercial effect of SAP's policies on third-party vendors. Databricks has offered no particularized (or general) assessment of burden preventing compliance with this request.

**Request No. 5:** *All Documents and Communications Concerning SAP's position regarding the ability of Your clients or customers to use third-party (non-SAP) solutions that interact with SAP's ERP environment, including any effort, policy, practice, or statement by SAP that directly or indirectly discouraged, limited, or conditioned Your client's or customer's ability to use, integrate, or work with any non-SAP provider of downstream software or services, including but not limited to products and services that You offer.*

**Objection:** Databricks incorporates the Objections to Instructions and Definitions as if fully set forth herein. Databricks objects to this Request as unduly burdensome and not proportional to the needs of the case on the grounds that it seeks "all documents and communications" and documents about SAP's positions that are equally available to Celonis from other sources that are more convenient, less burdensome and/or less expensive, including through party discovery of SAP. Databricks objects to this Request on the grounds that it seeks information that is subject to any contractual privacy or confidentiality obligation owed to SAP and potentially other third parties. Databricks objects to this Request to the extent it seeks information protected by the attorney-client privilege or work-product doctrine, or any other applicable privilege, immunity, or protection.

Based on the foregoing objections, Databricks will not produce documents in response to this request.

**Basis for Entitlement to Discovery:** Request No. 5 is relevant and proportional because it seeks Databricks' internal documents concerning SAP's position on whether Databricks customers may use non-SAP solutions that rely on data housed within SAP's ERP. These documents bear directly on SAP's alleged efforts to discourage, limit, or condition customers' use of downstream non-SAP software and services. Databricks has offered no particularized (or general) assessment of burden preventing compliance with this request.

**Request No. 6**: *All Documents and Communications regarding SAP's practice of bundling its own products and services into other software sales, including but not limited to its SAP RISE bundle, and the impact such bundling tactics would, will, or did have on your business.*

**Objection:** Databricks incorporates the Objections to Instructions and Definitions as if fully set forth herein. Databricks objects to this Request as unduly burdensome and not proportional to the needs of the case on the grounds that it seeks "all documents and communications" about SAP's practices that are equally available to Celonis from other sources that are more convenient, less burdensome and/or less expensive, including through party discovery of SAP. Databricks objects to this Request on the grounds that it seeks information that is subject to any contractual privacy or confidentiality obligation owed to SAP and potentially other third parties. Databricks objects to

this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine, or any other applicable privilege, immunity, or protection.

Based on the foregoing objections, Databricks will not produce documents in response to this request.

**Basis for Entitlement to Discovery:** Request No. 6 is relevant and proportional because it seeks Databricks' internal documents concerning SAP's bundling practices and the impact of those practices on Databricks' business. Those documents are relevant to SAP's alleged use its leverage to favor SAP offerings and disadvantage competitors. Databricks has offered no particularized (or general) assessment of burden preventing compliance with this request.

**Request No. 12:** *All Documents and Communications regarding any recommendation from SAP that Your clients or customers use Datasphere or SAP RISE in connection with any products or services You offer.*

**Objection:** Databricks incorporates the Objections to Instructions and Definitions as if fully set forth herein. Databricks objects to this Request as unduly burdensome and not proportional to the needs of the case on the grounds that it seeks "all documents and communications" about communications by SAP that are equally available to Celonis from other sources that are more convenient, less burdensome and/or less expensive, including through party discovery of SAP. Databricks objects to this Request on the grounds that it seeks information that is subject to any contractual privacy or confidentiality obligation owed to SAP and potentially other third parties. Databricks objects to this Request to the extent it seeks information protected by the attorney-client privilege or work-product doctrine, or any other applicable privilege, immunity, or protection.

Based on the foregoing objections, Databricks will not produce documents in response to this request.

**Basis for Entitlement to Discovery:** Request No. 12 is relevant and proportional because it seeks Databricks' internal documents related to SAP's recommendations that Databricks clients use SAP's offerings Datasphere or SAP RISE in connection with Databricks' offerings. These documents are probative of whether SAP used its customer relationships and data-access position to steer customers towards SAP-controlled products or environments. Databricks has offered no

particularized (or general) assessment of burden preventing compliance with this request.

**<u>Request No. 17</u>**: *Documents sufficient to reflect Your ability to access data on SAP's systems prior to Your partnership with SAP announced February 13, 2025.*

**Objection:** Databricks incorporates the Objections to Instructions and Definitions as if fully set forth herein. Databricks objects to this Request as unduly burdensome and not proportional to the needs of the case on the grounds that it seeks documents that are equally available to Celonis from other sources that are more convenient, less burdensome and/or less expensive, including through party discovery of SAP. Databricks objects to this Request on the grounds that it seeks information that is subject to any contractual privacy or confidentiality obligation owed to SAP and potentially other third parties. Databricks objects to this Request to the extent it seeks information protected by the attorney-client privilege or work-product doctrine, or any other applicable privilege, immunity, or protection.

Databricks will meet and confer with Celonis about limiting the scope of this request to reduce the burden on Databricks and to address only information that has been determined to be relevant to a claim or defense in the case and proportional to the needs of the case.

**Basis for Entitlement to Discovery:** Request No. 17 is relevant and proportional because it seeks Databricks' internal documents related to Databrick's ability to access data on SAP's ERP prior to its partnership. The comparison between Databricks pre-partnership and post-partnership access is directly relevant to SAP's "partner-or-perish" approach. Databricks has offered no particularized (or general) assessment of burden preventing compliance with this request.

## IV. ARGUMENT

Rule 45 does not permit a subpoena recipient to avoid discovery by reciting boilerplate objections and refusing to specify or quantify burden. The narrowed requests are both relevant and proportional to this major antitrust case, and the Court should compel production of the requested documents unless Databricks can sustain its "burden to show discovery should not be allowed, and [Databricks] has the burden of clarifying, explaining, and supporting its objections.'" *Goro v. Flowers Foods, Inc.*, 334 F.R.D. at 283 (S.D. Cal. 2018) (citation omitted). Over the course of six meetings with Databricks, Databricks has done nothing to establish any burden or substantiate any

objections. Because Databricks' objections are without merit, this Court should grant Plaintiffs' Motion.

**A. The Documents sought from Databricks are relevant to this litigation**.

The documents sought by Celonis' requests are directly relevant to its claims. Relevance encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be [presented] in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Celonis Document Requests 3-6, 12, and 17 to Databricks seek documents that will demonstrate SAP's conduct and its attempts to monopolize adjacent markets through the use of false statements, technical limitations, threats, policies, and recommendations. Those requests also seek documents showing how SAP's exclusionary conduct toward Databricks changed when Databricks was in a partnership with SAP as compared to when it was not. Such documents are directly relevant to Celonis' "partner or perish" allegations.

Databricks has not made any outright relevance objections in any of the Responses or Objections to Celonis' Document Requests. *See* Tan Decl. ¶ 5, Ex. 4. And even SAP conceded the relevance of Databricks' documents when it withdrew its objection to a similar request Celonis served on SAP's RFP 20, which sought "Documents sufficient to show the terms of Your partnership arrangements with . . . and Databricks, including but not limited to contracts, term sheets, or related Communications. For avoidance of doubt, this Request includes Documents and Communications describing the Data extraction methods that . . . . and Databricks (or their customers) are using, permitted to use or otherwise not prohibited from using, including but not limited to ODP-RFC." *Id.* ¶ 4, Exs. 2, 3.

Because Celonis' requests seek plainly relevant documents—and because, as discussed below, Databricks' objections are meritless—this Court should compel Databricks' compliance with Celonis' subpoena.

**B. Producing The Documents Sought Would Not Subject Databricks To An Undue Burden**

Having established the relevance of the requested documents, Celonis is entitled to discovery from Databricks unless Databricks can establish undue burden. "Once the propounding

party establishes that the request seeks relevant information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 283 (S.D. Cal. 2018). Notably, however, at no point over six conferrals has Databricks identified any burden—it has provided no hit counts, custodians, cost estimates, or any specific burden related to producing documents in response to Celonis' narrowed requests. *See* Tan Decl. ¶¶ 6, 11. Instead, Databricks has made three objections, none of which has merit.

**1. The Requests are not cumulative**

First, Databricks argued in its Responses and Objections to Plaintiffs' document requests, as well as in its meet and confers, that the Requests were cumulative because Celonis can get the requested information from SAP. *See* Tan Decl. ¶ 5, Ex. 4. That is plainly wrong. Celonis is seeking Databricks' internal documents regarding its interactions with SAP. These would include unique internal discussions and analysis regarding SAP offerings, policies, and technical limitations that are discussed within Databricks.

It is certainly possible that responsive documents may include communications with SAP, as Databricks' business people discuss internal decisions and reactions in response to external communications with SAP. But that does not make such documents cumulative or burdensome. And in any event, third-party discovery that overlaps with party discovery is not necessarily cumulative. *In re Alpine Partners, (BVI) L.P.*, 635 F. Supp. 3d 900, 910 (N.D. Cal. 2022) ("overlap warrants narrowing the scope of the Subpoenas, not denying the application in its entirety"). Indeed, "the discovery rules permit a party to request overlapping discovery from different sources, to ensure that the discovery it obtains is complete as possible." *TQP Dev. LLC v. Alaska Air Grp., Inc.*, No. 1:12-CV-3065-AT-JSA, 2012 WL 13128182, at *5 (N.D. Ga. Nov. 28, 2012) ("[T]he fact that this reasonably limited request overlaps with discovery that U.S. Airways could seek from TQP is not itself a ground to sustain the objection.").

The issues at stake in this litigation are significant. Given that 60% of Celonis' business relies on SAP's ERP, SAP's continued monopolization of the process mining market is an existential threat, *see* Dkt. 112-3, ¶ 74, and any systematic "partner or perish" approach to third

party vendors significantly raises the costs of software development, which is passed down to end-user customers. *See* Dkt. 112-3, ¶ 353, Databricks has unique access to relevant documents which are important to proving Celonis' claims; the burden and expense of responding to the discovery requests does not outweigh their potential benefit. Indeed, Databricks has been unable to identify that burden in anything more than vague and conclusory terms. *See* Tan Decl. ¶ 11. These narrowed requests do not pose a disproportionate burden on Databricks.

### 2. Databricks has not asserted any valid privilege claim

Databricks' second asserted objection is that some of the requests may seek "information protected by the attorney-client privilege or work-product doctrine, or any other applicable privilege, immunity, or protection." *Id.* ¶ 5, Ex. 4. This boilerplate objection of privilege is inadequate. Under Rule 45, "[a] person withholding subpoenaed information under a claim that it is privileged . . . must" "expressly make the claim" and "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2). But Databricks has not asserted privilege with respect to any specific documents at issue, and has not produced a privilege log showing that it had to withhold any responsive documents on the grounds of privilege, as required by Rules 26 and 45. *See* Tan Decl. ¶ 12. Celonis, of course, is not seeking privileged documents, and has no objection to Databricks excluding such documents from its production, in compliance with Rule 45(e)(2). But Databricks' boilerplate objection that some of its responsive documents may contain privileged material is not a basis for non-compliance with Celonis' subpoena, and cannot defeat this motion to compel. *See Compaq Comput. Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995) ("general objections do not satisfy the requirements of Rule 45(e)(2)").

### 3. Databricks has not asserted any valid confidentiality claim

Third, Databricks' Responses and Objections complain that Celonis' subpoena "seeks information that is subject to any contractual privacy or confidentiality obligation owed to SAP and potentially other third parties." *See* Tan Decl. ¶ 5, Ex. 4. That is not a ground for non-compliance with Celonis' subpoena. The Court has already entered a rigorous protective order that explicitly

contemplates protection of third-party productions, as Celonis made clear to Databricks in its meet-and-confers. *See* Dkt. 187. Protective orders and confidentiality stipulations are favored by courts as an accommodation over quashing a subpoena. *In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d 517, 522 (S.D.N.Y. 2016); *see also Gonzalez v. Google, Inc.*, 234 F.R.D. 674, 687-88 (N.D. Cal. 2006) (allowing production of Google URLs under the protection of the protective order). Moreover, there are provisions under the protective order to notify SAP (and other parties) of documents produced in this litigation, and documents can be appropriately stamped as confidential under the same to keep business information from disclosure. Dkt. 187. Given the protective order, Databricks' asserted confidentiality concerns provide no basis to refuse discovery.

## V. CONCLUSION

For all the foregoing reasons, Celonis respectfully requests this Court order Databricks to produce non-privileged documents responsive to Request Nos. 3-6, 12, and 17 within 14 days, produce a privilege log for withheld documents within 21 days, and confer within 3 business days on custodians and search terms.

Dated: May 8, 2026

Respectfully submitted,

By: <u>*/s/ Jennifer Fleury*</u>
Jennifer Fleury (*pro hac vice)*
Justin W. Bernick (*pro hac vice)*
Anna Kurian Shaw (*pro hac vice*)
Lauren B. Cury (*pro hac vice*)
Celine J. Crowson (*pro hac vice*)
Christopher Fitzpatrick (*pro hac vice*)
HOGAN LOVELLS US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hoganlovells.com
justin.bernick@hoganlovells.com
anna.shaw@hoganlovells.com
lauren.cury@hoganlovells.com
celine.crowson@hoganlovells.com
chris.fitzpatrick@hoganlovells.com

Michael M. Maddigan (Bar No. 163450)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars

Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Russell Tan (*pro hac vice*)
HOGAN LOVELLS US LLP
609 Main Street
Suite 4200
Houston, TX 77001
Telephone: (713) 632-1437
russell.tan@hoganlovells.com

Sarah Keller (*pro hac vice*)
HOGAN LOVELLS US LLP
8350 Broad Street
17th Floor
Tysons, VA 22102
Telephone: (703) 374-2300
sarah.w.keller@hoganlovells.com

Christopher C. Wheeler (Bar No. 224872)
Alexis J. Loeb (Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

*Attorneys for Plaintiffs Celonis SE and Celonis, Inc.*