Michael M. Maddigan (Bar No. 163450)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Jennifer Fleury (*pro hac vice)*
Justin W. Bernick (*pro hac vice)*
Anna Kurian Shaw (*pro hac vice*)
Lauren B. Cury (*pro hac vice*)
Celine J. Crowson (*pro hac vice*)
Christopher Fitzpatrick (*pro hac vice*)
Jonathan A. Sussler (*pro hac vice*)
HOGAN LOVELLS US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hoganlovells.com
justin.bernick@hoganlovells.com
anna.shaw@hoganlovells.com
lauren.cury@hoganlovells.com
celine.crowson@hoganlovells.com
chris.fitzpatrick@hoganlovells.com
jonathan.sussler@hoganlovells.com

Russell Tan (*pro hac vice*)
HOGAN LOVELLS US LLP
609 Main Street
Suite 4200
Houston, TX 77001
Telephone: (713) 632-1437
russell.tan@hoganlovells.com

David A. Perlson (Bar No. 209502)
Gurtej Singh (Bar No. 286547)
Isabella J. Bosetti (Bar No. 358767)
Christine Pinnkathok (Bar No. 353430)
HOGAN LOVELLS US LLP
4 Embarcadero Ctr #3500
San Francisco, CA 94111
Telephone: (415) 374-2300
david.perlson@hoganlovells.com
tej.singh@hoganlovells.com
isabella.bosetti@hoganlovells.com
christine.pinnkathok@hoganlovells.com

Sarah Keller (*pro hac vice*)
HOGAN LOVELLS US LLP
8350 Broad Street
17th Floor
Tysons, VA 22102
Telephone: (703) 374-2300
sarah.w.keller@hoganlovells.com

Christopher C. Wheeler (Bar No. 224872)
Alexis J. Loeb (Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

*Attorneys for Plaintiffs Celonis SE and Celonis, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CELONIS SE and Celonis, Inc. <br><br> Plaintiffs, <br><br> v. <br><br> SAP SE and SAP America, Inc. <br> Defendants. | **Case No.: 3:25-CV-02519-VC-SK** <br><br> **PLAINTIFFS CELONIS SE AND CELONIS, INC.'S OPPOSITION TO DATABRICKS' MOTION TO QUASH PLAINTIFFS' RULE 30(b)(6) DEPOSITION SUBPOENA** <br><br> **Date: June 22, 2026** <br> **Time:  9:30 AM** <br> **Judge: Honorable Sallie Kim** <br> **Courtroom: C, 15th Floor** |

Plaintiffs Celonis SE and Celonis, Inc. (collectively, "Celonis"), hereby submit this opposition to Databricks, Inc.'s ("Databricks") Motion to Quash Subpoena ("Motion").

## I.    INTRODUCTION

The issue before the Court is simple – whether the information sought by Celonis in the 30(b)(6) deposition subpoena served upon Databricks is relevant to the claims or defenses of the parties in the above-captioned action (the "SAP Action") and is therefore discoverable. Databricks contends that Celonis' deposition subpoena seeks information that is not relevant and that the deposition subpoena is unduly burdensome for Databricks because the deposition topics "mirror Celonis's document subpoena, to which Databricks has already responded by producing documents describing its partnership agreement with SAP." Motion at 2, Dkt. No. 190. But the Federal Rules of Civil Procedure specifically contemplate and allow for subpoenas that seek both documents and testimony, and parties regularly seek both from non-party witnesses.

The deposition subpoena at issue seeks information that is plainly relevant to Celonis' claims. Celonis alleges in this case that SAP used its market power to exclude competitors either through onerous policies, technical limitations and false information, or through its "partner or perish" approach. Databricks is a third party currently in a partnership with SAP. Celonis' deposition subpoena seeks information about Databricks' analyses and assessments of the SAP policies at issue in the case, the business relationship between SAP and Databricks, and how Databricks' ability to access customer data stored on SAP's systems may have changed as a result of that relationship.

Because Celonis can readily establish the relevancy of the material sought from Databricks, the deposition subpoena should be enforced unless Databricks proves the requested deposition is unduly burdensome. The burden of proof for such a claim falls upon Databricks, who must show that it is unduly burdensome to put forth a witness or witnesses to testify regarding its contracts or internal analyses and assessments of SAP's policies. Databricks has yet to make any such showing.

## II.    FACTUAL BACKGROUND

As part of its claims, Celonis alleged that SAP used its market power to exclude third

1

parties outright or employ its economic leverage to present them with a competition-reducing choice: partner with SAP and pay a tithe in the form of a revenue-sharing agreement, or be excluded from access to enterprise data and the ability to serve customers with AI (and other) innovations. *See* First Am. Compl., Dkt. No. 111 ("FAC"), ¶ 352. This partner-or-perish tactic enhanced SAP's ability to lock in customers and reduce third-party competition. *Id*. ¶ 353. In order to prove its allegations, Celonis has sought documents and deposition testimony from third-party vendors that, like Celonis, had or currently have partnerships with SAP. Such information will provide evidence of potential self-preferencing of SAP's native or partnered offerings that compete with third-party offerings reliant on SAP's ERP, including any restrictions or policies imposed on third-parties by SAP to accomplish this goal, any such restrictions imposed on customers of the third party, evidence of SAP bundling its own offerings into software sales to the third party, or recommendations from SAP that third party customers use SAP offerings over others. Celonis is also seeking documents and deposition testimony regarding third-party access to data stored on SAP's systems before and after their respective partnership announcements as a means of comparing SAP's conduct in light of its systematic "partner or perish" approach.

Databricks is one such third-party that is currently partnered with SAP and possesses relevant information about its dealings with SAP both inside and outside a partnership. Three and a half months ago, on January 12, 2026, Celonis served a Rule 45 subpoena for documents on Databricks. Newby Decl., Ex. A., Dkt. No. 190-2. The parties met and conferred a total of six times, wherein Celonis reduced the scope of the subpoena significantly from nineteen to six requests, offered "go-get" productions for specific requests, proposed a more narrowed custodial collection, and suggested taking witness testimony in lieu of custodial collections. Tan Decl. ¶ 5. Throughout these conferrals, Databricks maintained that it intended to produce certain "business justification" documents regarding reasons for entering into its partnership with SAP and documents responsive to Celonis' other requests. *Id.* ¶ 6. However, Databricks' resulting production on March 27, 2026 was comprised of just five documents: one publicly available news article about the Databricks-SAP partnership and four internal FAQs. On the last April 13, 2026 conferral, Databricks represented that it was at an impasse with Celonis and would neither

2

produce any more documents, nor respond to a 30(b)(6) Deposition Notice. On April 22, 2026, Celonis served a 30(b)(6) deposition subpoena on Databricks and stated that it planned to file a motion to compel Databricks' response to its January 12, 2026 document subpoena as well. Rather than further conferring, Databricks instead filed this Motion.

**III.    ARGUMENT**

Databricks advances two main arguments as to why the deposition subpoena issued by Celonis should be quashed: (1) it seeks information equally available from a party to the case and not relevant to Databricks, and (2) it is unduly burdensome for Databricks to respond, particularly in light of Databricks' response to Celonis' document subpoena. These arguments are unsupported by both fact and law. Celonis' deposition subpoena contains requests for testimony that only Databricks can provide. Celonis' deposition subpoena also is not unduly burdensome as the subpoena is sufficiently clear and particular, and Databricks has given only a pretextual reason for why producing a witness to testify would be difficult or burdensome.

**A.    The Material Sought in Celonis' Deposition Subpoena is Relevant and Not Equally Available to a Party to the Case.**

Federal Rule of Evidence 401 states that evidence is relevant if it "has [the] tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Federal Rule of Civil Procedure 26 provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action…the parties' relative access to relevant information…the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

> Fed. R. Civ. P. 26(b)(1).

The scope of discovery under Rule 45 is the same as under Rule 26(b). *See* Fed. R. Civ. P. 45 advisory committee's note (1970); *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779

3

(9th Cir. 1994) (applying both Rule 26 and Rule 45 standards to rule on a motion to quash subpoena). With regard to subpoenas specifically, the Ninth Circuit has long held that once a plaintiff establishes the relevancy of the material sought, "the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome." *F.D.I.C. v. Garner*, 126 F.3d 1138, 1143 (9th Cir. 1997) (citation omitted).

The deposition subpoena served on Databricks seeks Databricks' testimony regarding Databricks' internal analyses and assessments of SAP's policies, Databricks' business relationship with SAP, and Databricks' ability to access customer data stored on SAP's systems, including how that access may have changed as a result of its business relationship with SAP. These topics seek information that demonstrates SAP's conduct and its attempts to monopolize adjacent markets through the use of false statements, technical limitations, threats, policies, recommendations, and how that conduct changed when SAP was in a partnership with Databricks as opposed to its conduct before the partnership. These deposition topics are directly relevant to Celonis' claim that SAP used its market power to exclude competitors either through onerous policies, technical limitations and false information, or through its "partner or perish" approach. Indeed, SAP itself conceded the relevance of its partnership arrangement with Databricks on January 26, 2026, agreeing to produce the relevant agreements and related documents and communications. Tan Decl. ¶ 4, Ex. 1.

Furthermore, the requested testimony is uniquely within Databricks' possession. While Databricks claims that "most of the deposition topics are framed around SAP," it conveniently omits that the topics are not designed to capture SAP's actions; they are designed to capture Databricks' assessments and analyses *in response to* SAP's actions. Celonis seeks Databricks' testimony regarding Databricks' internal communications and assessments of SAP's policies, Databricks' deliberations regarding the benefits of entering into partnership with SAP, what Databricks' considerations were in doing so, and its candid assessments of whether the partnership delivered what Databricks envisioned. Celonis cannot get that testimony from SAP. As such, Databricks' reliance on *Nidec Corporation v. Victor Corporation of Japan* and *Pegatron Technology Services, Inc. v. Zurich American Insurance Corporation* to show that third parties to

4

a lawsuit should not be burdened with discovery where the information sought is in the possession of a party defendant is misplaced. *See Nidec*, 249 F.R.D. 575, 577 (N.D. Cal. 2007); *see also Pegatron*, 377 F. Supp. 3d 1197, 1203 (D. Or. 2019). Databricks cannot argue that it should not be required to provide deposition testimony that is uniquely within its own possession. *See Bogard Constr., Inc. v. Oil Price Info. Serv., LLC*, 604 F. Supp. 3d 895, 903 (N.D. Cal. 2022) (compelling third-party respond to Rule 45 deposition subpoena and denying motion to quash same). And Databricks' own cases support finding relevance here. *See Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 337 (N.D. Cal. 1995) (denying motion to quash deposition subpoena seeking testimony on relevant topics). Databricks' argument that its testimony is "not relevant to this dispute about the process mining market" is a red herring because Databricks is, just like Celonis, another third-party vendor who relies on accessing its customers' data stored in SAP ERPs to provide its services.

> **B.**      **Databricks has Failed to Show that the Deposition Subpoena is Unduly Burdensome.**

Where a party "fails to enunciate how these subpoenas constitute a fishing expedition, courts refuse to hold that the subpoenas are overbroad or unduly burdensome absent a showing by…[Movant] of additional support for this position." *Khukhrov v. Nat'l Lab. Rels. Bd.*, No. MC 17-0064 SJO (SSX), 2017 WL 7806597, at *5 (C.D. Cal. June 27, 2017) (citation omitted). An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). In particular, courts must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Cuviello v. Feld Ent. Inc.*, No. 5:13-CV-03135-LHK, 2014 WL 12607811, at *1 (N.D. Cal. Nov. 14, 2014) (citation omitted).

Databricks asserts that Celonis' requests in the deposition subpoena are unduly burdensome without making any showing of burden. And its argument is entirely conclusory; Databricks has not included any information in its Motion as to why it would be burdensome to sit for a deposition. Instead, Databricks' only articulated basis for burden is that the "deposition

5

topics are cumulative of Databricks' document production." This is not undue burden. The Federal Rules of Civil Procedure expressly contemplate and allow for subpoenas that seek both documents and testimony. *See* Fed. R. Civ. P. 45(a)(1)(C). And parties regularly seek both testimony and documents from non-party witnesses in such antitrust actions. *See, e.g.*, *Nalco Co. v. Chem-Aqua, Inc.*, No. 14-MC-80183 RS (NC), 2014 WL 3420463, at *1 (N.D. Cal. July 10, 2014) (granting motion to compel production of both documents and deposition from non-party witness); *HID Glob. Corp. v. Vector Flow, Inc.*, No. 23-MC-80114-SVK, 2023 WL 4002722, at *2 (N.D. Cal. May 2, 2023) (seeking production of both documents and deposition from non-party witness).  Furthermore, Databricks' production, which came after three months of negotiations and multiple assurances that Databricks would produce documents responsive to Celonis' requests, was comprised of only five hand-picked documents: one news article publicly available on the internet about the Databricks-SAP partnership, and four internal FAQs discussing the same. It is unclear to Celonis how Databricks can argue undue burden when it has foregone conducting any kind of serious diligence or custodial collections investigating any of Celonis' requests.

To the extent the documents Databricks' produced should be credited, these five documents only loosely address part of one of Celonis' deposition topics at best: the effect of Databricks' January 5, 2025 partnership agreement on Databricks' and SAP's customers' access to their data stored in SAP ERP instances. These five documents provide no insight or information responsive to the rest of that topic, or anything responsive to the six other topics in Celonis' deposition subpoena. *See* Newby Decl., Ex. B, Dkt. No. 190-3. The issues at stake in this litigation are significant. Given that 60% of Celonis' business relies on SAP's ERP, SAP's continued monopolization of the process mining market can become an existential threat, FAC ¶ 74, and any systematic "partner or perish" approach to third party vendors significantly raises the costs of software development, which is passed down to end-user customers. Databricks has unique access to relevant documents and testimony which are important to proving Celonis' claims and the burden and expense of responding to the discovery requests does not outweigh their potential benefit. Indeed, Databricks has been unable to identify that burden in anything

6

more than vague and conclusory terms. These narrowed requests do not pose a disproportionate burden on Databricks.

Databricks' final confidentiality objection also falls flat. Setting aside that this is not a burden argument, Databricks also waited until the filing of its Motion to allege potential confidentiality concerns for the first time and in conclusory fashion. As Databricks is aware, a protective order exists in this case expressly allowing Databricks to designate produced materials confidential to prevent disclosing business information. Tan Decl. ¶ 8, Ex. 2. Protective orders and confidentiality stipulations are favored by courts as an accommodation over quashing a subpoena. *See Gonzales v. Google, Inc*., 234 F.R.D. 674, 686-87 (N.D. Cal. 2006) (granting motion to compel confidential business information where protective order and narrowing of requests "substantially mitigated" risk of disclosure); *Bogard Constr*., 604 F. Supp. 3d at 899 (production of data subject to protective order would not impair value or cause loss). Here, as Celonis represented to Databricks, the documents will be protected by a rigorous protective order that explicitly contemplates protection of third-party information, which should sufficiently address any supposed confidentiality concerns Databricks could have.

## IV.    CONCLUSION

For the foregoing reasons, Celonis respectfully requests that the Court deny Databricks' Motion to quash Celonis' deposition subpoena. Celonis has demonstrated that the information it seeks is relevant, and cannot be obtained from another party. By contrast, Databricks has not shown that the deposition subpoena is unduly burdensome. Celonis further requests the Court order Databricks to designate a 30(b)(6) witness on the seven topics in Celonis' deposition subpoena within twenty-one days of the Court's order, and order Databricks to meet and confer with Celonis regarding deposition scheduling within three business days of the Court's order.

Dated: May 18, 2026

Respectfully submitted,

By: */s/Jennifer Fleury*
Michael M. Maddigan (Bar No. 163450)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Jennifer Fleury (*pro hac vice)*
Justin W. Bernick (*pro hac vice)*
Anna Kurian Shaw (*pro hac vice*)
Lauren B. Cury (*pro hac vice*)
Celine J. Crowson (*pro hac vice*)
Christopher Fitzpatrick (*pro hac vice*)
Jonathan A. Sussler (*pro hac vice*)
HOGAN LOVELLS US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hoganlovells.com
justin.bernick@hoganlovells.com
anna.shaw@hoganlovells.com
lauren.cury@hoganlovells.com
celine.crowson@hoganlovells.com
chris.fitzpatrick@hoganlovells.com
jonathan.sussler@hoganlovells.com

Russell Tan (*pro hac vice*)
HOGAN LOVELLS US LLP
609 Main Street
Suite 4200
Houston, TX 77001
Telephone: (713) 632-1437
russell.tan@hoganlovells.com

David A. Perlson (Bar No. 209502)
Gurtej Singh (Bar No. 286547)
Isabella J. Bosetti (Bar No. 358767)
Christine Pinnkathok (Bar No. 353430)
HOGAN LOVELLS US LLP
4 Embarcadero Ctr #3500
San Francisco, CA 94111
Telephone: (415) 374-2300
david.perlson@hoganlovells.com
tej.singh@hoganlovells.com
isabella.bosetti@hoganlovells.com
christine.pinnkathok@hoganlovells.com

Sarah Keller (*pro hac vice*)
HOGAN LOVELLS US LLP

8

8350 Broad Street
17th Floor
Tysons, VA 22102
Telephone: (703) 374-2300
sarah.w.keller@hoganlovells.com

Christopher C. Wheeler (Bar No. 224872)
Alexis J. Loeb (Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

*Attorneys for Plaintiffs Celonis SE and Celonis, Inc.*

PLAINTIFFS CELONIS SE AND CELONIS, INC.'S OPPOSITION TO DATABRICKS' MOTION TO QUASH
PLAINTIFFS' RULE 30(b)(6) DEPOSITION SUBPOENA; CASE NO. 3:25-CV-02519-VC-SK