Michael M. Maddigan (Bar No. 163450)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Jennifer Fleury (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
Anna Kurian Shaw (*pro hac vice*)
Lauren B. Cury (*pro hac vice*)
Celine J. Crowson (*pro hac vice*)
Charles A. Loughlin (*pro hac vice*)
Christopher Fitzpatrick (*pro hac vice*)
Jonathan A. Sussler (*pro hac vice*)
Molly Pallman (*pro hac vice*)
HOGAN LOVELLS US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hoganlovells.com
justin.bernick@hoganlovells.com
anna.shaw@hoganlovells.com
celine.crowson@hoganlovells.com
chuck.loughlin@hoganlovells.com
lauren.cury@hoganlovells.com
chris.fitzpatrick@hoganlovells.com
jonathan.sussler@hoganlovells.com
molly.pallman@hoganlovells.com

Russell Tan (*pro hac vice*)
HOGAN LOVELLS US LLP
609 Main Street
Suite 4200
Houston, TX 77001
Telephone: (713) 632-1437
russell.tan@hoganlovells.com

David A. Perlson (Bar No. 209502)
Gurtej Singh (Bar No. 286547)
Isabella J. Bosetti (Bar No. 358767)
Christine Pinnkathok (Bar No. 353430)
HOGAN LOVELLS US LLP
4 Embarcadero Ctr #3500
San Francisco, CA 94111
Telephone: (415) 374-2300
david.perlson@hoganlovells.com
tej.singh@hoganlovells.com
isabella.bosetti@hoganlovells.com
christine.pinnkathok@hoganlovells.com

Sarah Keller (*pro hac vice*)
HOGAN LOVELLS US LLP
8350 Broad Street
17th Floor
Tysons, VA 22102
Telephone: (703) 374-2300
sarah.w.keller@hoganlovells.com

Christopher C. Wheeler (Bar No. 224872)
Alexis J. Loeb (Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

*Attorneys for Plaintiffs Celonis SE and Celonis, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CELONIS SE and CELONIS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SAP SE and SAP AMERICA, INC., <br><br> Defendants. | **Case No.: 3:25-CV-02519-VC-SK** <br><br> **JOINT LETTER BRIEF ON CELONIS' MOTION TO COMPEL** <br><br> **Date: May 22, 2026** <br> **Judge: Hon. Sallie Kim** <br> **Courtroom: 4, 17th Floor** |

## ATTESTATION IN SUPPORT

Pursuant to the Standing Order for Magistrate Judge Sallie Kim, undersigned counsel hereby attest that counsel for Plaintiffs Celonis SE and Celonis, Inc. ("Celonis") and Defendants SAP SE and SAP America, Inc. ("SAP") (collectively, the "Parties") have met and conferred by videoconference before filing the joint letter brief and complied with Section 9 of the Northern District's Guidelines for Professional Conduct Regarding Discovery. The Parties were unable to resolve the disputes and respectfully submit them to the Court.

Dated: May 22, 2026

JONES DAY

By: /s/ *David C. Kiernan*
    David C. Kiernan

David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Nathaniel Garrett (State Bar No. 248211)
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:    +1.415.626.3939
Facsimile:+1.415.875.5700

Tharan Gregory Lanier
(State Bar No. 138784)
tglanier@jonesday.com
Catherine T. Zeng
(State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone: +1.650.739.3939
Facsimile:+1.630.739.3900

*Attorneys for Defendants*
*SAP SE and SAP AMERICA, INC.*

ii

Dated: May 22, 2026

Respectfully submitted,

By: */s/ Jennifer Fleury*

Michael M. Maddigan (Bar No. 163450)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Jennifer Fleury (*pro hac vice)*
Justin W. Bernick (*pro hac vice)*
Anna Kurian Shaw (*pro hac vice*)
Lauren B. Cury (*pro hac vice*)
Celine J. Crowson (*pro hac vice*)
Charles A. Loughlin (*pro hac vice*)
Christopher Fitzpatrick (*pro hac vice*)
Jonathan A. Sussler (*pro hac vice*)
Molly Pallman (*pro hac vice*)
HOGAN LOVELLS US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hoganlovells.com
justin.bernick@hoganlovells.com
anna.shaw@hoganlovells.com
celine.crowson@hoganlovells.com
chuck.loughlin@hoganlovells.com
lauren.cury@hoganlovells.com
chris.fitzpatrick@hoganlovells.com
jonathan.sussler@hoganlovells.com
molly.pallman@hoganlovells.com

Russell Tan (*pro hac vice*)
HOGAN LOVELLS US LLP
609 Main Street
Suite 4200
Houston, TX 77001
Telephone: (713) 632-1437
russell.tan@hoganlovells.com

David A. Perlson (Bar No. 209502)
Gurtej Singh (Bar No. 286547)
Isabella J. Bosetti (Bar No. 358767)
Christine Pinnkathok (Bar No. 353430)
HOGAN LOVELLS US LLP
4 Embarcadero Ctr #3500
San Francisco, CA 94111
Telephone: (415) 374-2300
david.perlson@hoganlovells.com
tej.singh@hoganlovells.com

iii

isabella.bosetti@hoganlovells.com
christine.pinnkathok@hoganlovells.com

Sarah Keller (*pro hac vice*)
HOGAN LOVELLS US LLP
8350 Broad Street
17th Floor
Tysons, VA 22102
Telephone: (703) 374-2300
sarah.w.keller@hoganlovells.com

Christopher C. Wheeler (Bar No. 224872)
Alexis J. Loeb (Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

*Attorneys for Plaintiffs Celonis SE and Celonis, Inc.*

iv

## I.    NEUTRAL STATEMENT OF UNRESOLVED DISPUTE

Celonis respectfully requests that the Court compel SAP to produce documents pursuant to its Twentieth Request for Production. RFP 20 requests: "Documents sufficient to show the terms of Your partnership arrangements with Palantir . . . , including but not limited to contracts, term sheets, or related Communications. For avoidance of doubt, this Request includes Documents and Communications describing the Data extraction methods that Palantir . . . (or [its] customers) are using, permitted to use or otherwise not prohibited from using, including but not limited to ODP-RFC."

SAP initially refused to produce any responsive documents, asserting that RFP 20 sought materials "not relevant in any way to the claims or defenses at issue in this litigation." After the Parties conferred on January 23, 2026, however, SAP agreed to "drop the objection to producing documents in response to RFP 20." The Parties dispute whether SAP withdrew all its objections. Celonis requested that SAP produce the agreed upon documents by February 6, 2026, explaining that RFP 20 was "limited and targeted" and "essentially amount[ed] to two discrete documents." SAP has produced a Memorandum of Understanding between SAP and Palantir as well as an agreement between SAP and Databricks in response to RFP 20.

With respect to Palantir, Celonis contends that SAP has not satisfied its discovery obligations by producing only the Memorandum of Understanding. SAP contends that SAP has complied fully with RFP 20 as it has produced the agreement reflecting the terms of the partnership arrangement and because the Parties had previously agreed that production of the final agreement(s) with Palantir by February 6, 2026, would fully satisfy the request. Celonis disputes that the Parties agreed to limit SAP's production to a predetermined number of documents and contends that SAP waived any objection to RFP 20.

On May 19, 2026, SAP informed Celonis that more recently "SAP and Palantir have entered into other agreements." SAP agreed to produce the additional agreements it signed with Palantir since February 6, 2026, but has not agreed to reopen discovery on other material.

## II.    CELONIS' POSITION

***"Once they are collected and processed, we'll produce them."*** That is what SAP wrote to

1

avoid motions practice concerning RFP 20 four months ago. Now, as discovery draws to a close, SAP is attempting to renege on that promise and limit its RFP 20 productions to just a handful of documents. SAP should not be permitted to artificially limit its production to a few cherry-picked documents and withhold the remaining universe of responsive material. The Court should compel SAP to complete its production in response to RFP 20. In particular, SAP has not produced the final, binding terms of the agreement between SAP and Palantir, as it agreed to do, and SAP has completely avoided its obligation to produce critical information about the manner in which Palantir extracts data from SAP's ERP system.

### A.     SAP Dropped Any Objection to RFP 20.

As a threshold matter, SAP waived any objection to RFP 20. In January, SAP unequivocally stated that it ***"will drop the objection to producing documents in response to RFP 20."*** Celonis is not aware of any authority that would allow SAP to reassert the objections it knowingly relinquished. *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("[W]aiver is the intentional relinquishment or abandonment of a known right.") (citation modified); *M2 Software, Inc. v. M2 Commc'ns, L.L.C.*, 217 F.R.D. 499, 501 (C.D. Cal. 2003) (granting motion to compel and finding that a party "may not claim . . . that the requested documents are irrelevant or beyond the scope of the lawsuit" when it "already waived relevancy objections by responding to each request that it will produce the requested documents"). Indeed, SAP does not rely on its objections to oppose the motion to compel. *See infra* at Section III.B. That alone spells the end of SAP's opposition. *See, e.g.*, *MarketLinx, Inc. v. Indus. Access Inc.*, No. 12-cv-3496, 2013 WL 12133884, at *2 (C.D. Cal. Jan. 2, 2013) (objections asserted in discovery responses but not raised in briefing on a discovery motion are waived). The Court should accordingly find that SAP abandoned any objection to RFP 20.

More broadly, SAP's resistance to producing these concededly discoverable documents raises red flags about what it is attempting to conceal. One of the central issues in this action is whether SAP flexes its monopoly power to force third-party competitors into a Hobson's choice: partner with SAP (on terms favorable to SAP) or perish as a consequence of SAP's exclusionary campaign to choke off competing vendors in the enterprise data tech stack—all to the detriment of

2

consumers. *See* Am. Compl., Dkt. 112-3 ¶ 353. Palantir chose to partner with SAP. *See Palantir + SAP*, Palantir, https://www.palantir.com/partnerships/sap/ (last visited May 19, 2026). And SAP and Palantir recently announced an "expansion" of that partnership. *See SAP and Palantir Enhance Partnership with AI-Supported Data Migration Tooling*, SAP News Ctr. (May 12, 2026), https://news.sap.com/2026/05/sap-palantir-enhance-partnership-ai-supported-data-migration-tooling/. Information about this partnership is therefore relevant in at least three ways.

*First*, this evidence will allow Celonis to evaluate the access restrictions, technical limitations, and license restrictions levied on Palantir both before and after it partnered with SAP, which is centrally relevant to whether SAP applies different data-access standards to partners versus non-partner competitors (and, if so, to what degree).

*Second*, this evidence will permit Celonis to test any purported "procompetitive" justifications SAP may manufacture to excuse its monopolistic tactics. SAP suggests, for example, that granting customers the ability to extract their own data using Celonis somehow threatens the security or performance of its ERP ecosystem. *Cf.* Mot. To Dismiss Am. Compl., Dkt. 115 at 7. If SAP merely requires a cut of Palantir's revenue or other favorable commercial terms to assuage those concerns, that would demonstrate the pretextual nature of the explanations for SAP's anticompetitive designs.

*Third*, after Celonis filed a motion for a preliminary injunction, Dkt. 16, the Parties entered into a temporary stipulation whereby Celonis agreed not to employ ODP RFC extractors on SAP's systems so long as SAP did not allow "any other third party vendor or other third party process miner to extract data using ODP RFC," Dkt. 83 ¶ 5. The documents requested by RFP 20 also provide the crucial benefit of ensuring SAP's compliance with the Parties' stipulation and the vindication of Celonis' rights.

### B.    Responses to SAP's Position.

SAP's effort to suppress these documents runs headlong into both the "liberal policy of discovery under the Federal Rules and the truth-seeking function of such discovery," and its arguments to the contrary strain credulity. *Ross v. Santa Clara Cnty. Sheriff's Dep't*, No. 5:14-cv-

3

01770-EJD-HRL, 2015 WL 4511341, at *2 (N.D. Cal. July 23, 2015). SAP principally contends that the production of a single document fulfilled its obligations with respect to RFP 20 and the agreement reached by the Parties—despite confessing that this document does not represent the full breadth of its partnership with Palantir. That is wrong twice over.

*First*, RFP 20 seeks a targeted set of documents that reflect the scope, substance, and evolution of SAP's partnership with Palantir—that is why it is styled as requesting "documents sufficient to show." But producing the (now superseded) Memorandum of Understanding with Palantir cannot possibly fulfill SAP's obligations. SAP tacitly concedes this to be true by retreating to the productions it made in response to *other* document requests that touch on its relationship with Palantir, but none of those fulfill its obligations under RFP 20.

*Second*, SAP asks this Court to infer a sweeping forfeiture of the discovery sought by RFP 20 from an email exchange regarding prompt production of the most obvious responsive documents, related to a long dispute over their production. RFP 20 is not limited to those documents, that is not what Celonis agreed to in the correspondence, and that does not satisfy SAP's obligations under the Federal Rules. SAP agreed during the January 23, 2026, meet and confer that it would "drop" its objections to RFP 20 and confirmed as much in writing the following week. That is the only agreement the Parties struck. Celonis did not, contrary to SAP's assertion, subsequently narrow RFP 20 to a predetermined number of documents. Indeed, doing so would have made no sense. It would work against Celonis' own self-interest (as SAP had already agreed to withdraw its objections), and Celonis does not know—then or now—how many documents responsive to RFP 20 that SAP may possess (so there was no reason to set an arbitrary cap). SAP cannot now unilaterally modify the agreement the Parties negotiated. The Court's Standing Order does not permit Celonis to append the Parties' correspondence, but Celonis would welcome the opportunity to submit it should the Court find it helpful in resolving the instant dispute.

SAP's remaining arguments likewise betray the weakness of its position. The omission of Palantir-related phrases from the search terms list is a natural consequence of RFP 20's call for "go-get" documents on the same subject. Parties routinely satisfy such requests by identifying the relevant agreements, term sheets, contracts, and communications from business files.

4

JOINT LETTER BRIEF ON CELONIS' MOTION TO COMPEL; CASE NO. 3:25-CV-02519-VC-SK

At bottom, SAP voluntarily waived its objections to RFP 20 and confirmed that waiver in writing—it cannot now unilaterally narrow the scope of its production obligations. The documents at issue bear directly on a central question in this case, and SAP's last-ditch effort to limit its production finds no support in the Federal Rules, the Parties' agreement, or common sense. Celonis respectfully requests the Court compel SAP to produce documents sufficient to show the terms of its Palantir partnership arrangements, including the data-extraction methods Palantir or its customers use and are permitted to use, including ODP-RFC.

## III.   SAP'S POSITION

Celonis misrepresents to the Court the meet and confer and the agreement it struck with SAP to resolve the RFP nearly four months ago. Tellingly, since January 28 when the Parties reached an agreement in writing, Celonis has not raised RFP 20, not once. This motion is a transparent attempt to serve an additional RFP *after* the deadline in the scheduling order.  First, SAP has fully satisfied RFP 20, which asks for documents "sufficient to show *the terms of [SAP's] partnership arrangements with Palantir*…, including but not limited to contracts, term sheets, or related Communications."  To the extent there is any ambiguity as to the scope of the RFP, the Parties agreed *in writing* that RFP 20 seeks only the agreements between SAP and Palantir and Databricks, which Celonis referred to as "two discrete documents."  Until now, Celonis sought no other documents. And its subsequent conduct confirms this is the case. For example, when the Parties negotiated search terms for SAP's document productions, Celonis did not propose any terms designed to identify documents or communications related to the terms of the agreements between SAP and Palantir, extraction methods Palantir or its customers could use, or anything related to Palantir, precisely because such materials fell outside the scope of the Parties' agreement. Celonis' motion further confirms this: RFP 20 also requests documents sufficient to show the partnership arrangement with Databricks—yet Celonis concedes that SAP did not have to produce such documents. That omission underscores that RFP 20 was narrowed to the Palantir agreements. Second, SAP did not waive all objections to RFP 20. Celonis is taking an email sent in good faith completely out of context. SAP had asserted a number of objections to RFP 20, including relevance. During the meet and confer, the Parties discussed the relevance objection. Shortly after, SAP

5

withdrew its relevance objection and agreed to produce the agreements with Palantir.

SAP respectfully requests to submit the relevant emails cited by the Parties and oral argument with lead counsel should the Court find that useful.

### A.    SAP Has Fully Complied with RFP 20.

RFP 20 is extremely limited as written: it seeks only "*[d]ocuments sufficient to show the terms of Your partnership arrangements with Palantir*…, including but not limited to contracts, term sheets, or related Communications." Celonis attempts to expand RFP 20 to seek more by selectively quoting from the second sentence. That sentence starts with, "For avoidance of doubt," making clear that it is merely providing examples of what documents could be "sufficient to show the terms." SAP produced the agreement with Palantir (SAP_CEL_00171803) that "show[s] the terms of [SAP's] partnership arrangements with Palantir." The agreement also extensively addresses extraction as requested by RFP 20. In an effort to avoid this dispute, SAP has also agreed to produce additional contracts with Palantir that were agreed to after its February 6 production. Finally, as a result of being responsive to other RFPs, SAP has produced numerous communications with Palantir regarding the agreement and internal SAP discussions of its agreement with Palantir, including:    SAP_CEL_15467934,    SAP_CEL_15467936,    SAP_CEL_15466309, SAP_CEL_15466311,    SAP_CEL_11390157,    SAP_CEL_11390159,    SAP_CEL_11390065, SAP_CEL_11390067, and SAP_CEL_09832922. The production of these documents in conjunction with the final agreement and SAP's pledge to produce the new agreements signed in the last few months satisfy RFP 20 with respect to Palantir.

The Court need not parse the words, however. During the meet and confer, the Parties agreed that the RFP is limited to the agreements with Palantir. Remarkably, *despite the written record to the contrary*, Celonis mischaracterizes to the Court the scope of the Parties' agreements on RFP 20 following multiple meet and confers, including between lead counsel. Celonis directs the Court to a January 23 meet and confer, but neglects to mention the subsequent lead-counsel discussions that materially clarified and resolved the Parties' dispute regarding RFP 20, which included requests for documents relating to both Palantir and Databricks. On January 28, 2026, Celonis' lead counsel confirmed that Celonis would significantly narrow RFP 20 in exchange for

a production by February 6, 2026. Indeed, lead counsel for Celonis confirmed in writing that the "*limited and targeted nature of RFP 20*" would "*essentially amount to two discrete documents*." (emphasis added). Lead counsel said this because Celonis had agreed to limit the scope to just the agreements. To avoid any miscommunication, in response to this written confirmation, SAP's lead counsel responded and reiterated the Parties' joint understanding: "We are in the process of collecting, reviewing and *producing the agreements . . . . RFP [20] seemed to ask for more than the agreements. With your confirmation that you are only asking for the 'two discrete documents,' we'll have those produced by [February] 6th. Thank you for your confirmation.*" At no point did lead counsel for Celonis object to or correct this understanding that RFP 20 was limited to the two agreements. If lead counsel had a different understanding, she would have replied.

SAP, for its part, fulfilled its obligation and produced the agreements with Palantir and Databricks by February 6. Then, nearly four months later—and just days before the document production deadline—Celonis reversed course and adopted its present, expanded position. The Court should not permit Celonis to reopen an agreement reached in good faith between counsel. *See*, *e.g., Michael Zaccardo v. Horne Motors of Gilbert LLC, et al.*, 2026 WL 1392238, at *6 (D. Ariz. May 19, 2026) (refusing to "reopen agreements that were reached in good faith between counsel" regarding modifications to the scope of an RFP because a party is "bound by the discovery agreements his [] counsel reached").

Although the emails are clear, Celonis' conduct following its lead counsel's confirmation further supports SAP's understanding. Specifically, when the Parties negotiated and agreed to document search terms on January 28, 2026—the same day the Parties narrowed RFP 20—Palantir (and Databricks) were conspicuously absent. And for good reason. There would be no cause to search for additional materials related to Palantir when Celonis had narrowed its request to "two discrete documents." Celonis argues that it didn't suggest search terms because the RFP only requested "go-gets." Celonis, however, now seeks other related documents, which are exactly what search terms are designed to find. Moreover, the lack of a further request for Databricks documents reinforces this point. RFP 20, as originally drafted, also covered documents relating to Databricks.

7

Consistent with the Parties' narrowing agreement, SAP produced only its final agreement with Databricks—and Celonis does not move to compel any additional Databricks-related documents. Celonis' silence on this front is telling: it confirms that both Parties understood their agreement to require production of final agreements only, not the broader universe of documents and communications originally contemplated by RFP 20. Finally, since confirming its position on RFP 20 in January, Celonis has met and conferred with SAP on several other discovery matters. It did not raise any issues with SAP's compliance with RFP 20 in any of these subsequent discussions and brought its position to SAP for the first time on May 11.

### B.     SAP Did Not Waive All Objections to RFP 20.

The Court need not consider SAP's objections because SAP has fully complied with RFP 20 as written and pursuant to the written agreement between the Parties. Further, SAP does not rely on its relevance objection to oppose the motion to compel. However, it maintains privilege and burden objections. Celonis is not entitled to information protected by privilege or work product. Further, it would be burdensome at the close of discovery to require SAP to search for additional documents while it is defending and taking dozens of depositions. The time to have sought more documents has long since passed. Celonis' claim that SAP waived all objections misrepresents the record. SAP asserted several objections to RFP 20, including relevance, vague and ambiguous, and burden objections, and told Celonis that it would not produce *any* documents. During the meet and confer, Celonis confirmed that it was seeking only the agreements with Palantir and Databricks. Given that position, SAP withdrew the objection refusing to produce any documents. After the meet and confer, Celonis confirmed that it sought only "two discrete documents." But even if there was ambiguity and Celonis interpreted this exchange differently, the Court should not find that SAP waived all objections. *See, e.g., ThermoLife Int'l LLC v. NeoGenis Labs Inc.*, 2021 WL 1424408, at *5 (D. Ariz. Apr. 15, 2021) (refusing to find waiver of objections where one party had reasonably construed email exchanges as permitting deadline extensions, even though the opposing party interpreted those exchanges differently).

For the reasons stated above, Celonis' motion should be denied.

Dated: May 22, 2026                                    Respectfully submitted,


By: */s/ Jennifer Fleury*
Michael M. Maddigan (Bar No. 163450)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Jennifer Fleury (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
Anna Kurian Shaw (*pro hac vice*)
Lauren B. Cury (*pro hac vice*)
Celine J. Crowson (*pro hac vice*)
Charles A. Loughlin (*pro hac vice*)
Christopher Fitzpatrick (*pro hac vice*)
Jonathan A. Sussler (*pro hac vice*)
Molly Pallman (*pro hac vice*)
HOGAN LOVELLS US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hoganlovells.com
justin.bernick@hoganlovells.com
anna.shaw@hoganlovells.com
celine.crowson@hoganlovells.com
chuck.loughlin@hoganlovells.com
lauren.cury@hoganlovells.com
chris.fitzpatrick@hoganlovells.com
jonathan.sussler@hoganlovells.com
molly.pallman@hoganlovells.com

Russell Tan (*pro hac vice*)
HOGAN LOVELLS US LLP
609 Main Street
Suite 4200
Houston, TX 77001
Telephone: (713) 632-1437
russell.tan@hoganlovells.com

David A. Perlson (Bar No. 209502)
Gurtej Singh (Bar No. 286547)
Isabella J. Bosetti (Bar No. 358767)
Christine Pinnkathok (Bar No. 353430)
HOGAN LOVELLS US LLP
4 Embarcadero Ctr #3500
San Francisco, CA 94111
Telephone: (415) 374-2300
david.perlson@hoganlovells.com
tej.singh@hoganlovells.com
isabella.bosetti@hoganlovells.com

9

christine.pinnkathok@hoganlovells.com

Sarah Keller (*pro hac vice*)
HOGAN LOVELLS US LLP
8350 Broad Street
17th Floor
Tysons, VA 22102
Telephone: (703) 374-2300
sarah.w.keller@hoganlovells.com

Christopher C. Wheeler (Bar No. 224872)
Alexis J. Loeb (Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

*Attorneys for Plaintiffs Celonis SE and Celonis, Inc.*

JOINT LETTER BRIEF ON CELONIS' MOTION TO COMPEL; CASE NO. 3:25-CV-02519-VC-SK

Dated: May 22, 2026

JONES DAY

By: /s/ *David C. Kiernan*
     David C. Kiernan

     David C. Kiernan (State Bar No. 215335)
     dkiernan@jonesday.com
     Nathaniel Garrett (State Bar No. 248211)
     ngarrett@jonesday.com
     JONES DAY
     555 California Street, 26th Floor
     San Francisco, California 94104
     Telephone:       +1.415.626.3939
     Facsimile:+1.415.875.5700

     Tharan Gregory Lanier
     (State Bar No. 138784)
     tglanier@jonesday.com
     Catherine T. Zeng
     (State Bar No. 251231)
     czeng@jonesday.com
     JONES DAY
     1755 Embarcadero Road
     Palo Alto, California 94303
     Telephone: +1.650.739.3939
     Facsimile:+1.630.739.3900

     *Attorneys for Defendants*
     *SAP SE and SAP AMERICA, INC.*

JOINT LETTER BRIEF ON CELONIS' MOTION TO COMPEL; CASE NO. 3:25-CV-02519-VC-SK