UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELONIS SE, et al., | Case No.  25-cv-02519-VC   (SK) |
| Plaintiffs, | **ORDER REGARDING DATABRICKS, INC.'S MOTION TO QUASH AND PLAINTIFFS' MOTION TO COMPEL** |
| v. | |
| SAP SE, et al., | |
| Defendants. | Regarding Docket Nos. 190, 192 |

Third party Databricks, Inc. ("Databricks") moves to quash a subpoena for deposition issued to it by Plaintiffs Celonis SE and Celonis, Inc. ("Celonis") in this case.  (Dkt. No. 190.) Similarly, Celonis moves to compel Databricks to comply with a subpoena under Federal Rule of Civil Procedure 45 to produce documents.  The Court GRANTS Databricks' motion to quash the subpoena and DENIES Celonis' motion to compel.

Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena to a nonparty to testify, produce documents or things, or allow the inspection of premises.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  Rule 45 incorporates the scope of discovery dictated by Rule 26.  *Cabell v. Zorro Prods. Inc., et al.*, 2018 WL 3023343, at *2 (N.D. Cal. June 18, 2018) (citing *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2015)).  Accordingly, a party may subpoena "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  On a motion to compel discovery, the moving party must first demonstrate that the information requested is within the scope of permissible discovery.  *In re: Subpoena to Apple Inc.*, 2014 WL 2798863, at *2 (N.D. Cal. Jun 19, 2014).  The burden then shifts to the party opposing discovery to show "that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant

or privileged, or that the person seeking discovery fails to show need for the information. *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978)). The Ninth Circuit has recognized that "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of the litigation to which they are not a party." *United States v. C.B.S., Inc*., 666 F.2d 364, 371 (9th Cir. 1982). A court "must quash or modify a subpoena" that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Here, Celonis has not met its burden to show why it cannot obtain the discovery it seeks from SAP. Contrasted with Celonis' failure to explain its need for documents and deposition testimony from Databricks is the burden on Databricks. Here, Celonis seeks a deposition of the person most knowledgeable on seven topics at Databricks:

• Topic 1: Databricks' understanding of SAP's statements concerning Databricks' ability to access data in an SAP ERP system, and the impact on Databricks.

• Topic 2: Databricks' evaluation or comparison of Databricks products or services against comparable SAP products or services.

• Topic 3: Databricks' strategy and analysis in response to any SAP policy impacting customers' ability to use, integrate, or work with non-SAP solutions that interact with SAP's ERP environment.

• Topic 4: Databricks' strategy and analysis in response to SAP's practice of bundling its own products and services into other software sales, including the SAP RISE bundle.

• Topic 5: Databricks' understanding of any statement or recommendation from SAP that Databricks' clients or customers use Datasphere, Business Data Cloud, or SAP RISE in connection with Databricks' products or services.

• Topic 6: Databricks' ability to access data on SAP's systems prior to the Databricks–SAP partnership executed on January 5, 2025 and announced February 13, 2025.

• Topic 7: The January 5, 2025 agreement between Databricks and SAP; its effect on access to SAP ERP data by Databricks, joint customers of Databricks and SAP, and non-Databricks customers; and Databricks' internal analyses of the advantages and disadvantages of

the agreement.

The first six topics mirror the requests for documents in the separate subpoena for documents.  These topics are wide-ranging.  Some of these topics address issues or information that SAP can address.  Also, Celonis has not demonstrated why these topics are relevant or reasonably calculated to lead to relevant information.  It seems as if the information Celonis seeks is relevant only to a claim that SAP acts in an anti-competitive manner with other companies.  Even though Celonis rejects this characterization and attempted to explain the relevance in  the hearing on these motions, the undersigned is not convinced and therefore balances the burden to Databricks in complying with these subpoenas against the minimal relevance of the information sought.  For these reasons, the undersigned GRANTS Databricks' motion to quash and DENIES Celonis' motion to compel.

**IT IS SO ORDERED**.

Dated: June 23, 2026

_____

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

3