Michael M. Maddigan (Bar No. 163450)
HOGAN LOVELLS CADWALADER US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hlc.com

Jennifer Fleury (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
Anna Kurian Shaw (*pro hac vice*)
Lauren B. Cury (*pro hac vice*)
Celine J. Crowson (*pro hac vice*)
Christopher Fitzpatrick (*pro hac vice*)
Charles A. Loughlin (*pro hac vice*)
Josh Short (*pro hac vice*)
Molly Pallman (*pro hac vice*)
Jonathan Sussler (*pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hlc.com
justin.bernick@hlc.com
anna.shaw@hlc.com
lauren.cury@hlc.com
celine.crowson@hlc.com
chris.fitzpatrick@hlc.com
chuck.loughlin@hlc.com
josh.short@hlc.com
molly.pallman@hlc.com
jonathan.sussler@hlc.com

Russell Tan (*pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
609 Main Street
Suite 4200
Houston, TX 77001
Telephone: (713) 632-1437
russell.tan@hlc.com

Sarah Keller (*pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
8350 Broad Street
17th Floor
Tysons, VA 22102
Telephone: (703) 374-2300
sarah.w.keller@hlc.com

Christopher C. Wheeler (Bar No. 224872)
Alexis J. Loeb (Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

*Attorneys for Plaintiffs Celonis SE and Celonis, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CELONIS SE and CELONIS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> SAP SE and SAP AMERICA, INC., <br><br> *Defendants*. | **MOTION FOR CLARIFICATION OF SCOPE OF MINUTE ENTRY AND AMENDED CASE SCHEDULE ORDER, DKT. NOS. 268, 273** <br><br> **Case No. 3:25-cv-02519-VC** <br><br> Judge:  Hon. Vince Chhabria <br> Courtroom:   4, 17th Floor |

Plaintiffs respectfully request a narrow clarification of the Court's Amended Case Schedule, as ordered in Dkt. No. 273. *See Wahl v. Am. Sec. Ins. Co.*, No. 08-cv-0555-RS, 2010 WL 2867130, at *3 (N.D. Cal. July 20, 2010) ("A court may clarify its order for any reason."). The requested clarification concerns the ability to seek discovery into Defendants SAP SE and SAP America, Inc.'s (collectively, "SAP") newly announced policy governing data access (the "New Data Access Policy") permitted under that Order. This clarification is necessary to resolve a dispute SAP has raised over language it agreed to in the Amended Case Schedule: whether Plaintiffs are allowed to conduct discovery into the "***new allegations*** and claims" in the Second Amended Complaint, as expressly contemplated by the plain text negotiated by the parties and entered by this Court, or whether discovery will be limited strictly to the new trade secret claims, with no discovery into SAP's New Data Access Policy. Dkt. No. 273 at 2 n.2 (emphasis added).

The Second Amended Complaint added both trade secret claims, *see* Dkt. No. 277, ¶¶ 216–241, 485–501, and factual allegations concerning the New Data Access Policy. *See id.* ¶¶ 21, 373–90. Although SAP acceded to discovery on the trade secret allegations, it now seeks to avoid discovery into the New Data Access Policy allegations. Celonis respectfully requests that the Court clarify that the language in the Amended Case Schedule—which SAP agreed to—means exactly what it says: the Parties can take additional discovery necessary to "accommodate the ***new allegations*** and claims raised in the Second Amended Complaint," while not reopening discovery relating "solely to issues under the First Amended Complaint." Dkt. No. 273 at 2 n.2 (emphasis added).

The need for this limited clarification arose in the conferral process over the scope of discovery related to the Second Amended Complaint. The Amended Case Schedule instructs that neither side may propound discovery that "relate[s] solely to issues under the First Amended Complaint," and directed the Parties to "meet and confer" on the additional discovery required to "accommodate the new allegations and claims raised in the Second Amended Complaint." *Id.* Over the course of that conferral process, SAP insisted that Celonis' new allegations in the Second Amended Complaint concerning the New Data Access Policy relate "solely to issues under the First Amended Complaint." *Id.* On that basis, SAP has objected to any "additional interrogatories,

Motion for Clarification of Scope of Minute Entry and        2
Amended Case Schedule Order - Case No. 3:25-cv-
02519-VC

requests for production, and deposition hours to accommodate [those] new allegations[.]" *Id.*

But the New Data Access Policy did not exist when Celonis filed its First Amended Complaint. It was not until April 26, 2026, that the New Data Access Policy came into effect. And it was just five days later that Celonis moved for leave to file the Second Amended Complaint, Dkt. No. 188, adding allegations specific to the New Data Access Policy, Dkt. No. 277, ¶¶ 21, 373–90. As those allegations detail, this new policy represents a dramatic expansion of SAP's anticompetitive campaign—tightening SAP's control over customer data and granting SAP virtually unlimited authority to monitor, meter, restrict, throttle, and monetize data access in ways that systemically advantage its own downstream applications, exclude rivals, and entrench its monopoly power. *Id.* ¶¶ 21, 373–90. Alongside the trade secret claims, the New Data Access Policy evinces yet another layer of SAP's multi-tiered anticompetitive strategy against third-party technology providers, and Celonis in particular.

With the Second Amended Complaint now operative, SAP should not be permitted to shield the New Data Access Policy from scrutiny.[1] In its effort to do so, SAP now attaches itself to the Court's prior Minute Order allowing the Second Amended Complaint and providing that discovery "will be limited to the new trade secret claims," Dkt. No. 268, construing that order as a limitation on the discovery Celonis can seek even as to the newly added allegations in the Second Amended Complaint. While Celonis understands the Court to have rightly limited further discovery under the First Amended Complaint, Celonis does not believe it was the Court's intention to entirely foreclose Celonis from seeking discovery into new allegations included *only* in the Second Amended Complaint concerning a policy that goes to the heart of the issues in this case—and that was put into effect just five days prior. Indeed, after issuing the above-referenced Minute Order, the Court adopted and ordered the Amended Case Schedule—negotiated and stipulated to by SAP—that

---

[1] That concern is not hypothetical. During the pendency of Celonis' Motion for Leave, Dkt. No. 188, SAP categorically refused or obstructed attempts to get information on the New Data Access Policy immediately after it was announced: declining to supplement its document productions pursuant to Rule 26(e), improperly evading answering an interrogatory by claiming no such policy had been "initiated," and designating a wholly unprepared corporate representative who could not even testify as to whether Celonis' customers were subject to the Policy. With the Second Amended Complaint now operative, SAP should not be permitted to continue shielding its New Data Access Policy from scrutiny. Clarification by this Court is necessary to prevent SAP from continuing to invoke its unilateral interpretation of this Court's Orders to foreclose discovery into this Policy and to generate recurring collateral disputes.

Motion for Clarification of Scope of Minute Entry and
Amended Case Schedule Order - Case No. 3:25-cv-
02519-VC

3

unequivocally allows Celonis to take discovery not just on new claims "raised in the Second Amended Complaint," but also on "the new allegations" therein. Dkt. No. 273 at 2 n.2. Celonis understands that Amended Case Schedule to govern the scope of further discovery.[2]

Accordingly, Celonis respectfully requests clarification that the permissible discovery under the Second Amended Complaint includes discovery into the new allegations contained in that complaint regarding SAP's recently announced New Data Access Policy. With the Court's guidance on this limited issue, Celonis is confident that the Parties will be able to agree on reasonable parameters for future discovery without further burdening the Court on this topic.

Dated: July 16, 2026                                  Respectfully submitted,


By: /s/ Jennifer Fleury
    Jennifer Fleury (*pro hac vice*)
    Justin W. Bernick (*pro hac vice*)
    Anna Kurian Shaw (*pro hac vice*)
    Lauren B. Cury (*pro hac vice*)
    Celine J. Crowson *(pro hac vice)*
    Christopher Fitzpatrick (*pro hac vice*)
    Charles A. Loughlin (*pro hac vice*)
    Josh Short (*pro hac vice*)
    Molly Pallman (*pro hac vice*)
    Jonathan Sussler (*pro hac vice*)
    HOGAN LOVELLS CADWALADER US LLP
    555 13th Street NW
    Washington, DC 20004
    Telephone: (202) 637-5600
    jennifer.fleury@hlc.com
    justin.bernick@hlc.com
    anna.shaw@hlc.com
    lauren.cury@hlc.com
    celine.crowson@hlc.com
    chris.fitzpatrick@hlc.com
    chuck.loughlin@hlc.com
    josh.short@hlc.com
    molly.pallman@hlc.com
    jonathan.sussler@hlc.com

    Michael M. Maddigan (Bar No. 163450)

---

[2] Moreover, SAP was fully aware when it stipulated to the language in the Amended Case Schedule and agreed to submit it to the Court on June 26, 2026—after the Minute Order on which it now relies was entered—that the Second Amended Complaint asserted both new trade secret claims *and* new factual allegations concerning the New Data Access Policy. That very morning, the Parties met-and-conferred, and Plaintiffs were clear that they intended to seek discovery on the New Data Access Policy and insisted that the Amended Case Schedule encompass not only trade secret claims, but also new allegations, for that very reason. SAP agreed to that language after the conferral, and Celonis in turn compromised on other issues to reach agreement on a schedule.

Motion for Clarification of Scope of Minute Entry and     4
Amended Case Schedule Order - Case No. 3:25-cv-
02519-VC

HOGAN LOVELLS CADWALADER US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hlc.com

Russell Tan (*pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
609 Main Street
Suite 4200
Houston, TX 77001
Telephone: (713) 632-1437
russell.tan@hlc.com

Sarah Keller (*pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
8350 Broad Street
17th Floor
Tysons, VA 22102
Telephone: (703) 374-2300
sarah.w.keller@hlc.com

Christopher C. Wheeler (Bar No. 224872)
Alexis J. Loeb (Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

*Attorneys for Plaintiffs Celonis SE and Celonis, Inc.*