David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California  94104
Telephone:    +1.415.626.3939
Facsimile:    +1.415.875.5700

Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California  94303
Telephone:    +1.650.739.3939
Facsimile:    +1.650.739.3900

*Attorneys for Defendants*
*SAP SE and SAP AMERICA, INC.*

Ryan P. Phair (*pro hac vice*)
ryanphair@paulhastings.com
Michael F. Murray (*pro hac vice*)
michaelmurray@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone:    +1.202.551.1700
Facsimile:    +1.202.551.1705

Stephen J. McIntyre (State Bar No. 274481)
stephenmcintyre@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone:    +1.213.683.6000
Facsimile:    +1.213.627.0705

Kristin L. Cleveland (State Bar No. 184639)
kristin.cleveland@klarquist.com
John D. Vandenberg (*pro hac vice)
john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Telephone:    +1.503.595.5300
Facsimile:    +1.503.595.5301

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CELONIS SE and CELONIS, INC.,** | **Case No. 3:25-cv-02519-VC** |
| **Plaintiffs,** | **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT** |
| **v.** | |
| **SAP SE and SAP AMERICA, INC.,** | Judge:   Hon. Vince Chhabria |
| **Defendants.** | Courtroom:   4, 17th Floor |
| | **REDACTED PUBLIC VERSION** |

Defendants SAP SE and SAP AMERICA, INC. (collectively, "SAP"), support and encourage robust competition and regularly work with competitors and other third parties to best help mutual customers. SAP permitted Celonis to participate in SAP's SolEx program, through which Celonis reached many customers. Celonis chose to terminate its contractual relationship with SAP years ago. Since then, Celonis has grown and, according to its regular public reports, it has more customers than ever.

Celonis tells a different story in litigation, though, claiming that it faces a dangerous probability of being driven from the market and that it cannot compete with SAP. For instance, Celonis casts SAP's data extraction policies as a "Campaign of Anticompetitive Activity." But, Celonis' touted "Real-Time Extractor" utilizes database triggers comprising elements copied from SAP's extraction technology—including █████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ SAP could not allow Celonis' conduct to continue unmitigated.

Celonis' improper conduct does not stop there. █████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████      ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████   SAP cannot allow Celonis' conduct to continue, nor can Celonis credibly seek the relief it requests in the face of its own improper conduct.

Whatever story Celonis tells about itself (experiencing great success or teetering on the brink), one thing is clear—SAP is not responsible for Celonis' apparent struggles and it owes Celonis nothing.  In this Answer, SAP therefore responds specifically to Celonis' unfounded allegations.

### **ANSWER**

SAP by and through the undersigned counsel, hereby answers the Second Amended Complaint (Dkt. 277, "SAC") of Plaintiffs Celonis SE and Celonis, Inc. (collectively, "Celonis"), as follows:[1]

### **RESPONSE TO ALLEGATIONS REGARDING "NATURE OF ACTION"**

1.      SAP denies the allegations in Paragraph 1.

2.      SAP admits that ERP software is used to manage day-to-day business activities such as finance, accounting, and supply chain operations.  SAP further admits that Celonis sells process mining software to ERP software customers, including SAP customers.  SAP denies all remaining allegations in Paragraph 2.

3.      SAP denies the allegations in Paragraph 3.

4.      Paragraph 4 contains legal conclusions for which no response is required.  To the extent a response is required, the document "SAP's General Terms and Conditions for Cloud

---

[1] For ease of reference, and to facilitate review, SAP has incorporated into its Answer and Affirmative Defenses the headings used by Celonis in the SAC.  In doing so, however, SAP does not adopt, either expressly or by implication, the statements contained in those headings.

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

- 2 -

Services" speaks for itself, and, on that basis, SAP denies any allegations in Paragraph 4 inconsistent therewith and all remaining allegations.

5. SAP denies the allegations in Paragraph 5.

6. Paragraph 6 contains legal conclusions for which no response is required. To the extent a response is required, SAP admits that, during an Annual Financial Analyst Conference on May 21, 2025, SAP Executive Board member Muhammad Alam made the quoted statement but denies all remaining allegations in Paragraph 6.

7. Paragraph 7 contains legal conclusions for which no response is required. To the extent a response is required, SAP admits that Christian Klein made the quoted statement but denies all remaining allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 9.

10. SAP admits that it entered into an agreement with Teradata in February 2026 to settle a matter that was then pending in the Northern District of California and that the settlement amount was $480 million, but denies that the settlement is relevant or admissible as evidence of any liability by SAP. SAP further admits that it is currently engaged in litigation with o9 Solutions in the Northern District of Texas, but denies that this litigation is relevant or admissible as evidence of any liability by SAP. SAP denies all remaining allegations in Paragraph 10.

11. Paragraph 11 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 11.

12. Paragraph 12 contains legal conclusions for which no response is required. To the extent a response is required, SAP admits that Celonis joined SAP's Startup Focus program in 2012 but denies all remaining allegations in Paragraph 12.

13. Paragraph 13 contains legal conclusions for which no response is required. To the extent a response is required, the documents referenced in Paragraph 13 speak for themselves, and,

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

on that basis, SAP denies any allegations in Paragraph 13, including all subparagraphs, inconsistent therewith and denies all remaining allegations.

14.    Paragraph 14 contains legal conclusions for which no response is required.   To the extent a response is required, SAP lacks sufficient information to form a belief as to the truth or falsity regarding Celonis' costs of development and, on that basis, denies the allegations in Paragraph 14.

15.    SAP admits that Celonis' process mining software was certified for use with SAP systems and that, in 2015, SAP SE and Celonis GmbH entered into a Software License and Reseller Agreement that authorized SAP to market Celonis' software until 2021 when Celonis terminated the agreement.  SAP further admits that it has a Partner program but denies all remaining allegations in Paragraph 15.

16.    SAP lacks sufficient information to form a belief as to the truth or falsity regarding the allegations in Paragraph 16 and, on that basis, denies them.

17.    Paragraph 17 contains legal conclusions for which no response is required.   To the extent a response is required, the unidentified documents referenced in Paragraph 17 speak for themselves, and, on that basis, SAP denies any allegations in Paragraph 17 inconsistent therewith and all remaining allegations.

18.    Paragraph 18 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 18.

19.    Paragraph 19 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 19.

20.    Paragraph 20 contains legal conclusions for which no response is required.  To the extent a response is required, SAP admits that it issued Note 3255746.  SAP further states that Note 3255746 speaks for itself and, on that basis, denies any allegations in Paragraph 20 inconsistent therewith and all remaining allegations.

21.    SAP denies the allegations in Paragraph 21.  With respect to Figure 1 and the figure titled "New Data-Extraction Limitations," SAP admits that it issued Note 3255746, Note 3439624,

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

and an API Policy and admits the dates that they were published.  SAP further states that Note 3255746, Note 3439624, and the API Policy speak for themselves and, on that basis, denies any allegations in Paragraph 21 inconsistent therewith and denies all remaining allegations in Paragraph 21.

22.     Paragraph 22 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 22.

23.     SAP admits that it purchased Signavio in or around 2021.  SAP further admits that Cody McGuire ended his employment with SAP in or around March 2021 and returned to SAP in or around January 2022.  Paragraph 23 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 23.  SAP further lacks sufficient information to form a belief as to the truth or falsity of Mr. McGuire's "time at Celonis" and, on that basis, denies those allegations and all remaining allegations in Paragraph 23.

24.     Paragraph 24 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 24.

25.     Paragraph 25 contains legal conclusions for which no response is required.  To the extent a response is required, SAP admits that an initiative known as the "Honeymoon is over" was aimed at SAP customers that had signed contracts with SAP for Celonis products that encouraged them to purchase Signavio when their SAP contract expired, but SAP denies all remaining allegations in Paragraph 25.

26.     Paragraph 26 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 26.

27.     SAP lacks sufficient information to form a belief as to the truth or falsity of what any customer told Celonis and, on that basis, denies those allegations and all remaining allegations in Paragraph 27.

28.     Paragraph 28 contains legal conclusions for which no response is required.  Paragraph 28 also purports to quote or paraphrase language from an expert report and Ninth Circuit opinion in a separate litigation.  SAP denies that these documents are relevant to this litigation but

- 5 -

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

states that these documents speak for themselves and, on that basis, denies any allegations in Paragraph 28 inconsistent therewith.  SAP denies all remaining allegations in Paragraph 28, including all footnotes.

29.    Paragraph 29 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 29.

30.    Paragraph 30 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 30.

31.    Paragraph 31 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 31.

32.    Paragraph 32 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 32.

33.    Paragraph 33 contains legal conclusions for which no response is required.  To the extent a response is required, SAP admits that it markets Signavio globally, including in California; that Kevin Hansen is an SAP employee; and that Kevin Hansen currently is based in Los Angeles, California.  SAP denies all remaining allegations in Paragraph 33.

34.    Celonis does not include a Paragraph 34 in the Second Amended Complaint, so no response to Paragraph 34 is required.

35.    Paragraph 35 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 35.

36.    Paragraph 36 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 36.

37.    Paragraph 37 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 37.

38.    Paragraph 38 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 38.

39.    Paragraph 39 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 39.

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

40.     Paragraph 40 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 40.

41.     Paragraph 41 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 41.

42.     Paragraph 42 contains legal conclusions for which no response is required.  To the extent a response is required, SAP admits that it entered into a settlement agreement with Teradata for $480 million in February 2026, but denies that the settlement is relevant or admissible as evidence of any liability by SAP and denies all remaining allegations in Paragraph 42.

43.     Paragraph 43 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies that Celonis is entitled to any relief.

**RESPONSE TO ALLEGATIONS REGARDING "PARTIES"**

44.     SAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and, on that basis, denies them.

45.     SAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46.     SAP admits that Celonis provides processing mining software for use with SAP ERP systems but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 46 and, on that basis, denies them.

47.     SAP admits the allegations in Paragraph 47.

48.     SAP admits the allegations in Paragraph 48.

49.     SAP admits that SAP SE and SAP America are software companies that provide ERP applications and other products.  The remaining allegations in Paragraph 49 contain legal conclusions for which no response is required.  To the extent a response is required, SAP denies all remaining allegations in Paragraph 49.

**RESPONSE TO ALLEGATIONS REGARDING "JURISDICTION AND VENUE"**

50.     Paragraph 50 contains legal conclusions for which no response is required.  To the extent a response is required, SAP does not contest that Celonis purports to bring claims pursuant

to the Sherman Act and the Clayton Act but denies all remaining allegations in Paragraph 50.

51.    Paragraph 51 contains legal conclusions for which no response is required. To the extent a response is required, SAP does not contest that Celonis purports to bring claims pursuant to the Cartwright Act but denies all remaining allegations in Paragraph 51.

52.    Paragraph 52 contains legal conclusions for which no response is required. To the extent a response is required, SAP does not contest that Celonis purports to bring claims pursuant to the Lanham Act but denies all remaining allegations in Paragraph 52.

53.    Paragraph 53 contains legal conclusions for which no response is required. To the extent a response is required, SAP does not contest that Celonis purports to bring claims pursuant to the Defend Trade Secrets Act but denies all remaining allegations in Paragraph 53.

54.    Paragraph 54 contains legal conclusions for which no response is required. To the extent a response is required, SAP does not contest that Celonis purports to bring claims pursuant to the California Uniform Trade Secrets Act but denies all remaining allegations in Paragraph 54.

55.    Paragraph 55 contains legal conclusions for which no response is required. To the extent a response is required, SAP does not contest that Celonis purports to bring claims pursuant to California state and federal law but denies all remaining allegations in Paragraph 55.

56.    Paragraph 56 contains legal conclusions for which no response is required. To the extent a response is required, SAP does not contest that Celonis purports to bring claims pursuant to California state law but denies all remaining allegations in Paragraph 56.

57.    SAP does not contest personal jurisdiction over SAP America or SAP SE for the purposes of this action only. SAP denies all remaining allegations in Paragraph 57.

58.    SAP does not contest venue and thus, for the purposes of this lawsuit only, does not contest the allegations in Paragraph 58.

59.    SAP does not contest venue and thus, for the purposes of this lawsuit only, does not contest the allegations in Paragraph 59.

## RESPONSE TO "GENERAL ALLEGATIONS"

60.    SAP lacks sufficient information to form a belief as to the truth or falsity of the

allegations in Paragraph 60 and, on that basis, denies them.

61.    SAP admits that thousands of organizations around the world use process mining software but SAP lacks sufficient information to form a belief as to the truth or falsity the remaining allegations in Paragraph 61 and, on that basis, denies them.

62.    SAP admits that some business processes leave a digital footprint in transactional system event log data.  The remaining allegations in Paragraph 62 are not susceptible to being answered because of their ambiguity, and SAP denies them on that basis.

63.    SAP admits the allegations in Paragraph 63.

64.    The allegations in Paragraph 64 are not susceptible to being answered because of their ambiguity as the terms "replica," "digital twin," "as they really are," and "process" are not sufficiently defined and open to multiple interpretations, and SAP denies them on that basis.

65.    SAP admits the allegations in Paragraph 65.

66.    SAP admits the first two sentences in Paragraph 66.  SAP lacks sufficient information to form a belief as to the truth or falsity the remaining allegations in Paragraph 66 and, on that basis, denies them.

67.    SAP admits the allegations in Paragraph 67.

68.    SAP admits that some businesses do not know how their processes flow in reality, as compared to how the processes were intended to flow.  SAP admits the second sentence of Paragraph 68.  SAP denies all remaining allegations in Paragraph 68.

69.    The allegations in Paragraph 69 are not susceptible to being answered because of their ambiguity as the terms "connector," "systems," "inner workings," and "processes" are not sufficiently defined and open to multiple interpretations, and SAP denies them on that basis.

70.    SAP admits that processing mining works by extracting data from event logs in information systems and that it can help a business to visualize and analyze some business processes, but denies all remaining allegations in Paragraph 70.

71.    SAP denies that ERP systems only serve the needs of large-scale, complex customers and denies all remaining allegations in Paragraph 71.

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

72. SAP admits that ERP software can be used to run critical day-to-day business processes, including but not limited to HR, payroll, billing, and accounting and that many companies rely on ERP software for operational purposes. SAP denies all remaining allegations in Paragraph 72.

73. SAP denies the allegations in Paragraph 73.

74. The allegations in Paragraph 74 are not susceptible to being answered because of their ambiguity, and SAP denies them on that basis. Specifically, Plaintiffs do not define where or how data would be extracted from SAP or any other ERP provider or what license a customer may need to do so or define the term "generous extraction limit."

75. SAP lacks sufficient information as to the truth or falsity as to the allegations regarding the percentage of Celonis customers that have SAP ERP systems in Paragraph 75 and, on that basis, denies them. SAP denies that it only provides ERP software to large-scale, complex companies but admits that its ERP applications can be used to run day-to-day business processes. SAP denies all remaining allegations in Paragraph 75.

76. SAP lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 76 and, on that basis, denies them.

77. SAP admits that process mining relies on business data but denies all remaining allegations in Paragraph 77.

78. SAP denies the allegations in Paragraph 78.

79. SAP denies the allegations in Paragraph 79.

80. SAP lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 80 and, on that basis, denies them.

81. SAP lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 81 and, on that basis, denies them. Specifically, Plaintiffs do not sufficiently define the term "RFC ABAP."

82. SAP admits that, in 2015, SAP SE and Celonis GmbH entered into a Software License and Reseller Agreement that authorized SAP to market Celonis' software. SAP further

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

admits that it marketed "SAP Process Mining by Celonis." SAP states that Figure 2 speaks for itself and, on that basis, denies any allegations inconsistent therewith and all remaining allegations.

83. SAP admits that, in 2018, Celonis was recognized as a Top Growth SolEx Partner for SAP's Latin America region and that, in 2018, Celonis was a SAP Pinnacle Award Finalist – Solution Extension Partner of the Year but that another company was named the winner. SAP denies all remaining allegations in Paragraph 83.

84. SAP lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 84 and, on that basis, denies them.

85. SAP lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 85 and, on that basis, denies them.

86. SAP lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 86 and, on that basis, denies them.

87. SAP admits the allegations in Paragraph 87.

88. The allegations in Paragraph 88 are not susceptible to being answered because of their ambiguity as the terms "readily interchangeable," "earlier solutions," "other services," and "automation software" are not sufficiently defined and open to multiple interpretations, and SAP denies them on that basis.

89. The allegations in Paragraph 89 are not susceptible to being answered because of their ambiguity as the term "process mapping" as used in this paragraph is not sufficiently defined and open to multiple interpretations, and SAP denies them on that basis.

90. SAP admits the allegations in the first two sentences of Paragraph 90. SAP further admits that RPA can also be used in connection with process mining but denies all remaining allegations in Paragraph 90.

91. SAP admits the first two sentences in Paragraph 91 but denies all remaining allegations in Paragraph 91.

92. The allegations in Paragraph 92 contain legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 92.

93.    SAP lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 93 and, on that basis, denies them.

94.    SAP admits that ERP is a software application that can be used for finance, HR, manufacturing, supply chain sales, and procurement but denies that it is limited to those areas.  SAP also admits that ERP can provide organizations with a unified view of business activity.  SAP denies all remaining allegations in Paragraph 94.

95.    SAP admits that software that would eventually form the basis for modern ERP was first developed in the 1960s and was focused on manufacturing applications.  SAP denies all remaining allegations in Paragraph 95.

96.    SAP admits the allegations in Paragraph 96.

97.    SAP admits the allegations in Paragraph 97.

98.    The allegations in Paragraph 98 are not susceptible to being answered because of their ambiguity as the term "core business data" is not sufficiently defined and is open to multiple interpretations, and SAP denies them on that basis.

99.    The allegations in Paragraph 99 are not susceptible to being answered because of their ambiguity as the terms "integrated module solution," "business area," and "work together" are not sufficiently defined and open to multiple interpretations, and SAP denies them on that basis.

100.    SAP admits that ERP consists of different software applications and that companies can choose the different software applications that they want, including but not limited to logistics, procurement, and HR.  The remaining allegations in Paragraph 100 are not susceptible to being answered because of their ambiguity as the terms "scale," "core functionality," and "extensions" are not sufficiently defined and are open to multiple interpretations, and SAP denies them on that basis.

101.    SAP admits that modern ERP applications provide an enormous range of business functionality but denies all remaining allegations in Paragraph 101.

102.    SAP admits that some ERP applications can provide a unified view of information from different systems and that this can sometimes improve customer experience or facilitation

collaboration but denies all remaining allegations in Paragraph 102.

103.    SAP admits that APIs are a software interface that allows computers or computer software to communicate.  SAP denies that all ERP applications have the flexibility described in Paragraph 103 and denies all remaining allegations in Paragraph 103.

104.    SAP states that the content of SAP's website speaks for itself and, on that basis, denies any allegations in Paragraph 104 inconsistent therewith and all remaining allegations.

105.    The allegations in Paragraph 105 contain legal conclusions for which no response is required.  To the extent a response is required, SAP admits that ERP software can be essential for many critical business processes but denies all remaining allegations in Paragraph 105.

106.    SAP denies the allegations in Paragraph 106.

107.    The allegations in Paragraph 107 contain legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 107.

108.    SAP admits that R/2 was an early mainframe-based ERP software system but denies all remaining allegations in Paragraph 108.

109.    SAP admits that it introduced R/3 in the 1990s, which operated on client-servers but denies all remaining allegations in Paragraph 109.

110.    SAP admits that it offered its ECC ERP in an on-premise environment but denies all remaining allegations in Paragraph 110.

111.    SAP denies the allegations in Paragraph 111.

112.    SAP admits that it offers S/4HANA in a public cloud or private cloud environment, but denies any remaining allegations in Paragraph 112.

113.    SAP lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 113, and on that basis denies those allegations.  The remaining allegations in Paragraph 113 are not susceptible to being answered because of their ambiguity as the terms "own instance," "individual ERP system" "SAP systems or databases more broadly," "impact" and "touchpoint" are not sufficiently defined and open to multiple interpretations, and SAP denies them on that basis.

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

114.    SAP denies the allegations in Paragraph 114.

115.    SAP denies the allegations in Paragraph 115.

116.    SAP denies the allegations in Paragraph 116.

117.    SAP denies the allegations in Paragraph 117.

118.    SAP denies the allegations in Paragraph 118.

119.    SAP denies the allegations in Paragraph 119.

120.    SAP admits that S/4HANA software was designed to be completely integrated with HANA but denies all remaining allegations in Paragraph 120.

121.    SAP lacks sufficient knowledge or information to form a belief as to the allegations about Oracle in Paragraph 121, and on that basis denies them.  SAP denies all remaining allegations in Paragraph 121.

122.    SAP admits the licenses available for the HANA database include "runtime" and "full use" options among others.  The remaining allegations in Paragraph 122 contain legal conclusions for which no response is required.  To the extent a response is required, SAP states that the documents referenced in Paragraph 122 speak for themselves and, on that basis, denies any allegations in Paragraph 122 inconsistent therewith and all remaining allegations.

123.    SAP admits the first sentence of Paragraph 123.  SAP further admits that a "runtime" license is generally priced as a percentage of the value of the application supported by HANA, but denies all remaining allegations in Paragraph 123.

124.    SAP denies the allegations in Paragraph 124.

125.    SAP denies the allegations in Paragraph 125.

126.    SAP admits that a document on its website contains the statistics in Paragraph 126 b. through e. but denies all remaining allegations in Paragraph 126, including all subparagraphs.

127.    SAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 127, and on that basis denies them.  SAP denies all remaining allegations in Paragraph 127.

128.    SAP lacks knowledge or information sufficient to form a belief about the truth of

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

the allegations in Paragraph 128 and, on that basis, denies them.

129.   SAP denies the allegations in Paragraph 129.

130.   SAP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130 and, on that basis, denies them.

131.   Paragraph 131 contains legal conclusions for which no response is required.  To the extent a response is required, SAP admits that it markets Signavio globally including in California, that an arena in San Jose, California, is named the "SAP Center," and that the San Francisco 49ers have a training facility in Santa Clara named the "SAP Performance Facility."   SAP denies all remaining allegations in Paragraph 131.

132.   SAP admits that ███████████ is or has been an SAP customer but denies all remaining allegations in Paragraph 132.

133.   Paragraph 133 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 133.

134.   Paragraph 134 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 134.

135.   Paragraph 135 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 135.

136.   SAP denies the allegations in Paragraph 136.

137.   The allegations in Paragraph 137 are not susceptible to being answered because of their ambiguity as the terms "installed customer base" and "interspecies organ transplant," and "ERP application" are not sufficiently defined, and SAP denies them on that basis.

138.   SAP denies the allegations in Paragraph 138.

139.   The allegations in Paragraph 139 are not susceptible to being answered because of their ambiguity as the terms "large scale," "complex," and "ERP application" are not sufficiently defined and can have multiple meanings, and SAP denies them on that basis.

140.   The allegations in Paragraph 140, including all subparagraphs, are not susceptible to being answered because of their ambiguity as the many of the terms such as "ERP application,"

"SAP ecosystem," "longevity," and "datasets" are not sufficiently defined and can have multiple meanings, and SAP denies them on that basis.

141. SAP denies the allegations in Paragraph 141.

142. SAP denies the allegations in Paragraph 142.

143. SAP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, on that basis, denies them.

144. Paragraph 144 purports to quote a document without identifying that document. SAP, therefore, cannot form a belief as to the truth of the quoted allegation and, on that basis, denies it. SAP denies all remaining allegations in Paragraph 144.

145. SAP denies the allegations in Paragraph 145.

146. SAP denies the allegations in Paragraph 146.

147. SAP denies the allegations in Paragraph 147.

148. The allegations in Paragraph 148 are not susceptible to being answered because of their ambiguity as the many of the terms such as "ECC," "core applications," and "support" are not sufficiently defined and can have multiple meanings, and SAP denies them on that basis.

149. The allegations in Paragraph 149 are not susceptible to being answered because of their ambiguity as the term "ECC" is not sufficiently defined and can have multiple meanings, and SAP denies them on that basis.

150. The allegations in Paragraph 150 are not susceptible to being answered because of their ambiguity as the term "migration process" is not sufficiently defined and can have multiple meanings, and SAP denies them on that basis.

151. The allegations in Paragraph 151 are not susceptible to being answered because of their ambiguity as the terms "industry" and "industry sources" are not sufficiently defined and can have multiple meanings, and SAP denies them on that basis.

152. The allegations in Paragraph 152 are not susceptible to being answered because of their ambiguity as the terms "migration," "ECC," and "complexity" are not sufficiently defined and can have multiple meanings, and SAP denies them on that basis.

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

153. The allegations in Paragraph 153 are not susceptible to being answered because of their ambiguity as terms such as "features," and "pricing tiers" are not sufficiently defined and can have multiple meanings, and SAP denies them on that basis.

154. SAP denies the allegations in Paragraph 154.

155. SAP admits that Celonis joined its Startup Focus Program in 2012 and that HANA can be used with third-party applications, but denies all remaining allegations in Paragraph 155.

156. SAP admits that Celonis was an SAP SolEx partner and that SAP resold Celonis software in the form of SAP contracts but denies all remaining allegations in Paragraph 156.

157. Paragraph 157 purports to quote a document without identifying that document. SAP, therefore, cannot form a belief as to the truth of the quoted allegations and, on that basis, denies them.

158. SAP admits it marketed "SAP Process Mining by Celonis." SAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 158 and, on that basis, denies them.

159. SAP denies the allegations in Paragraph 159.

160. SAP denies the allegations in Paragraph 160.

161. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 and, on that basis, denies them.

162. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 and, on that basis, denies them.

163. SAP denies the allegations contained in Paragraph 163.

164. SAP admits that it purchased Signavio in or around 2021. SAP admits that Celonis terminated its partnership with SAP in 2021 following SAP's acquisition of Signavio. SAP denies all remaining allegations in Paragraph 164.

165. SAP admits that it acquired Signavio with the intent to offer Signavio's process mining solution as an SAP product. SAP denies all remaining allegations in Paragraph 165.

166. SAP states that its statements to the FCO in connection with the acquisition of

- 17 -

Signavio speak for themselves and, on that basis, denies any allegations in Paragraph 166 inconsistent therewith and all remaining allegations.

167.    The allegations in Paragraph 167 are not susceptible to being answered because of their ambiguity as the terms "acceptance" and "struggled" are not sufficiently defined and can have multiple meanings, and SAP denies them on that basis.

168.    SAP denies the allegations in Paragraph 168.

169.    SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations of what the customer said to Celonis contained in Paragraph 169 and, on that basis, denies them.

170.    SAP denies the allegations in Paragraph 170.

171.    SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 and, on that basis, denies them.

172.    SAP denies the allegations in Paragraph 172.

173.    SAP denies the allegations in Paragraph 173.

174.    SAP denies the allegations in Paragraph 174.

175.    SAP denies the allegations in Paragraph 175.

176.    Paragraph 176 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 176.

177.    SAP denies that it marketed Signavio for free or nearly free.  SAP admits that it offered a limited use trial edition to some SAP customers.  SAP further states that Figure 3 speaks for itself and, on that basis, denies any allegations in Paragraph 177 inconsistent therewith and all remaining allegations.

178.    SAP denies the allegations in Paragraph 178.

179.    SAP denies the allegations in Paragraph 179.

180.    SAP denies the allegations in Paragraph 180.

181.    SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations of what customers have told Celonis and, on that basis, denies them.  SAP denies

all remaining allegations in Paragraph 181.

182. SAP denies the allegations in Paragraph 182.

183. SAP denies the allegations in Paragraph 183.

184. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 and, on that basis, denies them.

185. SAP denies the allegations in Paragraph 185.

186. The allegations in Paragraph 186 are not susceptible to being answered because of their ambiguity as terms such as "open access," "permit," and "SAP ecosystems" are not sufficiently defined and can have multiple meanings, and SAP denies them on that basis.

187. SAP admits that Celonis has won the SAP HANA Innovation award in 2015. The remaining allegations in Paragraph 187 are not susceptible to being answered because of their ambiguity as the terms "integration" and "qualified" are not sufficiently defined and open to multiple interpretations, and SAP denies them on that basis.

188. The allegations in Paragraph 188 are not susceptible to being answered because of their ambiguity as terms such as "applications," "certain functions," "better" and "SAP ecosystem" are not sufficiently defined and open to multiple interpretations, and SAP denies them on that basis.

189. SAP denies the allegations in Paragraph 189.

190. SAP admits that competition does not undermine SAP. The remaining allegations Paragraph 190 are not susceptible to being answered because of their ambiguity as the terms such as "SAP ecosystem," "ancillary revenue" and "software infrastructure" are not sufficiently defined and open to multiple interpretations, and SAP denies them on that basis.

191. SAP denies the allegations in Paragraph 191.

192. SAP denies the allegations in Paragraph 192.

193. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations as to what Celonis customers have done contained in Paragraph 193 and, on that basis, denies them.

194. SAP denies that Paragraph 194 accurately states the requirements for "indirect static

read." SAP denies any remaining allegations in Paragraph 194.

195.    SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 and, on that basis, denies them.

196.    SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and, on that basis, denies them.

197.    SAP admits that certain Celonis extraction methods may not comply with a particular SAP customer's license and that SAP has an obligation to its customers to try to answer licensing questions based on its best understanding of the customer's situation.  SAP denies all remaining allegations in Paragraph 197.

198.    SAP admits that the SAP employee identified communicated with a ▮▮▮▮ entity but denies all remaining allegations in Paragraph 198.

199.    SAP denies the allegations in Paragraph 199.

200.    SAP denies the allegations in Paragraph 200.

201.    SAP denies the allegations in Paragraph 201.

202.    SAP denies the allegations in Paragraph 202.

203.    Paragraph 203 contains legal conclusions for which no response is required.  To the extent a response is required, SAP admits that certain Celonis extraction methods may not comply with a particular SAP customer's license and that SAP has an obligation to its customers to try to answer licensing questions based on its best understanding of the customer's situation.  With respect to Paragraph 203(a), SAP admits that the SAP employee identified in Paragraph 203(a) made the quoted statements but denies that these quotes include the entirety of the statements made in that email communication or with that customer.  SAP denies any remaining allegations in Paragraph 203(a).  With respect to Paragraph 203(d), SAP admits that the SAP employees identified made the quoted statements but notes that material portions of the quoted sentences are omitted from the quotes.  SAP further denies that the quotes include the entirety of the statements made in that email communication or with that customer.  SAP denies any remaining allegations in Paragraph 203(d).  SAP is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraphs 203(b), (c), (e)–(g) and, on that basis, denies them. SAP denies all remaining allegations in Paragraph 203.

204.    SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 and all subparagraphs and, on that basis, denies them.

205.    Paragraph 205 contains legal conclusions for which no response is required.  To the extent a response is required, SAP admits to sending Celonis a letter on February 5, 2024, where it expressed concern about some of Celonis' extraction methods that included the quoted statement. SAP denies all remaining allegations in Paragraph 205.

206.    SAP denies the allegations in Paragraph 206.

207.    SAP denies the allegations in Paragraph 207.

208.    SAP admits to promoting SAP Process Mining by Celonis during its partnership with Celonis.  SAP denies all remaining allegations in Paragraph 208.

209.    Paragraph 209 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 209.

210.    Paragraph 210 purports to quote or paraphrase language from a portion of SAP's website and Figure 7.  SAP states that these documents speak for themselves and, on that basis, denies any allegations in Paragraph 210 inconsistent therewith and all remaining allegations.

211.    SAP denies the allegations in Paragraph 211.

212.    SAP denies the allegations in Paragraph 212.

213.    SAP denies the allegations in Paragraph 213.

214.    SAP admits that the quote in Paragraph 214 appeared on an SAP entity website. SAP denies all remaining allegations in Paragraph 214.

215.    SAP denies the allegations in Paragraph 215.

216.    SAP denies the allegations in Paragraph 216.

217.    SAP admits that it purchased Signavio in or around 2021.  SAP further admits that Cody McGuire left his employment with SAP in or around March 2021, and that the term of his employment at SAP exceeded three years at the time of his departure in or around March 2021.

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

SAP denies all remaining allegations in Paragraph 217.

218.   SAP admits that Cody McGuire returned to SAP as an employee in or around January 2022.  SAP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218 relating to Mr. McGuire's employment with Celonis, and on that basis, denies them.  SAP denies all remaining allegations in Paragraph 218.

219.   SAP denies the allegations in Paragraph 219.

220.   Paragraph 220 purports to quote or paraphrase language from Exhibit 1, which speaks for itself, and, on that basis, SAP denies any allegations in Paragraph 220 inconsistent therewith.  SAP admits that as of February 9, 2022, Beau Zaremski's job title at SAP was Vice President | Business Process Intelligence but denies all remaining allegations in Paragraph 220.

221.   SAP denies the first two allegations in Paragraph 221.  SAP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in Paragraph 221 and, on that basis, denies it.

222.   Paragraph 222 purports to quote or paraphrase language from Exhibit 2, which speaks for itself, and, on that basis, SAP denies any allegations in Paragraph 222 inconsistent therewith.  SAP admits that as of February 8, 2022, Patrice Bessette's job title at SAP was Senior Account Executive, but denies all remaining allegations in Paragraph 222.

223.   SAP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223 and, on that basis, denies them.

224.   Paragraph 224 purports to quote or paraphrase language from Exhibit 3, which speaks for itself, and, on that basis, SAP denies any allegations in Paragraph 224 inconsistent therewith.

225.   Paragraph 225 purports to quote or paraphrase language from Exhibit 3, which speaks for itself, and, on that basis, SAP denies any allegations in Paragraph 225 inconsistent therewith.  SAP admits that as of February 7, 2022, Javeriah Farrukh's job title at SAP was Senior Account Executive, but denies all remaining allegations in Paragraph 225.

226.   SAP lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 226 and, on that basis, denies them.

227.    SAP denies the allegations in Paragraph 227.

228.    Paragraph 228 purports to quote or paraphrase language from Exhibit 4, which speaks for itself, and, on that basis, SAP denies any allegations in Paragraph 228 inconsistent therewith.  SAP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 228 and, on that basis, denies them.

229.    Paragraph 229 purports to quote or paraphrase language from Exhibit 4, which speaks for itself, and, on that basis, SAP denies any allegations in Paragraph 229 inconsistent therewith.  SAP admits that as of February 8, 2022, Kevin Hansen's job title at SAP was Business Transformation Management Specialist but denies all remaining allegations in Paragraph 229.

230.    SAP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 230 and, on that basis, denies them.

231.    SAP denies the allegations in Paragraph 231.

232.    Paragraph 232 purports to quote or paraphrase language from Exhibit 5, which speaks for itself, and, on that basis, SAP denies any allegations in Paragraph 232 inconsistent therewith.  SAP admits that as of January 20, 2022, Colleen Speer's job title at SAP was Senior Vice President Business Process Intelligence – North America.  SAP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 232 and, on that basis, denies them.

233.    Paragraph 233 purports to quote or paraphrase language from Exhibit 5, which speaks for itself, and, on that basis, SAP denies any allegations in Paragraph 233 inconsistent therewith.

234.    SAP denies the allegations in Paragraph 234.

235.    SAP denies the allegations in Paragraph 235.

236.    Paragraph 236 purports to quote or paraphrase language from Exhibit 6, which speaks for itself, and, on that basis, SAP denies any allegations in Paragraph 236 inconsistent therewith.  SAP lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 236 and, on that basis, denies them.

237. Paragraph 237 purports to quote or paraphrase language from Exhibit 6, which speaks for itself, and, on that basis, SAP denies any allegations in Paragraph 237 inconsistent therewith.

238. Paragraph 238 purports to quote or paraphrase language from Exhibit 6, which speaks for itself, and, on that basis, SAP denies any allegations in Paragraph 238 inconsistent therewith.

239. Paragraph 239 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 239. Paragraph 239 also purports to quote or paraphrase language from Exhibits 5 and 6, which speaks for themselves and, on that basis, SAP denies any allegations in Paragraph 239 inconsistent therewith. SAP further lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239 and, on that basis, denies them.

240. SAP denies the first allegation in Paragraph 240. Paragraph 240 also purports to quote or paraphrase language from Exhibit 6, which speaks for itself, and, on that basis, SAP denies any allegations in Paragraph 240 inconsistent therewith.

241. SAP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 241 and, on that basis, denies them.

242. SAP denies the allegations in Paragraph 242.

243. SAP denies the allegations in Paragraph 243.

244. SAP admits that Note 3255746 was updated to reflect that SAP does not permit the use of ODP for third-party applications but denies any remaining allegations in Paragraph 244.

245. SAP admits that Note 3255746 was updated to reflect that SAP does not permit the use of ODP for third-party applications but denies any remaining allegations in Paragraph 245.

246. The allegations in Paragraph 246 are not susceptible to being answered because of their ambiguity as the terms "Accounts Payable process," "RFC-based setup" versus "OData setup," and "typical use case" are not sufficiently defined and open to multiple interpretations, and

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

SAP denies them on that basis.

247.    SAP admits that it updated Note 3255746 to reflect the quoted language in Paragraph 247. The remaining allegations are so vague and ambiguous that SAP cannot reasonably formulate a response and, on that basis, denies them.

248.    SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 248 and, on that basis, denies them.

249.    SAP denies the allegations in Paragraph 249.

250.    SAP admits that it updated Note 3255746 to reflect the quoted language in Paragraph 250 and that Datasphere is an integrated SAP solution for data analysis. SAP further states that Note 3255746 speaks for itself and, on that basis, denies any allegations in Paragraph 250 inconsistent therewith and all remaining allegations.

251.    Paragraph 251 purports to quote a document without identifying that document. SAP, therefore, cannot form a belief as to the truth of the quoted allegation and, on that basis, denies it.

252.    SAP denies the allegations in Paragraph 252.

253.    SAP admits that it updated Note 3255746 to reflect the quoted language in Paragraph 253. SAP denies all remaining allegations in Paragraph 253.

254.    SAP denies the allegations in Paragraph 254.

255.    SAP states that Note 3255746 speaks for itself and, on that basis, denies any allegations in Paragraph 255 inconsistent therewith and all remaining allegations.

256.    SAP states that Note 3255746 speaks for itself and, on that basis, denies any allegations in Paragraph 256 inconsistent therewith. SAP admits it has "Clean Core" customer recommendations that relate to customer migration to cloud-based software solutions. SAP denies all remaining allegations in Paragraph 256.

257.    SAP admits it has "Clean Core" customer recommendations that relate to customer migration to cloud-based software solutions. SAP denies all remaining allegations in Paragraph 257.

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

258. Paragraph 258 purports to quote a document without identifying that document. SAP, therefore, cannot form a belief as to the truth of the quoted allegations and, on that basis, denies them. SAP denies all remaining allegations in Paragraph 258.

259. SAP denies the allegations in Paragraph 259.

260. SAP denies the allegations in Paragraph 260.

261. SAP denies the allegations in Paragraph 261.

262. SAP denies the allegations in Paragraph 262.

263. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "industry sources" have stated contained in Paragraph 263 and, on that basis, denies them. SAP denies all remaining allegations in Paragraph 263.

264. SAP denies the allegations in the first sentence of Paragraph 264. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 264 and, on that basis, denies them. SAP denies any remaining allegations in Paragraph 264.

265. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265 and, on that basis, denies them.

266. SAP denies the allegations in Paragraph 266.

267. SAP denies the allegations in Paragraph 267.

268. SAP denies the allegations in Paragraph 268.

269. SAP denies the allegations in Paragraph 269.

270. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 270 and, on that basis, denies them.

271. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 271 and, on that basis, denies them.

272. SAP denies the allegations in Paragraph 272.

273. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations as to what any customer has told Celonis contained in Paragraph 273 and, on that

basis, denies them.  SAP denies all remaining allegations in Paragraph 273.

274.   SAP denies the allegations in Paragraph 274.

275.   Paragraph 275 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 275.

276.   SAP denies the allegations in Paragraph 276.

277.   The allegations in Paragraph 277 are not susceptible to being answered because of their ambiguity as the term "migration" is not sufficiently defined and open to multiple interpretations, and SAP denies them on that basis.

278.   SAP denies the allegations in Paragraph 278.

279.   SAP denies the allegations in Paragraph 279.

280.   The allegations in Paragraph 280 are not susceptible to being answered because of their ambiguity as terms like "unpermitted method" and "issues" are not sufficiently defined and open to multiple interpretations, and SAP denies them on that basis.

281.   SAP admits that it offers Signavio.  SAP denies all remaining allegations Paragraph 281.

282.   SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Celonis' interactions with ██████ contained in Paragraph 282 and, on that basis, denies them.  SAP denies all remaining allegations in Paragraph 282.

283.   SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Celonis' interactions with ███ contained in Paragraph 283 and, on that basis, denies them.  SAP denies all remaining allegations in Paragraph 283.

284.   SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Celonis' interactions with █████ contained in Paragraph 284 and, on that basis, denies them.  SAP denies all remaining allegations in Paragraph 284.

285.   Paragraph 285 purports to quote a document without identifying that document.  SAP, therefore, cannot form a belief as to the truth of the quoted allegations and, on that basis, denies them.  SAP denies all remaining allegations in Paragraph 285.

286. Paragraph 286 purports to quote a document without identifying that document. SAP, therefore, cannot form a belief as to the truth of the quoted allegations and, on that basis, denies them. SAP denies all remaining allegations in Paragraph 286.

287. SAP denies the allegations in Paragraph 287.

288. SAP denies the allegations in Paragraph 288.

289. SAP is without knowledge or information sufficient to form a belief as to the truth regarding Celonis' interactions with its customers contained in Paragraph 289 and, on that basis, denies them. SAP denies all remaining allegations in Paragraph 289.

290. Paragraph 290 purports to paraphrase a document without identifying that document. SAP, therefore, cannot form a belief as to the truth of the quoted allegations and, on that basis, denies them. SAP denies all remaining allegations in Paragraph 290.

291. Paragraph 291 purports to paraphrase a document without identifying that document. SAP, therefore, cannot form a belief as to the truth of the quoted allegations and, on that basis, denies them. SAP admits that ███████ is a customer of SAP. SAP denies all remaining allegations in Paragraph 291.

292. Paragraph 292 purports to paraphrase a document without identifying that document. SAP, therefore, cannot form a belief as to the truth of the quoted allegations and, on that basis, denies them. SAP denies all remaining allegations in Paragraph 292.

293. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Celonis' interactions with customers contained in Paragraph 293 and, on that basis, denies them. SAP denies all remaining allegations in Paragraph 293.

294. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Celonis' interactions with customers contained in Paragraph 294 and, on that basis, denies them. SAP denies all remaining allegations in Paragraph 294.

295. SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Celonis' interactions with customers contained in Paragraph 295 and, on that basis, denies them. SAP denies all remaining allegations in Paragraph 295.

296.    SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Celonis' interactions with customers contained in Paragraph 296 and, on that basis, denies them.  SAP denies all remaining allegations in Paragraph 296.

297.    SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 297 and, on that basis, denies them.

298.    SAP is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Celonis' interactions with customers contained in Paragraph 298 and, on that basis, denies them.  SAP denies all remaining allegations in Paragraph 298.

299.    SAP denies the allegations in Paragraph 299.

300.    SAP denies the allegations in Paragraph 300.

301.    SAP denies the allegations in Paragraph 301.

302.    SAP denies the allegations in Paragraph 302.

303.    Paragraph 303 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies all remaining allegations in Paragraph 303.

304.    Paragraph 304 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies all remaining allegations in Paragraph 304.

305.    Paragraph 305 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies all remaining allegations in Paragraph 305.

306.    Paragraph 306 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies all remaining allegations in Paragraph 306.

307.    Paragraph 307 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies all remaining allegations in Paragraph 307.

308.    Paragraph 308 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies all remaining allegations in Paragraph 308.

309.    SAP denies the allegations in Paragraph 309.

310.    SAP denies the allegations in Paragraph 310.

311.    SAP denies the allegations in Paragraph 311.

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

312. SAP admits that customers can spend significant sums on various ERP applications and that the cost can vary depending on many factors but denies this is always the case. SAP denies all remaining allegations contained in Paragraph 312.

313. SAP admits that implementing ERP applications can require significant costs and resources, but denies that this is always the case. SAP denies all remaining allegations contained in Paragraph 313.

314. SAP denies the allegations contained in Paragraph 314.

315. SAP admits that it has updated Note 3255746. SAP denies all remaining allegations contained in Paragraph 315.

316. SAP denies the allegations contained in Paragraph 316.

317. Paragraph 317 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies all remaining allegations in Paragraph 317.

318. Paragraph 318 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies all remaining allegations in Paragraph 318.

319. Paragraph 319 contains legal conclusions for which no response is required. To the extent a response is required, SAP admits that customers access the data stored in their SAP ERP applications for a range of purposes and denies all remaining allegations contained in Paragraph 319.

320. Paragraph 320 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 320.

321. Paragraph 321 contains legal conclusions for which no response is required. To the extent a response is required, SAP admits that it offers customers various licensing options and technical solutions and denies all remaining allegations in Paragraph 321.

322. Paragraph 322 contains legal conclusions for which no response is required. To the extent a response is required, SAP admits that it offers customers various licensing options and technical solutions and denies all remaining allegations in Paragraph 322.

323. The allegations in the first two sentences of Paragraph 323 are not susceptible to

- 30 -

being answered because of their ambiguity as terms like "these products" and "non-monetary" are not sufficiently defined, and SAP denies them on that basis. SAP denies the last sentence of Paragraph 323 and all remaining allegations.

324. Paragraph 324 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 324.

325. The allegations in Paragraph 325 are not susceptible to being answered because of their ambiguity as terms like "data access option" are not sufficiently defined, and SAP denies them on that basis.

326. SAP denies the allegations in Paragraph 326.

327. Paragraph 327 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 327.

328. SAP denies the allegations in Paragraph 328.

329. SAP denies the allegations in Paragraph 329.

330. SAP denies the allegations in Paragraph 330.

331. SAP denies the allegations in Paragraph 331.

332. SAP denies the allegations in Paragraph 332.

333. SAP denies the allegations in Paragraph 333.

334. SAP denies the allegations in Paragraph 334.

335. SAP denies the allegations in Paragraph 335.

336. SAP denies the allegations in Paragraph 336.

337. SAP denies the allegations in Paragraph 337.

338. SAP denies the allegations in Paragraph 338.

339. Paragraph 339 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 339.

340. SAP denies the allegations in Paragraph 340.

341. SAP denies the allegations in Paragraph 341.

342. Paragraph 342 contains legal conclusions for which no response is required. To the

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

extent a response is required, SAP denies the allegations in Paragraph 342.

343.    Paragraph 343 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 343.

344.    SAP denies the allegations in Paragraph 344.

345.    SAP denies the allegations in Paragraph 345.

346.    SAP denies the allegations in Paragraph 346.

347.    SAP denies the allegations in Paragraph 347.

348.    SAP denies the allegations in Paragraph 348.

349.    SAP denies the allegations in Paragraph 349.

350.    SAP denies the allegations in Paragraph 350.

351.    Paragraph 351 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 351, including all footnotes.

352.    SAP denies the allegations in Paragraph 352.

353.    SAP admits that it lawfully competed in product and service areas that operate on its customers' data.  SAP denies all remaining allegations contained in Paragraph 353.

354.    Paragraph 354 purports to quote or paraphrase language from SAP's Motion to Dismiss Initial Complaint (ECF No. 46).  SAP states that this document speaks for itself and, on that basis, denies any allegations in Paragraph 354 inconsistent therewith.  SAP further denies all remaining allegations in Paragraph 354, including all footnotes.

355.    Paragraph 355 purports to quote or paraphrase language from the Motion to Dismiss Hearing Transcript and SAP's General Terms and Conditions for Cloud Services.  SAP states that these documents speak for themselves and, on that basis, denies any allegations in Paragraph 355 inconsistent therewith.  SAP further denies all remaining allegations in Paragraph 355, including all footnotes.

356.    Paragraph 356 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 356.

357.    SAP admits that its customers purchase its ERP product for a variety of reasons.

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

SAP denies all remaining allegations of Paragraph 357.

358.   SAP denies the allegations in Paragraph 358.

359.   SAP denies the allegations in Paragraph 359.

360.   SAP denies the allegations in Paragraph 360.

361.   SAP denies the allegations in Paragraph 361.

362.   SAP incorporates by reference Paragraphs 242–56, *supra*, as if fully set forth herein. To the extent that those responses do not address all of the allegations in Paragraph 362, SAP denies all remaining allegations therein.

363.   SAP denies the allegations in Paragraph 363.

364.   SAP denies the allegations in Paragraph 364.

365.   SAP denies the allegations in Paragraph 365.

366.   SAP incorporates by reference Paragraphs 257–65, *supra*, as if fully set forth herein. To the extent that those responses do not address all of the allegations in Paragraph 366, SAP denies all remaining allegations therein.

367.   SAP denies the allegations in Paragraph 367.

368.   SAP admits that the graphic labeled Figure 11 in Paragraph 368 was published by SAP.  SAP states that this graphic speaks for itself and, on that basis, denies any allegations in Paragraph 368 inconsistent therewith.  SAP further denies all remaining allegations in Paragraph 368.

369.   SAP admits that it had an initiative referred to as The Honeymoon Is Over.  SAP denies all remaining allegations in Paragraph 369.

370.   SAP denies the allegations in Paragraph 370.

371.   SAP denies the allegations in Paragraph 371.

372.   SAP incorporates by reference Paragraphs 242–56, *supra*, as if fully set forth herein. To the extent that those responses do not address all of the allegations in Paragraph 372, SAP denies all remaining allegations therein.

373.   With respect to Figure 1 and the figure titled "New Data-Extraction Limitations,"

SAP admits that it issued Note 3255746, Note 3439624, and an API Policy and admits the dates that they were published. SAP further states that Note 3255746, Note 3439624, and the API Policy speak for themselves and, on that basis, denies any allegations in Paragraph 373 inconsistent therewith and denies all remaining allegations in Paragraph 373.

374. SAP incorporates by reference Paragraphs 242–49 and 252, *supra*, as if fully set forth herein. To the extent that those responses do not address all of the allegations in Paragraph 374, SAP denies the remaining allegations therein. With respect to the footnotes in Paragraph 374, SAP states that the cited legal documents speak for themselves and, on that basis, denies any allegations, including all footnotes, inconsistent therewith and denies all remaining allegations in Paragraph 374.

375. SAP denies the allegations in Paragraph 375.

376. SAP denies the allegations in Paragraph 376.

377. SAP denies the allegations in Paragraph 377.

378. SAP denies the allegations in Paragraph 378.

379. SAP denies the allegations in Paragraph 379.

380. SAP states that the API Policy issued in April 2026 ("API Policy") speaks for itself and, on that basis, denies any allegations in Paragraph 380 inconsistent therewith and denies all remaining allegations in Paragraph 380.

381. SAP denies the allegations in Paragraph 381.

382. SAP denies the allegations in Paragraph 382.

383. SAP admits that only SAP can "publish" APIs on its SAP Business Accelerator Hub, but denies all remaining allegations in Paragraph 383.

384. SAP denies the allegations in Paragraph 384.

385. Paragraph 385 purports to quote a document without identifying that document. SAP, therefore, cannot form a belief as to the truth of the quoted allegations and, on that basis, denies them. SAP denies all remaining allegations in Paragraph 385.

386. Paragraph 386 purports to quote or paraphrase language from a portion of SAP's

API Policy.  SAP states that this document speaks for itself and, on that basis, denies any allegations in Paragraph 386 inconsistent therewith.

387.   Paragraph 387 purports to quote a document without identifying that document.  SAP, therefore, cannot form a belief as to the truth of the quoted allegations and, on that basis, denies them.

388.   SAP denies the allegations in Paragraph 388.

389.   SAP denies the allegations in Paragraph 389.

390.   SAP denies the allegations in Paragraph 390.

391.   SAP further states that Note 3255746 speaks for itself and, on that basis, denies any allegations in Paragraph 391 inconsistent therewith and all remaining allegations in Paragraph 391.

392.   SAP incorporates by reference Paragraphs 195–213, *supra*, as if fully set forth herein.  To the extent that those responses do not address all of the allegations in Paragraph 392, SAP denies all remaining allegations therein.

393.   SAP denies the allegations in Paragraph 393.

394.   SAP denies the allegations in Paragraph 394.

395.   Paragraph 395 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 395.

396.   Paragraph 396 purports to quote an individual without identifying the source of the quotation or verifying its validity.  SAP, therefore, cannot form a belief as to the truth of the quoted allegations and, on that basis, denies them.  SAP denies all remaining allegations in Paragraph 396.

397.   SAP denies the allegations in Paragraph 397.

398.   SAP admits that it referred to the flywheel effect in the context of AI at the May 2025 SAPPHIRE conference.  SAP denies all remaining allegations in Paragraph 398.

399.   SAP denies the allegations in Paragraph 399.

400.   Paragraph 400 purports to quote statements made by Muhammad Alam at the 2025 SAPPHIRE conference.  SAP states that these quotations speak for themselves and, on that basis, denies any allegation inconsistent therewith.  SAP further denies all remaining allegations in

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

Paragraph 400.

401.    Paragraph 401 purports to quote an individual without identifying the source of the quotation or verifying its validity.  SAP, therefore, cannot form a belief as to the truth of the quoted allegations and, on that basis, denies them.  SAP denies all remaining allegations in Paragraph 401.

402.    SAP admits that its website references AI innovations, new innovations, and the guiding principles and values of the Clean Core initiative.  SAP denies any remaining allegations of Paragraph 402.

403.    SAP denies the allegations in Paragraph 403.

404.    SAP denies the allegations in Paragraph 404.

405.    SAP denies the allegations in Paragraph 405.

406.    SAP denies the allegations in Paragraph 406.

407.    Paragraph 407 purports to quote an individual without identifying the source of the quotation or verifying its validity.  SAP, therefore, cannot form a belief as to the truth of the quoted allegations and, on that basis, denies them.  SAP denies all remaining allegations in Paragraph 407.

408.    SAP denies the allegations in Paragraph 408.

409.    Paragraph 409 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 409.

410.    SAP denies the allegations in Paragraph 410.

411.    SAP denies the allegations in Paragraph 411.

412.    SAP denies the allegations in Paragraph 412.

413.    SAP denies the allegations in Paragraph 413.

414.    SAP denies the allegations in Paragraph 414, including all footnotes.

415.    Paragraph 415 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 415.

416.    SAP denies the allegations in Paragraph 416.

417.    Paragraph 417 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 417.

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

418. SAP denies the allegations in Paragraph 418.

419. SAP denies the allegations in Paragraph 419.

420. SAP denies the allegations in Paragraph 420.

421. SAP denies the allegations in Paragraph 421.

422. SAP admits that it had a joint project with Teradata, but SAP denies all remaining allegations in Paragraph 422.

423. SAP denies the allegations in Paragraph 423.

424. SAP denies the allegations in Paragraph 424.

425. SAP denies the allegations in Paragraph 425.

426. SAP denies the allegations in Paragraph 426.

427. SAP denies the allegations in Paragraph 427.

428. SAP denies the allegations in Paragraph 428.

429. SAP denies the allegations in Paragraph 429.

## RESPONSE TO ALLEGATIONS REGARDING

## "INTERSTATE TRADE AND COMMERCE"

430. SAP incorporates by reference each of its responses above as if fully set forth herein.

431. Paragraph 431 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 431, including all subparagraphs.

432. SAP denies the allegations in Paragraph 432.

## RESPONSE TO CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(Intentional Interference with Contractual Relations – Against All Defendants)**

433. SAP incorporates its responses to each and every Paragraph of the SAC.

434. Paragraph 434 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 434.

435. SAP denies the allegations in Paragraph 435.

436.    SAP denies the allegations in Paragraph 436.

437.    SAP denies the allegations in Paragraph 437.

438.    SAP denies the allegations in Paragraph 438.

439.    SAP denies the allegations in Paragraph 439.

440.    SAP denies the allegations in Paragraph 440.

## SECOND CLAIM FOR RELIEF

## (Intentional Interference with Prospective Economic Relations – Against All Defendants)

441.    SAP incorporates its responses to each and every Paragraph of the SAC.

442.    Paragraph 442 contains legal conclusions for which no response is required.  To the extent a response is required, SAP incorporates its responses to the Paragraphs referenced in the last sentence of Paragraph 442 and denies all remaining allegations.

443.    SAP denies the allegations in Paragraph 443.

444.    SAP denies the allegations in Paragraph 444.

445.    SAP denies the allegations in Paragraph 445.

446.    SAP denies the allegations in Paragraph 446.

447.    SAP denies the allegations in Paragraph 447.

448.    SAP denies the allegations in Paragraph 448.

449.    SAP denies the allegations in Paragraph 449.

450.    SAP denies the allegations in Paragraph 450.

## THIRD CLAIM FOR RELIEF

## (Federal False Advertising, 15 U.S.C. § 1125(a)(1)(B) – Against All Defendants)

451.    SAP incorporates its responses to each and every Paragraph of the SAC.

452.    Paragraph 452 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 452.

453.    SAP denies the allegations in Paragraph 453.

454.    SAP denies the allegations in Paragraph 454.

455.    SAP denies the allegations in Paragraph 455.

DEFENDANTS' ANSWER & AFFIRMATIVE
- 38 -    DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC

456. SAP denies the allegations in Paragraph 456.

457. Paragraph 457 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies that Celonis is entitled to any relief.

**FOURTH CLAIM FOR RELIEF**

**(California False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* – Against All**

**Defendants)**

458. SAP incorporates its responses to each and every Paragraph of the SAC.

459. SAP denies the allegations in Paragraph 459.

460. SAP denies the allegations in Paragraph 460.

461. SAP denies the allegations in Paragraph 461.

462. SAP denies the allegations in Paragraph 462.

463. SAP denies the allegations in Paragraph 463.

464. Paragraph 464 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies that Celonis is entitled to any relief.

**FIFTH CLAIM FOR RELIEF**

**(Monopolization Under Section 2 of the Sherman Act, 15 U.S.C. § 2 – Against All**

**Defendants)**

465. SAP incorporates its responses to each and every Paragraph of the SAC.

466. Paragraph 466 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 466.

467. SAP denies the allegations in Paragraph 467.

468. Paragraph 468 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 468, including all subparagraphs.

469. SAP denies the allegations in Paragraph 469.

470. SAP denies the allegations in Paragraph 470.

471. Paragraph 471 contains legal conclusions for which no response is required. To the

extent a response is required, SAP denies the allegations in Paragraph 471.

472. SAP denies the allegations in Paragraph 472.

473. SAP denies the allegations in Paragraph 473.

474. Paragraph 474 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies that Celonis is entitled to any relief.

**SIXTH CLAIM FOR RELIEF**

**(Attempted Monopolization Under Section 2 of the Sherman Act, 15 U.S.C. § 2 – Against**

**All Defendants)**

475. SAP incorporates its responses to each and every Paragraph of the SAC.

476. Paragraph 476 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 476, including all subparagraphs.

477. Paragraph 477 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 477.

478. SAP denies the allegations in Paragraph 478.

479. SAP denies the allegations in Paragraph 479.

480. Paragraph 480 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 480.

481. Paragraph 481 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 481.

482. SAP denies the allegations in Paragraph 482.

483. SAP denies the allegations in Paragraph 483.

484. Paragraph 484 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies that Celonis is entitled to any relief.

**SEVENTH CLAIM FOR RELIEF**

**(Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act, 18 U.S.C.**

**§ 1836 *et seq.* – Against All Defendants)**

485. SAP incorporates its responses to each and every Paragraph of the SAC.

486. Paragraph 486 contains legal conclusions for which no response is required. To the extent a response is required, SAP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 486 and, on that basis, denies them.

487. Paragraph 487 contains legal conclusions for which no response is required. To the extent a response is required, SAP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 487 and, on that basis, denies them.

488. Paragraph 488 contains legal conclusions for which no response is required. To the extent a response is required, SAP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 488 and, on that basis, denies them.

489. SAP denies the allegations in Paragraph 489.

490. SAP denies the allegations in Paragraph 490.

491. SAP denies the allegations in Paragraph 491.

492. Paragraph 492 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies that Celonis is entitled to any relief.

## EIGHTH CLAIM FOR RELIEF

### (Misappropriation of Trade Secrets in Violation of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.* – Against All Defendants)

493. SAP incorporates its responses to each and every Paragraph of the SAC.

494. Paragraph 494 contains legal conclusions for which no response is required. To the extent a response is required, SAP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 494 and, on that basis, denies them.

495. Paragraph 495 contains legal conclusions for which no response is required. To the extent a response is required, SAP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 495 and, on that basis, denies them.

496. Paragraph 496 contains legal conclusions for which no response is required. To the extent a response is required, SAP lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 496 and, on that basis, denies them.

497.   SAP denies the allegations in Paragraph 497.

498.   SAP denies the allegations in Paragraph 498.

499.   SAP denies the allegations in Paragraph 499.

500.   Paragraph 500 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies that Celonis is entitled to any relief.

501.   Paragraph 501 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies that Celonis is entitled to any relief.

### NINTH CLAIM FOR RELIEF

### (Illegal Bundling Under Section 2 of the Sherman Act, 15 U.S.C. § 2 – Against All Defendants)

502.   SAP incorporates its responses to each and every Paragraph of the SAC.

503.   SAP admits that ERP applications, data access, and process mining are different products that serve various purposes.  SAP denies all remaining allegations in Paragraph 503.

504.   SAP denies the allegations in Paragraph 504.

505.   SAP incorporates by reference its responses to the Paragraphs referenced in the last sentence of Paragraph 505 as if fully set forth herein.  To the extent that those responses do not address all of the allegations in Paragraph 505, SAP denies all remaining allegations therein.

506.   SAP denies the allegations in Paragraph 506.

507.   SAP denies the allegations in Paragraph 507.

508.   SAP denies the allegations in Paragraph 508.

509.   SAP denies the allegations in Paragraph 509.

510.   SAP denies the allegations in Paragraph 510.

511.   SAP denies the allegations in Paragraph 511.

512.   Paragraph 512 contains legal conclusions for which no response is required.  To the extent a response is required, SAP denies the allegations in Paragraph 512.

513.   Paragraph 513 contains legal conclusions for which no response is required.  To the

extent a response is required, SAP denies that Celonis is entitled to any relief.

## TENTH CLAIM FOR RELIEF

### (Unfair Competition, Cal. Bus. & Prof. Code § 16700 et seq. – Against All Defendants)

514.    SAP incorporates its responses to each and every Paragraph of the SAC.

515.    Paragraph 515 purports to quote or paraphrase portions of the California Business and Professional Code. SAP states that these statutes speak for themselves and, on that basis, denies any allegation in Paragraph 515 inconsistent therewith. SAP denies all remaining allegations in Paragraph 515.

516.    Paragraph 516 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 516.

517.    Paragraph 517 purports to quote or paraphrase portions of the California Business and Professional Code. SAP states that these statutes speak for themselves and, on that basis, denies any allegation in Paragraph 517 inconsistent therewith. SAP denies all remaining allegations in Paragraph 517.

518.    Paragraph 518 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 518.

519.    Paragraph 519 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies the allegations in Paragraph 519.

520.    Paragraph 520 contains legal conclusions for which no response is required. To the extent a response is required, SAP denies that Celonis is entitled to any relief.

## PRAYER FOR RELIEF

SAP denies that Plaintiff is entitled to any damages, costs, fees, or other relief against SAP as set forth in its prayer for relief, including all subparagraphs.

## JURY DEMAND

SAP demands a trial by jury on all triable issues.

**AFFIRMATIVE DEFENSES**

In further response to Celonis' SAC, SAP hereby asserts the following affirmative defenses, without conceding that it bears the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations. SAP reserves the right to amend or supplement its affirmative defenses and raise counterclaims as additional facts concerning its defenses become known to it. As separate and distinct affirmative defenses, SAP alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

All or some of Plaintiffs' claims fail to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

All or some of Plaintiffs' claims are barred because they lack standing to assert their claims and/or to seek some or all of the requested relief, including because they have sustained no injury in fact or damages caused by any act or omission of SAP.

**THIRD AFFIRMATIVE DEFENSE**

All or some of Plaintiffs' claims are barred by the applicable statutes of limitations in that Plaintiffs were aware of their claims but delayed in filing this lawsuit.

**FOURTH AFFIRMATIVE DEFENSE**

All or some of Plaintiffs' claims are barred, in whole or in part, by contractual limitations provisions either pertaining to SAP's contracts with its customers, Celonis' contracts with its customers and/or contracts between SAP and Celonis.

**FIFTH AFFIRMATIVE DEFENSE**

All or some of Plaintiffs' claims are barred by the doctrine of laches, in that Plaintiffs have unreasonably delayed efforts to enforce their rights, if any.

**SIXTH AFFIRMATIVE DEFENSE**

All or some of Plaintiffs' claims are barred by the doctrine of estoppel, including equitable estoppel, in that, among other things, on information and belief, Plaintiffs were aware that their

data extraction methods violated SAP customer licenses but represented otherwise, and Plaintiffs have misappropriated SAP's trade secrets.

**SEVENTH AFFIRMATIVE DEFENSE**

All or some of Plaintiffs' claims are barred by the doctrines of waiver or acquiescence.

**EIGHTH AFFIRMATIVE DEFENSE**

All or some of Plaintiffs' claims are barred under the doctrine of unclean hands in that, among other things, Plaintiffs were aware that their data extraction methods violated SAP customer licenses but represented otherwise, and Plaintiffs have misappropriated SAP's trade secrets.

For example, Celonis accuses SAP of limiting SAP customers' ability to use Celonis' Real-Time Extractor to extract data from SAP systems. Yet Celonis' Real-Time Extractor and its "trigger based approach" utilizes SAP's proprietary ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ On at least one occasion, a customer attributed system errors caused by Celonis' █████████████ triggers to SAP.

In addition, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Celonis cannot credibly seek the relief it requests in the face of its own improper conduct.

## NINTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims are barred by the litigation privilege in that SAP's statements to customers regarding contract or license requirements were meant to protect both SAP and the client's legal interests and prevent legal disputes regarding the same.

## TENTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims are barred because the damages sought by Plaintiffs are uncertain and speculative.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs purport to request lost profits, any such claim is barred because any alleged lost profits are too speculative and uncertain and because of the impossibility of proving lost profits.

## TWELFTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims are barred under the doctrine of failure to mitigate in that Plaintiffs failed to take actions sooner that may have avoided any loss, if any, including but not limited to stopping use of data extraction methods that violated SAP customer licenses.

## THIRTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' request for equitable relief are barred under the doctrine of adequacy of remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims are barred because Plaintiffs' damages, if any, were not caused by SAP and/or SAP was not the proximate cause of any losses alleged by Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiffs' claims are barred because they have not suffered and will not suffer any injury that is cognizable under the antitrust laws.

**SIXTEENTH AFFIRMATIVE DEFENSE**

All or some of Plaintiffs' claims are barred because SAP's alleged activities do ▉t give rise to antitrust liability, because they did not result in adverse effects on competition or, in the alternative, any such effects were outweighed by the pro-competitive benefits of the activities.

For example, as stated above, Celonis accuses SAP of limiting SAP customers' ability to use Celonis' Real-Time Extractor to extract data from SAP systems.  Yet Celonis' Real-Time Extractor and its "trigger based approach" utilizes SAP's proprietary ▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ On at least one occasion, a customer attributed system errors caused by Celonis' ▉▉▉▉▉▉▉ triggers to SAP.  SAP's protection of its ERP systems, databases, and extraction technology is essential to its continued innovation in these fields and ability to provide value to its customers.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

All or some of Plaintiffs' claims are barred because SAP has at all times and in all relevant matters acted reasonably, serving legitimate business purposes, in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition.  For example, as stated above, Celonis' Real-Time Extractor and its "trigger based approach" utilizes SAP's proprietary ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ SAP acted reasonably and in good-faith, serving legitimate business purposes, and with the purpose and effect of promoting, encouraging, or increasing competition, through its protection of SAP and its customers' ERP systems, databases, and extraction technology.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Any recovery is barred, or must be reduced, under the doctrine of avoidable consequences in that, among other things, on information and belief, Plaintiffs were aware that their data extraction methods violated SAP customer licenses but they continued to use those same methods.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to properly define a relevant product or geographical market.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants do not have monopoly power or market power in any properly defined relevant product or geographic market.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants made no actionable false statement of material fact.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because no member of the relevant consuming audience was deceived or tended to be deceived by Defendants' statements.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants' conduct fell within the competition privilege as Defendants did not engage in any independently wrongful conduct.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek recovery of attorney's fees, because Plaintiffs have failed to establish a basis for such a claim.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to identify a trade secret that SAP allegedly misappropriated.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent the court lacks personal

jurisdiction with respect to Plaintiffs' DTSA and CUTSA claims.


Dated: July 24, 2026                                    JONES DAY


                                                        By: /s/ *David C. Kiernan*
                                                            David C. Kiernan


                                                        *Attorneys for Defendants*
                                                        *SAP SE and SAP AMERICA, INC.*

DEFENDANTS' ANSWER & AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT
Case No. 3:25-cv-02519-VC