David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California  94104
Telephone:    +1.415.626.3939
Facsimile:     +1.415.875.5700

Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California  94303
Telephone:    +1.650.739.3939
Facsimile:     +1.630.739.3900

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

Ryan P. Phair (*pro hac vice*)
ryanphair@paulhastings.com
Michael F. Murray (*pro hac vice*)
michaelmurray@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone:    +1.202.551.1700
Facsimile:     +1.202.551.1705

Stephen J. McIntyre (State Bar No. 274481)
stephenmcintyre@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone:    +1.213.683.6000
Facsimile:     +1.213.627.0705

Kristin L. Cleveland (State Bar No. 001318)
kristin.cleveland@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204-2988
Telephone: 1.503.595.5300
Facsimile: 1.503.595.5300

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CELONIS SE and CELONIS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SAP SE and SAP AMERICA, INC.,<br><br>Defendants. | **Case No. 3:25-cv-02519-VC**<br><br>**CORRECTED DEFENDANTS' RESPONSE TO MOTION FOR CLARIFICATION OF SCOPE OF MINUTE ENTRY AND AMENDED CASE SCHEDULE ORDER**<br><br>Court:   4, 17th Floor<br>Judge:   Hon. Vince Chhabria |

**INTRODUCTION**

Although styled as a request for "clarification," Celonis's Motion is in truth an attempt to expand new discovery to reach Celonis's antitrust claims concerning SAP's API Policy—and to do so without following the discovery dispute process the Court has mandated. The Motion should be denied.

The Minute Order needs no clarification: it reflects the parties' on-the-record consensus that "[d]iscovery will be limited to the new trade secret claims." Dkt. No. 268. Celonis's counsel confirmed at the hearing that Celonis would not reopen discovery on the antitrust claims, and none of the discovery issues counsel raised that day concerned the API Policy. The parties' subsequent stipulated schedule confirmed that understanding, providing that "[n]o new discovery shall be propounded or depositions noticed which relate solely to issues under the First Amended Complaint."

SAP's API Policy relates solely to Celonis's antitrust claims, not its trade secret claims, and Celonis had already taken extensive discovery on the Policy—five Rule 30(b)(6) topics and testimony from eight SAP witnesses and two third parties—before the June 25, 2026 hearing. Despite that record, Celonis sought still more discovery on the eve of the close of fact discovery. When the parties could not resolve that impasse, they agreed to submit it to Magistrate Judge Kim by joint letter on June 26. But immediately after the June 25 hearing, Celonis withdrew that request and filed this Motion instead.

SAP is willing to reasonably supplement discovery on the API Policy now that the schedule affords some breathing room, and its lead counsel asked to meet and confer and to receive Celonis's proposed requests. Celonis did neither, filing this Motion instead. SAP does not agree, however, that Celonis may serve entirely new requests beyond those already propounded—antitrust discovery has closed.

In short, Celonis's Motion is really about an ongoing discovery dispute concerning SAP's API Policy—a policy Celonis challenges under the antitrust laws. The Motion should be denied, the parties should meet and confer to discuss supplementation as SAP has requested, and any remaining dispute should go to Magistrate Judge Kim for resolution.

## BACKGROUND

This dispute arises from the discovery schedule the Court set at a June 25, 2026 hearing. Celonis originally sued SAP for antitrust violations, and the parties spent months taking discovery on those claims, including questioning nearly a dozen witnesses about the API Policy. In May 2026, Celonis sought leave to add trade secret claims; the Court granted leave but limited further discovery to those new claims. As explained below, the Court's order forecloses the relief Celonis's Motion seeks, and Celonis's own discovery record shows that relief is unnecessary.

**A.    The Court's June 25 Order Limited New Discovery to the Trade Secret Claims**

On June 25, 2026, the Court held a hearing on Celonis's motion for leave to file the Second Amended Complaint, which added the trade secret claims and new factual allegations about SAP's API Policy. The Court granted leave to amend and directed the parties to file a stipulated case schedule. Dkt. 268.

At the hearing, SAP's counsel asked the Court to confirm that "discovery would be limited to the new trade secret claims" and would "not reopen discovery for the antitrust . . . claims." Dkt. 283 at 18. The Court agreed: "Sounds sensible to me." *Id.* Celonis's counsel likewise agreed, raising only three "points of clarification" to "avoid some future disputes down the road," none of which involved discovery on the API Policy: (1) allowing the eleven pending party depositions and outstanding discovery disputes already in progress before the June 30 deadline to continue past that date; (2) the ability to ask follow-up questions if a witness strayed into First Amended Complaint topics during a deposition on Second Amended Complaint allegations; and (3) the ability to issue deposition subpoenas to third parties who had already received document subpoenas. *Id.* at 18-20. The resulting Minute Order confirmed that consensus: "Discovery will be limited to the new trade secret claims. Parties are urged to tee up discovery disputes before the assigned magistrate judge sooner rather than later." Dkt. No. 268.

The parties then negotiated and stipulated to an Amended Case Schedule providing that "[n]o new discovery shall be propounded or depositions noticed which relate solely to issues under the First Amended Complaint," while committing to "meet and confer" on discovery needed "to accommodate the new allegations and claims raised in the Second Amended

DEFS.' RESP. TO MOT. FOR CLARIFICATION
Case No. 3:25-cv-02519-VC

Complaint."  Dkt. No. 273 at 2 n.2; Dkt. No. 289 at 2 n.2.

### B.   SAP's API Policy

SAP's API Policy, announced on April 22, 2026, provides a unified framework designed to help customers confidently build, scale, and maintain their integrations with SAP solutions while keeping SAP's systems stable and secure, preventing misuse, and supporting new uses of the technology as automation and AI become more common.  *See* Kiernan Decl. ¶ 2; *see also* Ex. 1 (API Policy).  Rather than creating new restrictions, the API Policy brings together controls—like the usage limits and monitoring tools SAP has used for years in its products—into one consistent set of rules across all of SAP's products, and spells out in more technical detail protections that were already in place to keep SAP's systems secure as automated use of its systems grows.  *See* Ex. 1.  Consistent with that goal, the Policy does not change what customers are entitled to under their contracts or licenses; APIs remain available just as they were before, subject only to the same kinds of limits and controls meant to keep the systems stable and to ensure they are used as intended.  *Id*.  And the Policy does not affect SAP's obligations under the law:  it does not limit any right to export or otherwise obtain data that the law independently requires, including rights related to data portability, switching providers, or keeping required records.  *Id*.

On July 30, 2026, the German Federal Cartel Office closed its own preliminary investigation into SAP's practices related to data access including the API Policy—an inquiry triggered by a complaint from Celonis—finding "no indications of exclusionary practices that may be relevant under competition law" and confirming that the API Policy "does not mean that data extraction options which were previously permissible are no longer available."  Kiernan Decl. ¶ 3; Ex. 2 (*Bundeskartellamt Concludes Preliminary Investigation into SAP*, BUNDESKARTELLAMT PRESS RELEASE (July 30, 2026)).  As the President of the Federal Cartel Office explained, its inquiry "found that there are currently sufficient data extraction options available" to users of SAP ERP data.  *Id.*

### C.   Celonis Has Already Taken Extensive Discovery on the API Policy

Celonis served extensive discovery on the API Policy long before the June 25 hearing,

- 3 -

including five Rule 30(b)(6) topics directed specifically to the Policy.  On April 28, Celonis noticed a deposition on "SAP's understanding and analysis of the expected and actual implications of SAP's newly announced API Policy for customers and third-party vendors." Kiernan Decl. ¶ 4; Ex. 3 (Topic 36).  On May 26, Celonis noticed a further deposition on "SAP's API Policy," including its purpose and effect.  Kiernan Decl. ¶ 5; Ex. 4 (Topic 49).  Two Rule 30(b)(6) witnesses have testified on those topics, two more were scheduled for late June (since rescheduled at Celonis's request), and Celonis has questioned eight other SAP witnesses and two third parties about the Policy.  Kiernan Decl. ¶ 6.

Document discovery was scheduled to end on May 27, 2026.  The day before, Celonis asked SAP to supplement Request for Production No. 11 with API Policy documents—a request that would have required recollecting documents, running new search terms, and conducting a privilege review that the remaining schedule could not accommodate.  *Id.* ¶ 7; Ex. 5 at 5, 10. Unable to resolve the resulting impasse, the parties agreed to submit the dispute to Judge Kim by joint letter on June 26, 2026.  Kiernan Decl. ¶ 7; Ex. 5 at 5, 10.  On the evening of June 25—after SAP had sent its portion of the letter—Celonis told SAP it would not proceed with that dispute. Kiernan Decl. ¶ 7; Ex. 5 at 1.

**D.  The Meet-and-Confer Process Broke Down When Celonis Filed This Motion**

On June 29, 2026, Celonis proposed additional discovery "associated with the claims and allegations in the Second Amended Complaint," including new search terms targeting the API Policy.  Kiernan Decl. ¶ 8; Ex. 6 at 7.  On July 2, SAP countered by limiting new discovery to the trade secret claims, consistent with the Minute Order, explaining that the API Policy "relates 'solely to issues under the First Amended Complaint'" because Celonis itself had argued—in a motion to compel it later withdrew—that the Policy was responsive to discovery under the First Amended Complaint.  Kiernan Decl. ¶ 9; Ex. 6 at 4–7.

The parties continued exchanging proposals between July 7 and July 14.  On July 9, SAP's counsel offered to meet and confer by telephone, asking Celonis to first send the "limited, targeted discovery into the new claims and allegations in the Second Amended Complaint" needed for a productive conference.  Kiernan Decl. ¶ 10; Ex. 6 at 5.  Celonis did not take up that

- 4 -

offer.  Kiernan Decl. ¶ 10.

On July 14, Celonis's counsel wrote that the parties agreed on the number of additional interrogatories, RFPs, deposition hours, and custodians for the trade secret claims, but disagreed on scope.  Kiernan Decl. ¶ 11; Ex. 6 at 1.  Two days later, without further engaging SAP's offer to confer or first presenting the dispute to Magistrate Judge Kim, Celonis filed this Motion.

**ARGUMENT**

**I.   CELONIS'S MOTION CONCERNS AN ONGOING, PROCEDURALLY IMPROPER DISCOVERY DISPUTE ABOUT ANTITRUST CLAIMS**

Celonis has already taken extensive discovery on SAP's API Policy.  What remains—and what Celonis short-circuited by filing this Motion—is simply the scope of supplemental discovery:  which custodians, date ranges, and search terms apply, and which existing requests are implicated.  SAP offered to confer on those questions; Celonis did not engage.  That unresolved, workaday question of scope is no basis to reopen discovery on Celonis's antitrust claims.

What SAP opposes is Celonis's use of the API Policy allegations to reopen and expand discovery on its long-pending antitrust claims.  The Minute Order limits discovery to the new trade secret claims, and the Amended Case Schedule bars new discovery on issues relating solely to the First Amended Complaint.  Dkt. No. 268; Dkt. No. 273 at 2 n.2.  The API Policy cannot satisfy that limitation—Celonis itself argued, in a motion to compel it later withdrew, that the Policy was responsive to discovery under the First Amended Complaint, and it cannot now recast the Policy as a new issue arising from the Second Amended Complaint.  Kiernan Decl. ¶ 9.

What Celonis calls a "motion for clarification" is in truth a request for new discovery relief that goes well beyond the Minute Order.  Celonis's own June 29, 2026 proposal confirms this: it sought seven additional interrogatories, twenty-five RFPs, thirty-five deposition hours, and eight custodians to cover both the trade secret claims and the API Policy.  Kiernan Decl. ¶ 8; Ex. 6 at 7.

Celonis's own representations to the Court confirm the point.  At the June 25 hearing, Celonis's counsel stated without qualification that Celonis was "not looking to reopen discovery"

- 5 -

and sought only "a couple points of clarification"—continuing pending depositions past the June 30 deadline, follow-up questioning on First Amended Complaint topics arising incidentally during Second Amended Complaint depositions, and deposition subpoenas to third parties already served with document subpoenas.  Dkt. 283 at 18-20.  None concerned the API Policy.

Celonis now seeks new discovery on the API Policy—a topic it did not raise at the hearing, told the Court it was not looking to reopen, and has separately litigated as an antitrust issue under the First Amended Complaint.  Celonis's existing requests already reach that topic, and SAP will supplement its responses.  But the new discovery instruments Celonis now seeks were never mentioned to the Court on June 25 and contradict its representation that it was "not looking to reopen discovery."  *See id.* at 18.

Rather than grant the sweeping relief Celonis seeks, the Court should direct the parties to meet and confer in good faith on the scope of supplemental discovery related to the API Policy, with any remaining dispute presented to Magistrate Judge Kim for resolution in the ordinary course—consistent with the Court's instructions, the Minute Order, and the parties' prior practice.

## II.  CELONIS IS NOT PREJUDICED BECAUSE IT HAS ALREADY OBTAINED EXTENSIVE DISCOVERY ON THE API POLICY

Whatever remains to be resolved about the pace of supplementation, one premise underlying the Motion does not survive scrutiny:  that Celonis lacks access to information about the API Policy.  The discovery record refutes that premise.  Celonis's own Rule 30(b)(6) notice included at least five topics directed specifically at the API Policy: (1) revenue, profits, or gains realized from the Policy (Topic 21); (2) changes to customer terms "including SAP's newly announced API Policy" (Topic 27); (3) SAP's understanding of the Policy's expected and actual implications (Topic 36); (4) the Policy's circumstances, timing, purpose, and rationale, including the criteria for "Published APIs" and the impact of that designation on third-party data access (Topic 49); and (5) SAP's processes for determining and monitoring "Published APIs" (Topic 50).  Ex. 3 at 9–13; Ex. 4 at 7–8.

Celonis has deposed two SAP Rule 30(b)(6) witnesses on the API Policy (Irfan Khan and Tobias Unger), with two more scheduled.  Celonis's counsel walked Mr. Khan through the Policy

provision by provision—covering SAP's rationale for adopting it, who drafted and approved it, the distinction between "Published" and "Non-Published" APIs, the "SAP-reserved clients" and custom-ABAP interface exceptions, and its enforcement mechanisms, including throttling, suspension, and termination of access.  Ex. 7 at 201:3–205:22, 210:5–218:10, 220:13–225:16, 227:21–242:14.

Celonis has also examined eight additional SAP witnesses about the API Policy—including Klaus Nagel (drafting, approval, and scope), Silvio Arcangeli (substantive provisions and customer effects), and Bhagya Subbareddy, Robert Perry, Ercin Coskun, Mani Pirouz, Oscar Ramos, and Jon Platner (purpose, rollout, and application to third parties)—along with two third-party witnesses.  Kiernan Decl. ¶ 6.

Against that record, Celonis's suggestion that it lacks access to information about the API Policy does not withstand examination.  There is no gap in the record that new or expedited discovery is needed to fill.

## CONCLUSION

For these reasons, SAP respectfully requests that the Court deny Celonis's Motion for Clarification and direct the parties to meet and confer on the scope of any supplemental discovery related to the API Policy, with any remaining dispute to be presented to Magistrate Judge Kim in the ordinary course.

Dated: July 30, 2026                                      JONES DAY


                                                         By: *s/ David C. Kiernan*
                                                         David C. Kiernan

                                                         Attorneys for Defendants
                                                         SAP SE and SAP AMERICA, INC.