David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@jonesday.com
David C. Baker (State Bar No. 329123)
cbaker@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone: +1.650.739.3939
Facsimile: +1.630.739.3900

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

[additional counsel below]

Ryan P. Phair (*pro hac vice*)
ryanphair@paulhastings.com
Michael F. Murray (*pro hac vice*)
michaelmurray@paulhastings.com
Allan M. Soobert (*pro hac vice*)
allansoobert@paulhastings.com
Jeffrey A. Pade (*pro hac vice*)
jeffpade@paulhastings.com
Michael Wolfe (*pro hac vice*)
michaelwolfe@paulhastings.com
Terence A. Parker (*pro hac vice*)
terenceparker@paulhastings.com
Alexandra Glazer (State Bar No. 335183)
alexglazer@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: +1.202.551.1700
Facsimile: +1.202.551.1705

Stephen J. McIntyre (State Bar No. 274481)
stephenmcintyre@paulhastings.com
Hasan S. Siddiqui (State Bar No. 358448)
hasansiddiqui@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone: +1.213.683.6000
Facsimile: +1.213.627.0705

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**CELONIS SE and CELONIS, INC.,**

**Plaintiffs,**

**v.**

**SAP SE and SAP AMERICA, INC.,**

**Defendants.**

**Case No. 3:25-cv-02519-VC**

**JOINT LETTER BRIEF RE: SAP'S MOTION TO COMPEL**

Date: October 22, 2023
Judge: Hon. Sallie Kim
Courtroom: C–15th Floor

**ATTESTATION IN SUPPORT OF JOINT LETTER BRIEF**

Pursuant to the Standing Order for Magistrate Judge Sallie Kim, undersigned counsel hereby attest that counsel for Plaintiffs Celonis SE and Celonis, Inc. ("Celonis") and Defendants SAP SE and SAP America, Inc. ("SAP") (collectively, the "Parties") have met and conferred by videoconference before filing the joint letter brief, and complied with Section 9 of the Northern District's Guidelines for Professional Conduct Regarding Discovery. The Parties were unable to resolve the dispute and respectfully submit it to the Court.

Dated: October 22, 2026

PAUL HASTINGS LLP

By: /s/ *Michael Wolfe*
Michael Wolfe

Stephen J. McIntyre (State Bar No. 274481)
stephenmcintyre@paulhastings.com
Hasan S. Siddiqui (State Bar No. 358448)
hasansiddiqui@paulhastings.com
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone: +1.213.683.6000
Facsimile: +1.213.627.0705

Ryan P. Phair (*pro hac vice*)
ryanphair@paulhastings.com
Michael F. Murray (*pro hac vice*)
michaelmurray@paulhastings.com
Allan M. Soobert (*pro hac vice*)
allansoobert@paulhastings.com
Jeffrey A. Pade (*pro hac vice*)
jeffpade@paulhastings.com
Michael Wolfe (*pro hac vice*)
michaelwolfe@paulhastings.com
Terence A. Parker (*pro hac vice*)
terenceparker@paulhastings.com
Alexandra Glazer (State Bar No. 335183)
alexglazer@paulhastings.com
2050 M Street NW
Washington, D.C. 20036
Telephone: +1.202.551.1700
Facsimile: +1.202.551.1705

Ahson Azmat (*pro hac vice*)
ahsonazmat@paulhastings.com
200 Park Ave
New York, NY 10166
Telephone: +1.732.500.1885
Facsimile: +1.212.319.4090

KLARQUIST SPARKMAN, LLP

Kristin L. Cleveland (State Bar No. 001318)
kristin.cleveland@klarquist.com
John D. Vandenberg (*pro hac vice*)
john.vandenberg@klarquist.com
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204-2988
Telephone: +1.503.473.0866
Facsimile: +1.503.535.5301

JONES DAY

David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com

Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@jonesday.com
David C. Baker (State Bar No. 329123)
cbaker@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone: +1.650.739.3939
Facsimile: +1.630.739.3900

Kelly Marie Watne (State Bar No. 307563)
kwatne@jonesday.com
555 S. Flower St.
50th Fl.
Los Angeles, CA 90071
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Katherine Wall (*pro hac vice*)
klwall@jonesday.com
2727 N Harwood St
Dallas, TX 75201
Telephone: +1.214.220.3939
Facsimile: +1.214.969.5100

Dominic Lee Cruciani (*pro hac vice*)
dcruciani@jonesday.com
Joseph M. Beauchamp
jbeauchamp@jonesday.com
Joshua Lee Fuchs
jlfuchs@jonesday.com
717 Texas Ave
Suite 3300
Houston, TX 77002
Telephone: +1.832.239.3998
Facsimile: +1.832.239.3600

Hannah E. Mehrle
hmehrle@jonesday.com
Matthew Ryan Modderman (*pro hac vice*)

901 Lakeside Avenue
Cleveland, OH 44114
Telephone: +1.216.586.3939
Facsimile: +1.216.579.0212

Ryan D. Camp (*pro hac vice*)
rcamp@jonesday.com
110 North Wacker Drive
Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

Dated: October 22, 2026

Respectfully submitted,

By: */s/ Lauren B. Cury*

Lauren B. Cury (*pro hac vice*)
Jennifer Fleury (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
Anna Kurian Shaw (*pro hac vice*)
Celine J. Crowson *(pro hac vice)*
Christopher Fitzpatrick (*pro hac vice*)
Charles A. Loughlin (*pro hac vice*)
Josh Short (*pro hac vice*)
Molly Pallman (*pro hac vice*)
Jonathan Sussler (*pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hlc.com

justin.bernick@hlc.com
anna.shaw@hlc.com
lauren.cury@hlc.com
celine.crowson@hlc.com
chris.fitzpatrick@hlc.com
chuck.loughlin@hlc.com
josh.short@hlc.com
molly.pallman@hlc.com
jonathan.sussler@hlc.com

Michael M. Maddigan (Bar No. 163450)
HOGAN LOVELLS CADWALADER US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hlc.com

Russell Tan (*pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
609 Main Street
Suite 4200
Houston, TX 77001
Telephone: (713) 632-1437
russell.tan@hlc.com

Sarah Keller (*pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
8350 Broad Street
17th Floor
Tysons, VA 22102
Telephone: (703) 374-2300
sarah.w.keller@hlc.com

Christopher C. Wheeler (Bar No. 224872)
Alexis J. Loeb (Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

*Attorneys for Plaintiffs Celonis SE and Celonis, Inc.*

## I. UNRESOLVED DISPUTES

SAP seeks to compel Celonis to provide (1) hit counts and production of associated documents for five disputed custodians, and (2) hit counts and production of associated documents for four disputed search strings across Cody McGuire's custodial documents. SAP argues that (1) Celonis cannot refuse to participate in the custodial collection process for five individuals requested more than ten weeks before the close of discovery, and (2) SAP's search strings relate to both Celonis's own claims, as well as an unclean hands defense that Celonis has not sought to dismiss from the case. Celonis argues that the disputed search strings and custodians are not relevant to any claim or properly construed defense in the case, and are instead part of SAP's broader attempt to improperly use its unclean hands defense as a basis for discovery on the trade secret counterclaim it has repeatedly threatened, but has not brought. Celonis also contends that SAP did not timely request the custodians at issue, including under SAP's own production timeline. Fact discovery closes December 11, 2026.

## II. SAP'S POSITION

### A. SAP REQUESTS HIT COUNTS FOR FIVE CUSTODIANS

Celonis refused to even provide hit counts for five custodians requested by SAP. Its basis was that it could not produce documents in sufficient time. That argument is flawed.

As background, on September 22, SAP provided search strings for Cody McGuire (the linchpin of Celonis's trade secret claims) and requested a meet and confer to identify additional custodians. Because Celonis had produced no trade secret documents, SAP sought cooperation from Celonis to identify relevant custodians, in accordance with the parties' prior practices. Celonis, however, refused to answer basic questions regarding these potential custodians, refusing to identify Mr. McGuire's supervisor or provide a contemporaneous org chart.

Despite Celonis's lack of production and refusal to cooperate, SAP identified five potential Celonis custodians and requested hit counts, a process both parties previously employed to evaluate the custodians' relevance. On September 24—at SAP's requested meet and confer, and with more than two-and-a-half months remaining in discovery—Celonis refused to even take the first step in

evaluating custodians, insisting that "there simply is not enough time to collect, search, review and produce documents from not-yet-identified custodians."

Celonis's "not enough time" claim is meritless. If Celonis cannot meet its discovery obligations related to SAP's timely served discovery requests, Celonis needs to seek an extension, not refuse to comply with its obligations. SAP named potential custodians and search terms on September 29, 2026—more than ***ten weeks*** before the close of fact discovery. Now, Celonis is refusing to comply with its obligations under FRCP 34.

Diligence favors SAP. SAP served RFPs regarding Celonis's alleged trade secrets on July 29, 2026, promptly sought conferral when Celonis produced only objections and no documents a month later, repeatedly asked for the organizational information needed to target custodians, and submitted proposed custodians within five days of being refused that information. Celonis, in contrast, refused to respond to any reasonable questions about the identity of custodians. The Court should compel Celonis to provide hit counts and produce documents for those five custodians.

Celonis waived or abandoned any other objections. It previously raised a relevance argument as to only three custodians (Anna Moritz, Fabienne Sehlhoff, and Francesco Peroni) that Celonis dropped after SAP's push back, not even mentioning that on the meet and confer. And the only basis Celonis gave in its refusal to run hit counts was timing, confirmed by SAP subsequently in writing. Celonis's overbreadth arguments should be rejected because Celonis never tried to narrow terms, despite SAP's invitation to "discuss reasonable modifications." And in any case, the strings are relevant, as shown below.

**B. HIT COUNTS FOR FOUR SEARCH STRINGS FOR CODY MCGUIRE**

Celonis has also refused to provide hit counts for search strings 8-9 and 11-12 in Exhibit C. Each of the McGuire search strings seeks discovery that is relevant to multiple aspects of Celonis's trade secret claims and SAP's unclean hands defense. Dkt. 266-4 (SAC) at ¶¶ 485-501; Dkt. 292-2 (SAP's Answer and Affirmative Defenses) at 45-46. Celonis hardly contests the relevance to Celonis's claims themselves under the cases below, which independently justifies the discovery.

<u>Reasonable Measures</u>: To establish a trade secret, the owner must have taken "reasonable measures to keep such information secret." Celonis bears the burden regarding this

"quintessentially fact-specific" inquiry. *SPS Techs., LLC v. Briles Aerospace, Inc.,* No. CV 18-9536, 2021 WL 5785264, at *8 (C.D. Cal. Sept. 3, 2021). A party's actual practice, not just its written policies, is relevant—the *SPS Techs.* court found triable issues on reasonable secrecy measures, based on a discrepancy between plaintiff's various written policies/agreements and evidence showing what the company actually did. *Id.* at *9. SAP requested documents regarding such reasonable measures and Celonis's employees' actual practice in its RFPs, such as RFP 199, and related search strings. For instance, if Celonis treated SAP confidential customer and business strategy information as legitimate competitive intelligence, that indicates both Celonis and the industry understood comparable information could be similarly used and thus Celonis would have needed to undertake greater protective measures to reasonably protect its supposed secrets.

Generally Known: Whether a trade secret exists depends in part on the extent to which the information is known outside the owner's business. Thus, if Celonis possesses competitive intelligence information marked "SAP Confidential" that Celonis claims was "generally known" or was obtained by "proper means," then Celonis cannot credibly contend that comparable information constitutes its own trade secret. *See Nalco Chem. Co. v. Hydro Techs., Inc.,* 148 F.R.D. 608, 616–17 (E.D. Wis. 1992); *Waymo LLC v. Uber Techs., Inc.,* No. C 17-00939, 2018 WL 646701, at *20 (N.D. Cal. Jan. 30, 2018) ("[Defendant] will be allowed to respond with evidence and argument that its competitive intelligence-gathering efforts were all legitimate and that [plaintiff] itself engaged in similar activities."). SAP's search string 8 will capture documents demonstrating that Celonis was aware of SAP's customers, clients, or accounts similar to the Canadian customer list that Celonis alleges is a trade secret. If Celonis's ordinary business practice treats a competitor's customer list as proper to possess, Celonis's own customer list is likewise not a trade secret. Similarly, if Celonis contends it may properly possess information labeled "SAP Confidential," that suggests that Celonis treats confidentiality designations as meaningless, including on documents describing its own alleged trade secrets.

Analogous discovery was compelled in *Biological Dynamics, Inc. v. Exokeryx, Inc.*, where the trade secret plaintiff sought the defendant's own confidentiality agreements, arguing they were "relevant to demonstrating that Plaintiff took sufficient steps to protect its trade secrets by

demonstrating that Defendant takes similar steps." No. 23-cv-01664, 2025 WL 4672288, at *8 (S.D. Cal. Mar. 28, 2025). Celonis itself invoked this principle, arguing that any confidentiality agreements in Mr. McGuire's first period of employment with SAP (before he ever worked at Celonis) were relevant because they could contain evidence suggesting SAP did or did not view categories of information as trade secrets. SAP produced those agreements. SAP's requested discovery is equally relevant.

Willfulness: Evidence that Celonis collected similar competitive intelligence on SAP is further relevant to disproving Celonis's claims for exemplary damages based on alleged "willful and malicious" conduct. *See* SAC at ¶¶ 490, 492, 498. Evidence that both parties collected and used similar types of competitive intelligence shows an industry standard practice and negates any inference of "willful and malicious" conduct. *See Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496, 510 (8th Cir. 1993). Indeed, the Court recently applied this principle, finding evidence that a plaintiff similarly "copied [defendant's] products or gathered intelligence on its products" was "relevant to willfulness and industry practice." *Illumina, Inc. v. BGI Genomics Co.*, No. 20-cv-01465, 2021 WL 4979799, at *8 (N.D. Cal. Oct. 27, 2021).

Unclean Hands: These search strings are also relevant to SAP's unclean hands defense, the application of which is highly fact-dependent, *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal. App. 4th 612, 620-21 (1992), and involves "(1) the nature of the conduct, not the party at whom it is directed, and (2) the impact that such conduct has on the equitable relations between the parties." *Vacco Indus., Inc. v. Van Den Berg*, 5 Cal. App. 4th 34, 52 (1992). Here, SAP alleges that Celonis has done the very thing it accuses SAP of—possession and use of SAP confidential information. SAP's defense mirrors Celonis's own allegations, and SAP's search strings 8 and 9 track the search strings Celonis asked SAP to run on SAP's documents. And, the conduct at issue targets the same individual (Cody McGuire), in the same employment relationship, during the same period, as the conduct Celonis placed at the center of its own claims. SAP cannot develop that factual record if Celonis will not run relevant search terms.

Celonis's reliance on *MedImpact* and *Cool Runnings* is misplaced. The *MedImpact* court subsequently clarified on summary judgment that defendant's unclean hands defense, concerning

***defendant's*** trade secrets, was in fact related to the subject matter of the ***plaintiff's*** trade secret claims because both related to the "same joint venture" including the "same transactional events"—just as Cody McGuire functions here. *See MedImpact Healthcare Sys., Inc. v. IQVIA Holdings Inc.*, No. 19CV1865, 2022 WL 1571000, at *5 (S.D. Cal. May 17, 2022). The unclean hands in *Cool Runnings* only related "generally to the issue of plaintiff hiring former [defendant] employees and using their knowledge to its advantage," and said nothing about the possession and use of a competitor's confidential information. *Cool Runnings Int'l Inc. v. Gonzalez*, No. 21-CV-00974, 2021 WL 5331453, at *11, n.6 (E.D. Cal. Nov. 16, 2021). The Court should compel the requested discovery in full.

## III. <u>CELONIS' POSITION</u>

This dispute is not about four isolated search strings or five belatedly identified custodians. It is about a widespread effort by SAP to use its unclean hands defense—*through search strings, custodians, discovery requests, and otherwise*—as an improper proxy for the trade secret counterclaim SAP has repeatedly threatened, but not brought. District Courts throughout California have consistently rejected such efforts. This Court should do the same.

### A. <u>SAP's Efforts To Obtain Discovery On Its Own Unpled Trade Secrets</u>

SAP has repeatedly threatened to bring a trade secret counterclaim against Celonis. *See* Dkt. 205 at 15-16. After Judge Chhabria questioned whether SAP had "a good faith basis" for such claim, suggesting that SAP appeared to be "making it up," SAP elected not to do so. Tr. of June 25, 2026 Hearing at 13:22-25, 14:1-5. Now, SAP attempts to use an unclean hands defense as a proxy for the claim it lacked a basis to bring, including to obtain discovery thereon.

The four disputed search strings are one aspect of this effort. But that effort, and Celonis' objections, also extend to the disputed custodians. SAP's statement that Celonis "waived" such objections is false. Celonis explicitly argued, in an October 5 email, that those custodians "appear to have been identified to improperly facilitate discovery into a non-existent claim by SAP, based on trade secrets it has neither pled nor identified," explicitly reserving those arguments in later correspondence. And SAP seeks search strings with respect to *each of the five disputed custodians* that are identical to the disputed search strings, and in some cases are even further focused on

unpled SAP trade secrets bearing no relation to this case. Ex. D, String Nos. 1, 7-11 (SAP engineering and research and development). SAP's efforts also extend to RFPs directed exclusively to a trade secret claim SAP has not brought. Ex. B. SAP seeks this discovery on unidentified trade secrets, having invoked Cal. Code Civ. P. § 2019.210 to refuse discovery on Celonis' trade secret claims until Celonis "provide[d] a list of the alleged trade secrets, identifying each of them with 'reasonable particularity.'" Allowing the discovery at issue would create a loophole in that statute.

**B. <u>The Discovery SAP Seeks Is Not Relevant</u>**

SAP is not entitled to discovery—through the disputed search strings, custodians, or otherwise—that is unrelated to any claim or defense in this case. FRCP 26. Yet this is precisely what SAP seeks: discovery aimed at broad categories of unspecified *SAP* information that is nowhere at issue in this action – or in any way tied to the specific trade secrets alleged by Celonis.

Tellingly, none of SAP's relevance arguments explain how the disputed search strings or their broad, generalized terms themselves apply to those arguments. To ground this discussion, it is important to consider the search strings at issue:

| | |
|---|---|
| 8 | (SAP OR Signavio) AND (contact* OR target* OR "competitive intel*" OR "intelligence" OR customer* OR client* OR account OR accounts OR prospect* OR partner*) |
| 9 | (SAP OR Signavio) AND (convert* OR win OR wins OR winning OR won OR lose* OR losing OR lost OR defeat* OR flip* OR switch* OR churn*) |
| 11 | "SAP Only" OR "SAP and Partners Only" OR "SAP Partners and Customers Only" OR "SAP Executive Board Only" OR "SAP Internal" |
| 12 | (SAP OR Signavio) AND (internal OR proprietary OR confidential OR restricted OR secret*) |

SAP first argues these strings somehow bear on whether *Celonis* took reasonable measures to maintain *its* alleged trade secrets as secret. But how Celonis treated *SAP* information does not bear on this question, and regardless, Celonis has not objected to SAP's secrecy-based search string, which is not implicated by the present dispute. Ex. C, string 2. Indeed, Celonis has already produced policies and confidentiality agreements of the type referenced by SAP.

Next SAP argues that the disputed search strings about *SAP* information are relevant to whether *Celonis*' trade secrets were "generally known," citing a 33 year old Wisconsin case and a paragraph from *Waymo* on "state of mind." Neither is relevant, and SAP does not explain how its broad search strings go to whether the specific key contacts, customer preferences, or contracts

under pursuit by Celonis were "generally known" in any sense. *Medimpact*, 2022 WL 1571000, at *3 (S.D. Cal. May 17, 2022) ("Factual similarity between the misconduct that forms the basis for an unclean hands defense and the plaintiff's allegations in the lawsuit is not sufficient.").

Finally SAP argues that its search strings directed at *Celonis*' conduct will somehow show that *SAP*'s trade secret misappropriation was not willful under the CUTSA or DTSA. Neither *Illumina*: a patent case that involved neither claim, or *Drabnik*: which concerned industry standard designs for pneumatic nailers, supports this proposition.

SAP's other argument, that discovery into use by Celonis of *SAP* information is relevant to unclean hands has been consistently rejected. In *MedImpact*, the court denied discovery into allegations that the plaintiff misappropriated the defendant's trade secrets, holding that such allegations raised "new and distinct claims" outside the scope of the case. No. 19-CV-1865-GPC-DEB, 2022 WL 126307, at *4 (S.D. Cal. Jan. 13, 2022). Similarly, in *Cool Runnings*, the court held that allegations concerning the plaintiff's hiring of former employees and use of their knowledge to its advantage did not support unclean hands because they did not directly concern the *specific* trade secrets at issue, namely those of the plaintiff. 2021 WL 5331453, at *11 (E.D. Cal. Nov. 16, 2021). SAP's response to these cases only supports Celonis' point, namely that the broad and generalized search strings SAP requests are insufficiently tied to the trade secrets Celonis pleads. The *MedImpact* summary judgement opinion explains this, "recognizing that the unclean hands defense generally would not apply if the inequitable conduct was not related to the breach of contract provisions at issue." 2022 WL 1571000, at *4 (S.D. Cal. May 17, 2022).

### C. <u>SAP Delayed In Identifying Or Inquiring About Custodians For Months</u>

In addition to the irrelevance of the disputed search strings, including in parallel with the disputed custodians, SAP also failed to timely identify those custodians, notwithstanding Celonis' repeated urging that SAP do so to allow for their collection within existing case deadlines.

Celonis began its custodial inquiries to SAP on July 1, completing its identification of requested custodians and search terms by August 7. When SAP still had not identified its requested custodians nearly a month later, Celonis wrote to SAP on September 2, urging SAP to identify its custodians and search strings by September 9 to permit time for collection and production. When

SAP failed to do so, Celonis again encouraged SAP to make its identifications on September 11.

It was not until September 22 that SAP first requested to confer regarding Celonis custodians. SAP raised several factual questions for the first time on that conferral that did not fall within any discovery propounded by SAP to date. Those supposedly "basic questions" – more properly framed as interrogatories – included inquiries into the account executives for 11 accounts, the HR representatives who onboarded and offboarded Mr. McGuire, and the Celonis manager responsible for Canada. While Celonis' counsel did not have answers to these impromptu inquiries at hand, it had provided SAP over 730 pages of organizational charts months earlier.

On September 29, SAP identified for the first time what it described as a "preliminary list" of five individuals, whose custodial files SAP requested Celonis collect "solely to facilitate SAP's assessment of their suitability as potential custodians." At least two of those individuals reside in Europe, which would require additional processing steps to comply with GDPR. Celonis informed SAP that there was no longer time in the case schedule to conduct these new collections, but offered to run agreed-upon search terms across any of the more than 35 existing custodians.

**D. <u>SAP Has Not Met The Timeline It Demands Of Celonis</u>**

SAP argues that "Celonis' 'not enough time' claim is meritless." But SAP has been unable to complete its productions over an even longer period. As of this filing, Celonis' custodial requests have been pending for 77 days – longer than the period remaining in discovery following SAP's belated identifications. This is without the GDPR processes required by SAP's selections.

Far from a "refusal to cooperate," Celonis was more than willing to provide SAP with additional custodial collections, and in fact urged SAP to identify its requested custodians – repeatedly – so Celonis could do so. Celonis has also agreed to provide Mr. McGuire as a custodian, and has produced over 16,000 non-custodial documents on its trade secret claims alone. But SAP cannot delay in identifying custodians for months, and then demand that Celonis meet a production timeline that SAP itself has not met. SAP should be required to bear the consequences of its inaction. *Google LLC v. Point Fin., Inc.*, No. 5:25-CV-04033-BLF, 2025 WL 1903495, at *2 (N.D. Cal. June 10, 2025) (denying relief where "[plaintiff] was aware… that discovery would need to happen extremely quickly, yet it does not appear to have acted with appropriate haste.").

Dated: October 22, 2026

PAUL HASTINGS LLP

By: /s/ *Michael Wolfe*
Michael Wolfe

Stephen J. McIntyre (State Bar No. 274481)
stephenmcintyre@paulhastings.com
Hasan S. Siddiqui (State Bar No. 358448)
hasansiddiqui@paulhastings.com
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone: +1.213.683.6000
Facsimile: +1.213.627.0705

Ryan P. Phair (*pro hac vice*)
ryanphair@paulhastings.com
Michael F. Murray (*pro hac vice*)
michaelmurray@paulhastings.com
Allan M. Soobert (*pro hac vice*)
allansoobert@paulhastings.com
Jeffrey A. Pade (*pro hac vice*)
jeffpade@paulhastings.com
Michael Wolfe (*pro hac vice*)
michaelwolfe@paulhastings.com
Terence A. Parker (*pro hac vice*)
terenceparker@paulhastings.com
Alexandra Glazer (State Bar No. 335183)
alexglazer@paulhastings.com
2050 M Street NW
Washington, D.C. 20036
Telephone: +1.202.551.1700
Facsimile: +1.202.551.1705

Ahson Azmat (*pro hac vice*)
ahsonazmat@paulhastings.com
200 Park Ave
New York, NY 10166
Telephone: +1.732.500.1885
Facsimile: +1.212.319.4090

KLARQUIST SPARKMAN, LLP

Kristin L. Cleveland (State Bar No. 001318)
kristin.cleveland@klarquist.com
John D. Vandenberg (*pro hac vice*)
john.vandenberg@klarquist.com
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204-2988
Telephone: +1.503.473.0866
Facsimile: +1.503.535.5301

JONES DAY

David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com

Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@jonesday.com
David C. Baker (State Bar No. 329123)
cbaker@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone: +1.650.739.3939
Facsimile: +1.630.739.3900

Kelly Marie Watne (State Bar No. 307563)
kwatne@jonesday.com
555 S. Flower St.
50th Fl.
Los Angeles, CA 90071
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Katherine Wall (*pro hac vice*)
klwall@jonesday.com
2727 N Harwood St
Dallas, TX 75201
Telephone: +1.214.220.3939
Facsimile: +1.214.969.5100

Dominic Lee Cruciani (*pro hac vice*)
dcruciani@jonesday.com
Joseph M. Beauchamp
jbeauchamp@jonesday.com
Joshua Lee Fuchs
jlfuchs@jonesday.com
717 Texas Ave
Suite 3300
Houston, TX 77002
Telephone: +1.832.239.3998
Facsimile: +1.832.239.3600

Hannah E. Mehrle
hmehrle@jonesday.com
Matthew Ryan Modderman (*pro hac vice*)

901 Lakeside Avenue
Cleveland, OH 44114
Telephone: +1.216.586.3939
Facsimile: +1.216.579.0212

Ryan D. Camp (*pro hac vice*)
rcamp@jonesday.com
110 North Wacker Drive
Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

Dated: October 22, 2026

Respectfully submitted,

By: */s/ Lauren B. Cury*

Lauren B. Cury (*pro hac vice*)
Jennifer Fleury (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
Anna Kurian Shaw (*pro hac vice*)
Celine J. Crowson *(pro hac vice)*
Christopher Fitzpatrick (*pro hac vice*)
Charles A. Loughlin (*pro hac vice*)
Josh Short (*pro hac vice*)
Molly Pallman (*pro hac vice*)
Jonathan Sussler (*pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hlc.com

justin.bernick@hlc.com
anna.shaw@hlc.com
lauren.cury@hlc.com
celine.crowson@hlc.com
chris.fitzpatrick@hlc.com
chuck.loughlin@hlc.com
josh.short@hlc.com
molly.pallman@hlc.com
jonathan.sussler@hlc.com

Michael M. Maddigan (Bar No. 163450)
HOGAN LOVELLS CADWALADER US LLP
1999 Avenue of the Stars, Suite 1400

Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hlc.com

Russell Tan (*pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
609 Main Street
Suite 4200
Houston, TX 77001
Telephone: (713) 632-1437
russell.tan@hlc.com

Sarah Keller (*pro hac vice*)
HOGAN LOVELLS CADWALADER US LLP
8350 Broad Street
17th Floor
Tysons, VA 22102
Telephone: (703) 374-2300
sarah.w.keller@hlc.com

Christopher C. Wheeler (Bar No. 224872)
Alexis J. Loeb (Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

*Attorneys for Plaintiffs Celonis SE and Celonis, Inc.*