# EXHIBIT A

# Redacted Public Version

David. C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone: +1.650.739.3939
Facsimile: +1.630.739.3900

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

Ryan P. Phair (pro hac vice)
ryanphair@paulhastings.com
Michael F. Murray (pro hac vice)
michaelmurray@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: +1.202.551.1700
Facsimile: +1.202.551.1705

Stephen J. McIntyre (State Bar No. 274481)
stephenmcintyre@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone: +1.213.683.6000
Facsimile: +1.213.627.0705

Kristin L. Cleveland (State Bar No. 184639)
kristin.cleveland@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: +1.503.595.5300
Facsimile: +1.503.595.5301

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CELONIS SE and CELONIS, INC.,

Plaintiffs,

v.

SAP SE and SAP AMERICA, INC.,

Defendants.

CASE NO. 3:25-cv-02519-VC

**SAP SE AND SAP AMERICA, INC.'S SEVENTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO CELONIS SE AND CELONIS, INC.**

Judge: Hon. Vince Chhabria

**TO PLAINTIFFS CELONIS SE AND CELONIS, INC. AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the applicable Civil Local Rules of the United States District Court for the Northern District of California ("Local Rules"), Defendants SAP SE and SAP America, Inc. (together, "SAP") hereby request that Plaintiffs Celonis SE and Celonis, Inc. (together, "Celonis") respond to SAP's Seventh Set of Requests for the Production of Documents ("Requests") within thirty (30) days of service hereof. The documents and things requested below may be produced via email and secure file transfer directed to the email addresses for all counsel of record for SAP, or by physical delivery of the documents and things or media containing the documents and things to the offices of Paul Hastings LLP, 2050 M Street NW, Washington, D.C. 20036.

NOTICE: ANY FAILURE TO SERVE TIMELY WRITTEN RESPONSES IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 34 WILL CONSTITUTE A WAIVER BY CELONIS OF ANY OBJECTIONS TO THE REQUESTS, INCLUDING THOSE BASED ON PRIVILEGE OR WORK PRODUCT.

## DEFINITIONS

Unless otherwise defined below, all words or phrases used in these Requests shall be given their usual meaning and shall be interpreted in their common, ordinary sense. Should Celonis not understand the meaning of any term, it should immediately seek clarification through the undersigned. As used in these Requests, the words set forth below shall be defined as follows:

1. The definitions and rules of construction set forth in the Federal Rules of Civil Procedure 26 and 34 are hereby incorporated by reference and apply to these Requests. These definitions apply throughout these Requests without regard to capitalization.

2. The term "Action" shall refer to the above-captioned litigation, *Celonis SE et. al., v. SAP SE, et. al.*, No. 3:25-CV-02519-VC (N.D. Cal.).

3. The term "Second Amended Complaint" shall refer to the Second Amended Complaint in the above-captioned action filed in the Northern District of California on June 29, 2026, and any amendments thereto.

4. The term "Communication(s)" shall mean, without limitation, any transmission, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, or question by any medium, whether by written, oral, or other means, including electronic communications and electronic mail. For the avoidance of doubt, a Communication is a type of Document.

5. The term "Concerning" shall mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to credit or discredit, referring to, or in any way touching upon as the context makes appropriate.

6. The term "Defendant" shall refer to SAP and shall be understood to include any officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, or any other Persons acting or purporting to act on its behalf or under its direction and control.

7. The term "Document(s)" shall be interpreted broadly and includes all forms of writings, tangible things, and other documents contemplated by Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001. This includes, without limitation, all written, graphic, or otherwise recorded material, including without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, interoffice memoranda or written communications of any nature, recordings of conversations either in writing or upon any mechanical or electrical recording devices, including emails, notes, papers, reports, analyses, invoices, canceled checks, or check stubs, receipts, minutes of meetings, time

sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bulls, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal, or otherwise, as well as copies of the foregoing that differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original.

8. The term "Alleged Trade Secret(s)" shall mean any information You allege in the Second Amended Complaint or in any identification was misappropriated by Defendants in this Litigation.

9. The terms "Includes" and "Including" shall mean "including, but not limited to."

10. The terms "Refer to," "Relating to," and "Regarding" shall mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

11. The term "Person" shall mean both a natural person and any and all forms of incorporated or unincorporated business, legal, or governmental entity.

12. The terms "Plaintiffs," "You," and "Your" shall mean Celonis, and shall be understood to include any and all agents, attorneys, representatives, or any other Persons acting or purporting to act on the Plaintiffs' behalf or under the Plaintiffs' direction and control.

13. The general terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all documents that otherwise might be construed to be outside of its scope.

14. The general terms "any," "all," "every," and "each" shall each mean and include the other.

## INSTRUCTIONS

1. Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation or exclusion.

2. For purposes of reading, interpreting, or construing the scope of these Requests, the words and phrases used shall be given their most expansive and inclusive definitions. Defined terms are to be given their defined meaning even if not capitalized. Unless otherwise defined above, all words and phrases used in these Requests shall be given their usual meaning and shall be interpreted in their common, ordinary sense.

3. The present tense shall also include the past and future tenses.

4. Where appropriate, the singular form of a word also includes the plural, and vice versa, to acquire the broadest possible meaning.

5. If, in responding to any of the following Requests, you encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that You believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by You in responding to the Request.

6. You shall deem these Requests to be continuing, and you shall provide supplemental responses pursuant to Federal Rule of Civil Procedure 26(e). Celonis must supplement or amend its responses on a timely basis if Celonis obtains information upon the basis of which it becomes aware that (i) a previous response was incorrect when made, or (ii) a previous response was correct and complete when made, to the best of its knowledge, but is no longer true or complete.

7. These Requests shall apply to all Documents and Data in your actual or constructive possession, custody, or control at the present time, or coming into your actual or constructive possession, custody, or control during the Action. Documents and Data in your possession, custody, or control also include any Documents and Data you have the right, authority, or practical ability to request from another entity or Person. This includes Documents and Data that are in the possession of your attorneys, agents, representatives, and Persons employed by your or your attorneys.

8. Each requested Document or Data shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other materials at any time affixed thereto.

9. If you object to any Requests set forth herein, state the specific grounds upon which you object in detail and produce Documents or Data responsive to any portion of the Request to which there is no objection.

10. In the event any objection is made upon the grounds of privilege or other protection from discovery, set forth the information required by Federal Rule of Civil Procedure 26(b)(5)(A), and include at least the basis on which the privilege is claimed and the date of the Document with sufficient particularity for purposes of a motion to compel.

11. If a portion of a Document is protected by privilege, produce the Document with the allegedly privileged portion redacted and marked as such. The non-privileged material must be fully disclosed possible without thereby disclosing the privileged material. If a privilege is asserted to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, identify as to each Document the reason for and date of the redaction or alteration, and the Person performing the redaction or alteration. Any redaction must be clearly visible on the redacted Document.

12. The information set forth in Instruction No. 11 shall be provided for all redactions. Any attachments to privileged Documents must be produced unless such attachment is also privileged, in which case the information set forth in Instruction No. 10 shall be provided.

13. To the extent that a Document or Data is responsive to more than one Request, you need to produce it only once.

14. Unless otherwise indicated, these Requests cover the time period from January 1, 2021 to the present, or such other time period as the parties may agree upon or the Court may order.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 194**

All Documents containing each Alleged Trade Secret or portions thereof.

**REQUEST FOR PRODUCTION NO. 195**

All Documents containing the following items of information as alleged by You in the Second Amended Complaint:

a) Celonis's "market-specific financials; customer accounts, ongoing pursuits and key contacts; business and competitive strategies; and [redacted]," Dkt. 277 (SAC) ¶ 218;

b) Celonis's "customer and target lists, customer intelligence and preferences, and information about ongoing customer pursuits and key contacts," SAC ¶ 219;

c) The identity of "key accounts" in which Celonis was active, including "[redacted] and [redacted] SAC ¶¶ 220-21;

d) Information that Celonis was having process mining discussions concerning [redacted] and [redacted] SAC ¶ 222;

e) Information concerning Celonis's pursuit of an opportunity with [redacted] including the identity of [redacted] as a contact, her relationship with [redacted], her alleged ability to influence a decision, and the potential interest of [redacted] CIO if Celonis's offering could benefit [redacted] system migration progress, SAC ¶ 224;

f) Celonis's "market-specific financial information," including the information that "Celonis did [redacted] in Canada last year," SAC ¶ 227-28;

g) Information concerning Celonis's business and competitive strategies, including its campaign to [redacted], known as [redacted] SAC ¶ 231-32;

h) Information that [redacted] offered "[redacted]" that [redacted]

[redacted] was Celonis's [redacted] and that Celonis representatives were [redacted] SAC ¶ 232;

i) Information concerning Celonis's [redacted] and the [redacted] including that Celonis was [redacted] needed [redacted] SAC ¶¶ 235-36.

**REQUEST FOR PRODUCTION NO. 196**

All Documents concerning Celonis or anyone else that had or has legal or equitable title to, or a license in, each Alleged Trade Secret.

**REQUEST FOR PRODUCTION NO. 197**

All Documents concerning the conception, creation, development, research, dissemination, commercialization, utilization and maintenance of each Alleged Trade Secret or portions thereof, and the dates thereof and all individuals involved therein.

**REQUEST FOR PRODUCTION NO. 198**

All Documents concerning Your allegation that "SAP's misappropriation was willful and malicious, undertaken in furtherance of its anticompetitive strategy against Celonis and in order to drive Celonis out of the market through unfair competition and the usurping of Celonis' customers and accounts." SAC ¶¶ 490, 498.

**REQUEST FOR PRODUCTION NO. 199**

All Documents regarding any measures taken by Celonis and anyone else concerning any efforts or steps to keep each Alleged Trade Secret a secret, including but not limited to all documents regarding the "access controls, including password protections; confidentiality agreements, including as encompassed and incorporated into employment agreements; physical and IT security; policies, including the Celonis Code of Conduct and Ethics; and employee trainings, including with respect to IT security, data privacy and the Celonis Code of Conduct" identified in the SAC. SAC ¶ 218.

**REQUEST FOR PRODUCTION NO. 200**

All Documents concerning storage of and access to each Alleged Trade Secret or portions thereof, including but not limited to electronic or automated access logs and records reflecting when, who, and why anyone authored, accessed, modified, printed, downloaded, shared, or performed some other operation with respect to each Alleged Trade Secret or portions thereof.

**REQUEST FOR PRODUCTION NO. 201**

All Documents concerning any or constituting a disclosure, communication, discussion, agreement, or contract with anyone regarding any Alleged Trade Secret or portions thereof.

**REQUEST FOR PRODUCTION NO. 202**

All Documents concerning or constituting a disclosure or discussion of any Alleged Trade Secret or portion thereof, including any document published on or via the internet that relates to any Alleged Trade Secret or portions thereof, and any public information concerning:

a) Celonis's business in Canada, including the allegation that "Celonis did [redacted] in Canada last year," SAC ¶ 228;

b) the identities, positions, responsibilities, or relationships of the [redacted] personnel identified in paragraph 224 of the SAC, SAC ¶ 224;

c) Celonis's [redacted], SAC ¶ 232; and

d) Celonis's [redacted] and related efforts to [redacted] SAC ¶ 236.

**REQUEST FOR PRODUCTION NO. 203**

All Documents related to any independent economic value of each Alleged Trade Secret from not being generally known or readily ascertainable, including but not limited to documents supporting or contradicting Celonis's allegations that:

a) "[t]his list provided competitive value to SAP," SAC ¶ 221;

b) "Celonis would go on to lose opportunities with at least [redacted] following this disclosure," SAC ¶ 221;

c) "Celonis would go on to lose opportunities with at least [redacted] following this disclosure," SAC ¶ 223;

d) "[a]pproximately two weeks later, on March 25, 2022, Celonis recorded a closed lost opportunity with [redacted] SAC ¶ 226; and

e) "[t]hese confidential details of Celonis' [redacted] campaign enabled SAP to both predict and counter Celonis' competitive moves." SAC ¶ 234.

**REQUEST FOR PRODUCTION NO. 204**

All Documents concerning Celonis's contention that each Defendant misappropriated any Alleged Trade Secret through acquisition, use, and/or disclosure, including documents supporting or contradicting Celonis's allegations that:

a) SAP "misappropriated and exploited Celonis' trade secret customer information, including customer and target lists, customer intelligence and preferences, and information about ongoing customer pursuits and key contacts," SAC ¶ 219;

b) SAP "misappropriated Celonis' market-specific financial information, which information SAP likewise proceeded to leverage in competing against Celonis," SAC ¶ 227;

c) SAP "misappropriated trade secret information regarding Celonis' business and competitive strategies," SAC ¶ 231; and

d) SAP "misappropriated information regarding [redacted] and the specific steps Celonis was taking in furtherance of it." SAC ¶ 235.

**REQUEST FOR PRODUCTION NO. 205**

All Documents regarding, reflecting, or otherwise demonstrating that Your claim that SAP's alleged misappropriation was made "knowing or having reason to know [the trade secrets] were obtained through improper means." SAC ¶¶ 489, 497.

**REQUEST FOR PRODUCTION NO. 206**

All Documents regarding, reflecting, or otherwise showing any access, acquisition, use, and/or disclosure by Cody McGuire, Kevin Hansen, Beau Zaremski, Patrice Bessette, Javeriah Farrukh, or Colleen Speer, of any Alleged Trade Secret, including but not limited to documents

regarding his authorization to access or acquire the information, any restriction on his use or disclosure of the information, and his knowledge that any alleged use or disclosure was improper or unauthorized.

**REQUEST FOR PRODUCTION NO. 207**

All Documents concerning each current or former SAP employee whom You contend acquired, used, disclosed, or otherwise misappropriated any Alleged Trade Secret, including documents concerning: (a) the specific conduct You attribute to each individual; (b) the Alleged Trade Secret involved; (c) when and how the conduct allegedly occurred; (d) whether the individual was acting within the scope of employment or on SAP's behalf; and (e) the basis for Your contention that SAP is liable for the individual's conduct.

**REQUEST FOR PRODUCTION NO. 208**

All Documents showing or disproving that You were harmed or that each Defendant was unjustly enriched as a result alleged misappropriation of each Alleged Trade Secret, including any monetary amounts and basis thereof, including documents supporting or contradicting Celonis's allegations that:

a) "[t]his list provided competitive value to SAP," SAC ¶ 221;

b) "Celonis would go on to lose opportunities with at least [redacted] following this disclosure," SAC ¶ 221;

c) "Celonis would go on to lose opportunities with at least [redacted] following this disclosure," SAC ¶ 223;

d) "[a]pproximately two weeks later, on March 25, 2022, Celonis recorded a closed lost opportunity with [redacted] SAC ¶ 226; and

e) "[t]hese confidential details of Celonis' [redacted] campaign enabled SAP to both predict and counter Celonis' competitive moves." SAC ¶ 234.

Dated: July 29, 2026

PAUL HASTINGS LLP

By: */s/ Allan M. Soobert*
Allan M. Soobert

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

**PROOF OF SERVICE**

I am employed by Paul Hastings LLP in the city of Washington, D.C. I am over the age of 18, and not a party to the within action. My business address is 2050 M Street N.W., Washington D.C., 20036.

On July 29, 2026, I served the foregoing document described as:

**SAP SE and SAP AMERICA, INC.'S SEVENTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO CELONIS SE AND CELONIS, INC.**

on the interested parties by personally emailing the aforementioned document in PDF format to all Persons appearing on the below Service List at the corresponding email addresses set forth therein.

Michael M. Maddigan
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Jennifer Fleury
Justin W. Bernick
Anna Kurian Shaw
Lauren Beth Cury
Christopher Fitzpatrick
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hoganlovells.com
justin.bernick@hoganlovells.com
anna.shaw@hoganlovells.com
lauren.cury@hoganlovells.com
chris.fitzpatrick@hoganlovells.com

Alexis Jane Loeb
Christopher C. Wheeler
FARELLA BRAUN & MARTEL LLP
One Bush Street
Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
aloeb@fbm.com
cwheeler@fbm.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on July 29, 2026

By: */s/ Michael Wolfe*
Michael Wolfe