# EXHIBIT B

# Redacted Public Version

David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone: +1.650.739.3939
Facsimile: +1.630.739.3900

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

Ryan P. Phair (pro hac vice)
ryanphair@paulhastings.com
Michael F. Murray (pro hac vice)
michaelmurray@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: +1.202.551.1700
Facsimile: +1.202.551.1705

Stephen J. McIntyre (State Bar No. 274481)
stephenmcintyre@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone: +1.213.683.6000
Facsimile: +1.213.627.0705

Kristin L. Cleveland (State Bar No. 184639)
kristin.cleveland@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: +1.503.595.5300
Facsimile: +1.503.595.5301

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CELONIS SE and CELONIS, INC.,

Plaintiffs,

v.

SAP SE and SAP AMERICA, INC.,

Defendants.

CASE NO. 3:25-cv-02519-VC

**SAP SE AND SAP AMERICA, INC.'S NINTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO CELONIS SE AND CELONIS, INC.**

Judge: Hon. Vince Chhabria

**TO PLAINTIFFS CELONIS SE AND CELONIS, INC. AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the applicable Civil Local Rules of the United States District Court for the Northern District of California ("Local Rules"), Defendants SAP SE and SAP America, Inc. (together, "SAP") hereby request that Plaintiffs Celonis SE and Celonis, Inc. (together, "Celonis") respond to SAP's Ninth Set of Requests for the Production of Documents ("Requests") within thirty (30) days of service hereof. The documents and things requested below may be produced via email and secure file transfer directed to the email addresses for all counsel of record for SAP, or by physical delivery of the documents and things or media containing the documents and things to the offices of Paul Hastings LLP, 2050 M Street NW, Washington, D.C. 20036.

NOTICE: ANY FAILURE TO SERVE TIMELY WRITTEN RESPONSES IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 34 WILL CONSTITUTE A WAIVER BY CELONIS OF ANY OBJECTIONS TO THE REQUESTS, INCLUDING THOSE BASED ON PRIVILEGE OR WORK PRODUCT.

## **DEFINITIONS**

Unless otherwise defined below, all words or phrases used in these Requests shall be given their usual meaning and shall be interpreted in their common, ordinary sense. Should Celonis not understand the meaning of any term, it should immediately seek clarification through the undersigned. As used in these Requests, the words set forth below shall be defined as follows:

1. The definitions and rules of construction set forth in the Federal Rules of Civil Procedure 26 and 34 are hereby incorporated by reference and apply to these Requests. These definitions apply throughout these Requests without regard to capitalization.

2. The term "Action" shall refer to the above-captioned litigation, *Celonis SE et al. v. SAP SE, et al.*, No. 3:25-CV-02519-VC (N.D. Cal.).

3. The term "Second Amended Complaint" shall refer to the Second Amended Complaint in the above-captioned action filed in the Northern District of California on May 2, 2026, as an exhibit to Celonis's Motion for Leave to File Second Amended Complaint, Dkt. 189-4, and any amendments thereto.

4. The term "Communication(s)" shall mean, without limitation, any transmission, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, or question by any medium, whether by written, oral, or other means, including electronic communications and electronic mail. For the avoidance of doubt, a Communication is a type of Document.

5. The term "Concerning" shall mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to credit or discredit, referring to, or in any way touching upon as the context makes appropriate.

6. The term "Defendant" shall refer to SAP and shall be understood to include any officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, or any other Persons acting or purporting to act on its behalf or under its direction and control.

7. The term "Document(s)" shall be interpreted broadly and includes all forms of writings, tangible things, and other documents contemplated by Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001. This includes, without limitation, all written, graphic, or otherwise recorded material, including without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, interoffice memoranda or written communications of any nature, recordings of conversations either in writing or upon any mechanical or electrical recording devices, including emails, notes, papers,

reports, analyses, invoices, canceled checks, or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal, or otherwise, as well as copies of the foregoing that differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original.

8. The term "Alleged Trade Secret(s)" shall mean any information You allege in the Second Amended Complaint or in any trade secret identification served in this Action was misappropriated by Defendants in this Litigation.

9. The term "SAP Confidential Information" shall mean any non-public SAP proprietary information, including but not limited to information regarding technical aspects or features, product capabilities, research and development, business strategies, market or competitive positioning, customers, partners, financials, sales figures, sales strategies, pricing, or future roadmaps.

10. The terms "Includes" and "Including" shall mean "including, but not limited to."

11. The terms "Refer to," "Relating to," and "Regarding" shall mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

12. The term "Person" shall mean both a natural person and any and all forms of incorporated or unincorporated business, legal, or governmental entity.

13. The terms "Plaintiffs," "You," and "Your" shall mean Celonis, and shall be understood to include any and all agents, attorneys, representatives, or any other Persons acting or purporting to act on the Plaintiffs' behalf or under the Plaintiffs' direction and control.

14. The general terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all documents that otherwise might be construed to be outside of its scope.

15. The general terms "any," "all," "every," and "each" shall each mean and include the other.

**INSTRUCTIONS**

1. Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation or exclusion.

2. For purposes of reading, interpreting, or construing the scope of these Requests, the words and phrases used shall be given their most expansive and inclusive definitions. Defined terms are to be given their defined meaning even if not capitalized. Unless otherwise defined above, all words and phrases used in these Requests shall be given their usual meaning and shall be interpreted in their common, ordinary sense.

3. The present tense shall also include the past and future tenses.

4. Where appropriate, the singular form of a word also includes the plural, and vice versa, to acquire the broadest possible meaning.

5. If, in responding to any of the following Requests, you encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that You believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by You in responding to the Request.

6. You shall deem these Requests to be continuing, and you shall provide supplemental responses pursuant to Federal Rule of Civil Procedure 26(e). Celonis must supplement or amend its responses on a timely basis if Celonis obtains information upon the basis of which it becomes aware that (i) a previous response was incorrect when made, or (ii) a previous response was correct and complete when made, to the best of its knowledge, but is no longer true or complete.

7. These Requests shall apply to all Documents and Data in your actual or constructive possession, custody, or control at the present time, or coming into your actual or constructive possession, custody, or control during the Action. Documents and Data in your

possession, custody, or control also include any Documents and Data you have the right, authority, or practical ability to request from another entity or Person. This includes Documents and Data that are in the possession of your attorneys, agents, representatives, and Persons employed by you or your attorneys.

8. Each requested Document or Data shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other materials at any time affixed thereto.

9. If you object to any Requests set forth herein, state the specific grounds upon which you object in detail and produce Documents or Data responsive to any portion of the Request to which there is no objection.

10. In the event any objection is made upon the grounds of privilege or other protection from discovery, set forth the information required by Federal Rule of Civil Procedure 26(b)(5)(A), and include at least the basis on which the privilege is claimed and the date of the Document with sufficient particularity for purposes of a motion to compel.

11. If a portion of a Document is protected by privilege, produce the Document with the allegedly privileged portion redacted and marked as such. The non-privileged material must be fully disclosed to the extent possible without thereby disclosing the privileged material. If a privilege is asserted to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, identify as to each Document the reason for and date of the redaction or alteration, and the Person performing the redaction or alteration. Any redaction must be clearly visible on the redacted Document.

12. The information set forth in Instruction No. 11 shall be provided for all redactions. Any attachments to privileged Documents must be produced unless such attachment is also privileged, in which case the information set forth in Instruction No. 10 shall be provided.

13. To the extent that a Document or Data is responsive to more than one Request, you need to produce it only once.

14. Unless otherwise indicated, these Requests cover the time period from February 1, 2017 to the present, or such other time period as the parties may agree upon or the Court may order.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 221**

All Documents and Communications regarding or including SAP Confidential Information, including but not limited to any SAP documents labelled:

- "Internal";
- "Confidential";
- "SAP Internal";
- "Internal – SAP Only";
- "Internal – SAP and Partners Only";
- "For Internal SAP and Partner Use Only";
- "SAP, SAP Partners and Customers Only";
- "Subject to SAP Executive Board Only"; or
- "Proprietary and Confidential".

**REQUEST FOR PRODUCTION NO. 222**

All Documents and Communications relating to Celonis's acquisition or distribution of any SAP Confidential Information, including but not limited to Documents relating to the copying, downloading, circulation, maintenance, and/or storage of SAP documents which are labelled "Internal"; "Confidential"; "Internal – SAP Only"; "Internal – SAP and Partners Only"; "For Internal SAP and Partner Use Only"; "SAP, SAP Partners and Customers Only"; "Subject to SAP Executive Board Only"; or "Proprietary and Confidential".

**REQUEST FOR PRODUCTION NO. 223**

All Communications in which any Celonis officer, director, employee, agent, or representative acknowledges, signals, indicates, or otherwise recognizes (expressly or implicitly)

that information being shared, received, transmitted, forwarded, or discussed is confidential, proprietary, internal, or non-public information of SAP, including but not limited to:

- Communications containing cautionary or restrictive language indicating recognition of confidentiality, including but not limited to phrases such as "do not share," "do not share broadly," "do not distribute," "do not forward," "keep this confidential," "treat as confidential," "treat it as confidential information," "for your eyes only," "not for external distribution," "please keep between us," "off the record," or words or phrases of similar import;
- Communications with subject lines, headers, footers, banners, watermarks, or body text containing designations indicating restricted distribution or internal status, including but not limited to "SAP Internal," "Internal," "SAP Confidential," "Confidential," "Internal – SAP Only," "Not for Distribution," "Restricted," "Proprietary," or words or designations of similar import;
- Communications in which the sender, recipient, or any party to the Communication expressly or implicitly acknowledges, describes, characterizes, or refers to the information being shared as SAP's confidential, proprietary, internal, trade secret, or non-public information;
- Communications in which the sender warns, cautions, advises, or instructs the recipient(s) regarding how to handle, store, protect, limit access to, or restrict further dissemination of SAP information;
- Communications in which any Celonis personnel expresses concern, hesitation, or questions about the propriety, legality, or appropriateness of possessing, using, sharing, or acting upon SAP information; and
- Communications forwarding, attaching, or referencing SAP Documents where any party to the Communication describes or acknowledges the source, origin, or nature of such Documents as SAP internal, confidential, or proprietary materials.

**REQUEST FOR PRODUCTION NO. 224**

All Documents and Communications related to conducting competitive intelligence or investigations regarding SAP or SAP Signavio to obtain SAP Confidential Information, including regarding efforts directed to SAP or Signavio espionage.

**REQUEST FOR PRODUCTION NO. 225**

All Documents and Communications exchanged with any former or current SAP employee, customer, partner, or third party regarding SAP Confidential Information, including but not limited to regarding SAP's Signavio business strategy, product development, engineering, research and development, commercial sales, marketing, customers, pricing, or competitive strategy.

**REQUEST FOR PRODUCTION NO. 226**

All Documents describing Celonis's efforts to use SAP Confidential Information to compete with or displace SAP in the marketplace, including but not limited to regarding business strategies, commercial sales, marketing, pricing, customer or partner targeting, and/or the [redacted] program or "[redacted] Campaign".

Dated: September 22, 2026

PAUL HASTINGS LLP

By: */s/ Jeff Pade*
Jeff Pade

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

**PROOF OF SERVICE**

I am employed by Paul Hastings LLP in the city of Washington, D.C. I am over the age of 18, and not a party to the within action. My business address is 2050 M Street N.W., Washington D.C., 20036.

On September 22, 2026, I served the foregoing document described as:

**SAP SE and SAP AMERICA, INC.'S NINTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO CELONIS SE AND CELONIS, INC.**

on the interested parties by personally emailing the aforementioned document in PDF format to all Persons appearing on the below Service List at the corresponding email addresses set forth therein.

Michael M. Maddigan
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com

Jennifer Fleury
Justin W. Bernick
Anna Kurian Shaw
Lauren Beth Cury
Christopher Fitzpatrick
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hoganlovells.com
justin.bernick@hoganlovells.com
anna.shaw@hoganlovells.com
lauren.cury@hoganlovells.com
chris.fitzpatrick@hoganlovells.com

Alexis Jane Loeb
Christopher C. Wheeler
FARELLA BRAUN & MARTEL LLP
One Bush Street
Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
aloeb@fbm.com
cwheeler@fbm.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 22, 2026

By: */s/ Michael Wolfe*
Michael Wolfe