David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Tharan Gregory Lanier (State Bar No. 138784)
tglanier@jonesday.com
Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone: +1.650.739.3939
Facsimile: +1.630.739.3900

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

Ryan P. Phair (*pro hac vice*)
ryanphair@paulhastings.com
Michael F. Murray (*pro hac vice*)
michaelmurray@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: +1.202.551.1700
Facsimile: +1.202.551.1705

Stephen J. McIntyre (State Bar No. 274481)
stephenmcintyre@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone: +1.213.683.6000
Facsimile: +1.213.627.0705

Kristin L. Cleveland (State Bar No. 001318)
kristin.cleveland@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204-2988
Telephone: +1.503.473.0866
Facsimile: +1.503.535.5301

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**CELONIS SE and CELONIS, INC.,**

**Plaintiffs**

**v.**

**SAP SE and SAP AMERICA, INC.,**

**Defendants.**

**Case No. 3:25-cv-02519-VC**

**JOINT LETTER BRIEF RE: SAP'S MOTION FOR A PROTECTIVE ORDER**

Date: November 5, 2026
Judge: Hon. Sallie Kim
Courtroom: C – 15th Floor

**ATTESTATION IN SUPPORT OF JOINT LETTER BRIEF**

Pursuant to the Standing Order for Magistrate Judge Sallie Kim, undersigned counsel hereby attest that counsel for Plaintiffs Celonis SE and Celonis, Inc. ("Celonis") and Defendants SAP SE and SAP America, Inc. ("SAP") (collectively, the "Parties") have met and conferred by videoconference before filing the joint letter brief, and complied with Section 9 of the Northern District's Guidelines for Professional Conduct Regarding Discovery. The Parties were unable to resolve the dispute and respectfully submit it to the Court.

Dated: November 5, 2026

PAUL HASTINGS LLP

By: /s/ *Ryan P. Phair*
Ryan P. Phair

Stephen J. McIntyre
(State Bar No. 274481)
stephenmcintyre@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone: +1.213.683.6000
Facsimile: +1.213.627.0705

Ryan P. Phair (*pro hac vice*)
ryanphair@paulhastings.com
Michael F. Murray (*pro hac vice*)
michaelmurray@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: +1.202.551.1700
Facsimile: +1.202.551.1705

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

Dated: November 5, 2026

HOGAN LOVELLS US LLP

By: /s/ *Jennifer Fleury*
Jennifer Fleury

Michael M. Maddigan (State Bar No. 163450)
HOGAN LOVELLS CADWALADER US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
michael.maddigan@hlc.com

Jennifer Fleury (pro hac vice)
Justin W. Bernick (pro hac vice)
Anna Kurian Shaw (pro hac vice)
Lauren B. Cury (pro hac vice)
Christopher Fitzpatrick (pro hac vice)
HOGAN LOVELLS CADWALADER US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hlc.com
justin.bernick@hlc.com
anna.shaw@hlc.com
lauren.cury@hlc.com
chris.fitzpatrick@hlc.com

Christopher C. Wheeler (State Bar No. 224872)
Alexis J. Loeb (State Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

Attorneys for Plaintiffs
CELONIS SE and CELONIS, INC.

## I. UNRESOLVED DISPUTE AND FACTUAL BACKGROUND

SAP seeks a protective order enforcing the Joint Amended Scheduling Order ("Amended Schedule"), Dkt. 273, and requiring Celonis to withdraw certain document requests and deposition topics in Rule 45 subpoenas served on nine third parties in October. SAP contends that these requests and topics are an untimely effort to obtain discovery on the First Amended Complaint after the relevant discovery cutoff. Celonis contends that SAP has no standing to challenge third party subpoenas that, in any case, do not "solely" relate to issues under the First Amended Complaint and are therefore permitted under the Amended Schedule. *Id.* The parties have met and conferred but were unable to resolve this dispute without the Court's assistance.

## II. SAP'S POSITION

The Amended Schedule, entered on June 26, 2026, provides that "[n]o new discovery shall be propounded or depositions noticed which relate solely to issues under the First Amended Complaint." Dkt. 273. Yet on October 7, 8, 9, and 16, Celonis served nine third parties with 51 document requests and 27 deposition topics that relate ***solely*** to the First Amended Complaint. The Court should enter a protective order requiring Celonis to withdraw those requests and topics, which have no nexus to the Second Amended Complaint, and limit the remaining requests to the period from April 1, 2026 to the present. "A party challenging a subpoena to a non-party may move for a protective order under Rule 26(c)." *Woods v. Google LLC*, 2018 WL 5941122, at *1 (N.D. Cal. Nov. 14, 2018); *see also Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006). That includes subpoenas that violate a scheduling order. *See, e.g.*, *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 562 n.3 (S.D. Cal. 1999) ("[A]ny party to the litigation would have the right to move for a protective order where the [third-party] subpoena was in violation of case management orders issued under Fed. R. Civ. P. 16 and 26."); *MedImmune, LLC v. PDL BioPharma, Inc.*, 2010 WL 1266770, at *2 (N.D. Cal. Apr. 1, 2010) (granting protective order against Rule 45 subpoena served after discovery cutoff); *FDIC v. BayOne Real Estate Inv. Corp.*, 2017 WL 1316888, at *2 (N.D. Cal. Apr. 10, 2017) (same). Celonis bears the burden to show that its subpoenas comply with the Amended Schedule. *Woods*, 2018 WL 5941122, at *1; *see also Our Children's Earth v. Leland Stanford Junior University*, 2015 WL 12964638, at *1 (N.D. Cal. Oct.

29, 2015).

***The Parties' Negotiations and Court-Ordered Limits on Extended Discovery***: Discovery on Celonis' First Amended Complaint, which accused SAP of antitrust violations and false advertising, was originally set to close on June 30, 2026. In June 2026, the Court granted Celonis leave to file a Second Amended Complaint, which added trade secret claims and new (but narrow) antitrust allegations concerning SAP's April 2026 New Data Access Policy ("API Policy"). Following the June 25 hearing on Celonis' motion for leave, the parties agreed to the Amended Schedule, which extended fact discovery to December 11, 2026, for discovery on the Second Amended Complaint. Antitrust discovery—namely, all "previously noticed depositions on issues related solely to the First Amended Complaint"—would end on September 15, 2026, giving the parties time to complete antitrust discovery served before the original June 30 cutoff. Dkt. 273. At the hearing, Judge Chhabria made clear that the extension was to account for the new allegations, not to grant six more months of discovery on the First Amended Complaint. The Amended Schedule accordingly provides that "[n]o new discovery shall be propounded or depositions noticed which relate solely to issues under the First Amended Complaint." *Id.* When the parties later disputed whether Celonis could take additional discovery on the API Policy, Judge Chhabria held that "[b]ecause the policy at issue became effective only one month prior to the close of fact discovery on the antitrust claims … Celonis is entitled to at least some additional discovery on that policy." Dkt. 303. But he also stated that "further discovery into the New Data Access Policy [*i.e.*, the API Policy] will not follow the extended schedule set **specially** for discovery relevant to the trades secrets claims that were added to the Second Amended Complaint," confirming that the Court did not reopen fact discovery on the First Amended Complaint's antitrust claims. *Id.* (emphasis added). Judge Chhabria directed the parties to "meet and confer in good faith on the scope of supplemental discovery related to the New Data Access Policy, with any remaining dispute presented to Magistrate Judge Kim for resolution." *Id.*

***Celonis' Late Third-Party Subpoena Requests on the First Amended Complaint:*** Nearly one month after the deadline to complete fact discovery on the First Amended Complaint, and four

months after the deadline to propound discovery on it, Celonis served deposition and document subpoenas on ***nine*** additional third parties between October 7 and October 16. Of these requests, 51 of the 66 document requests and 27 of the 37 deposition topics relate solely to the First Amended Complaint and have no nexus to the API Policy. *See, e.g.*, RFP 4 to seven third parties (seeking ERP cost switching information relevant only to the First Amended Complaint's lock-in allegations); RFP 2 to seven third parties (seeking documents comparing Celonis with Signavio); Topic 1 to two third parties (seeking analyses of Celonis's and Signavio's process mining offerings); Topic 6 to two third parties (seeking communications with SAP concerning pricing or price concessions). This is general antitrust discovery that Celonis could have, and should have, sought months ago. Tacking one or two API Policy-related requests onto more than a dozen others does not make these subpoenas timely. Nor does Celonis' claim that any API Policy-related requests must be responded to "in tandem" with requests that relate only to the allegations in the First Amended Complaint excuse its failure to serve the latter before the deadline.

On October 9, SAP objected to the new subpoenas. On October 13, Celonis responded that the subpoenas in part sought information related to the API Policy and were therefore permitted under the Amended Schedule. To resolve the dispute, SAP made two requests. ***First***, SAP asked Celonis to limit the requests to April 1, 2026 to the present. Five subpoenas reach back to January 1, 2013, and four to January 1, 2021. By Celonis' own account, SAP announced the API Policy in April 2026. Dkt. 277 at 11. Third-party documents about that policy cannot predate its announcement, let alone by five or more years. ***Second***, SAP asked Celonis to withdraw all requests with no nexus to the API Policy and to narrow those that relate to it only in part. That remedy would still allow Celonis roughly two document requests and two to three deposition topics per third party, depending on each individual subpoena, directed to the API Policy. Celonis refused both requests.

Discovery deadlines serve Federal Rule 1's mandate to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation

and internal quotation marks omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.*; *see also Tessera, Inc. v. Sony Corp.*, 2013 WL 97794, at *3 (N.D. Cal. Jan. 7, 2013) ("A scheduling order is not a mere suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court. Just like any other order, the court expects compliance."). Untimely third-party discovery can impose "palpable prejudice" on a defendant. *MedImmune*, 2010 WL 1266770, at *2 (granting protective order against Rule 45 subpoena that "could have been served sooner"); *see also FDIC*, 2017 WL 1316888, at *2 (same, where plaintiff's "disregard of the discovery cutoff in this case" would prejudice defendant).

SAP does not seek to avoid legitimate discovery; it asks only that discovery stay within the limits of the Amended Schedule and the Federal Rules. "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Those boundaries apply squarely here. Most of the requests in the nine new third party subpoenas replicate requests Celonis served on more than 38 third parties *before* June 5, 2026, before fact discovery on the First Amended Complaint closed—and before the Court granted leave to file the Second Amended Complaint—confirming that these requests do not arise from the new API Policy allegations. Celonis had months to serve these same third parties before the deadline. The Rules require the Court to limit discovery that is "unreasonably cumulative or duplicative" or where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i)–(ii). Both conditions are met. Permitting these subpoenas would force SAP to relitigate closed antitrust discovery across nine new fronts through cross-subpoenas while it prepares for the December 11 close of fact discovery on the new allegations in the Second Amended Complaint and would reward precisely the disregard of a scheduling order that *Johnson* condemns.

Celonis received exactly what it asked for weeks ago: additional discovery on the API Policy. It is not entitled to use that narrow opening to reopen antitrust discovery the Amended Schedule closed. SAP therefore respectfully requests that the Court enter a protective order

requiring Celonis to (1) limit the subpoenas served October 7 through 16 to the period from April 1, 2026 to the present; and (2) withdraw every document request and deposition topic in those subpoenas that lacks a nexus to the API Policy.

## III. CELONIS' POSITION

Once again, SAP seeks to thwart third-party discovery in this action by distorting the parties' negotiated discovery schedule and the Court's orders. *Cf.* Dkt. 248. The Court rightly rejected its first attempt. *See* Dkt. 276. This latest bid fares no better. It fails for three reasons.

***First***, as a threshold issue, SAP does not have standing to challenge Rule 45 subpoenas issued to third parties. It is black-letter law that "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action." 9A Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 2459 (3d ed. 2026) (collecting cases). The only exception is when the "objecting party claims some personal right or privilege with regard to the documents sought," such as private medical information or material covered by the work product doctrine. *Id.* Neither the asserted untimeliness of the Rule 45 subpoenas, *see Sartor v. Cnty. of Riverside*, 2024 WL 1136333, at *2–4 (C.D. Cal. Feb. 15, 2024), nor the supposedly duplicative or "redundant" nature of the information sought, *see Sharpe v. Cryer*, 2024 WL 774948, at *4 (E.D. Cal. Feb. 26, 2024), confers standing on SAP to challenge these subpoenas. SAP's motion hinges on dicta from a handful of cases—*Woods v. Google LLC*, 2018 WL 5941122 (N.D. Cal. Nov. 14, 2018), *FDIC v. BayOne Real Estate Inv. Corp.*, 2017 WL 1316888, at *2 (N.D. Cal. Apr. 10, 2017), and *MedImmune, LLC v. PDL BioPharma, Inc.*, 2010 WL 1266770, at *2 (N.D. Cal. Apr. 1, 2010)—in which there were no challenges to, and the courts therefore did not address, standing. But when standing is challenged under these circumstances, courts routinely hold that the adversary of the party seeking discovery cannot move to quash or otherwise challenge a third-party subpoena under any Federal Rule of Civil Procedure. *See, e.g.*, *Oracle Am., Inc. v. Procore Techs., Inc.*, 2025 WL 2145895, at *2 (N.D. Cal. July 28, 2025) (holding that parties do not have standing to contest third party subpoenas under Rule 45(d)(3) or Rule 26(c)); *Doe v. Kaiser Found. Health Plan, Inc.*, 2023 WL 8714880, at *4 (N.D. Cal. Dec. 17, 2023) (explaining "[t]he rule that [parties] lack[] standing to object on the

grounds of burden or irrelevance to subpoenas directed to third parties"). The other cases on which SAP relies are similarly far afield. *Our Children's Earth v. Leland Stanford Junior University* involved party, not third-party, discovery requests. 2015 WL 12964638, at *1 (N.D. Cal. Oct. 29, 2015). The defendants in *Del Campo v. Kennedy* did not challenge the Rule 45 subpoenas on timeliness grounds. 236 F.R.D. 454 (N.D. Cal. 2006). And *Integra Lifesciences I, Ltd. v. Merck KGaA* cuts the opposite way: there, the court declined to quash a third-party subpoena even though it was issued on the eve of trial. 190 F.R.D. 556 (S.D. Cal. 1999). SAP's motion should be denied for lack of standing.

***Second***, SAP's position cannot be squared with either the text of the Amended Schedule or SAP's own approach to discovery in the months since the Second Amended Complaint became operative. The parties specifically negotiated a September 15, 2026, deadline for discovery propounded *before* the Court allowed Celonis to proceed on the Second Amended Complaint. Dkts. 269, 273. But for discovery propounded *after* the Second Amended Complaint came into effect, the parties agreed, for party discovery, on a preset "number of additional interrogatories, requests for production, and deposition hours to accommodate the new allegations and claims." Dkt. 269 at 2. The sole limitation on such discovery is that it cannot "relate *solely* to issues under the First Amended Complaint." *Id.* (emphasis added). The third-party discovery that SAP seeks to quash bears on issues that span both pleadings—and thus does not relate "solely" to either. *Id.*

The new allegations in the Second Amended Complaint detail the latest chapters in SAP's multi-pronged anticompetitive crusade, in which SAP stole Celonis' trade secrets and took another step through the New Data Access Policy ("API Policy") to further entrench its monopoly power over customer data and stomp out competing technology providers. SAP's years-long exclusionary campaign, however, cannot be neatly partitioned into component parts and then viewed individually in a vacuum; the basic tenets of antitrust law dictate that it "must be considered holistically." *See Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, 111 F.4th 337, 355 (4th Cir. 2024), *cert. denied*, 146 S. Ct. 1485 (2026) (holding that "in a monopolization case conduct must always be analyzed 'as a whole'" and cannot "be judged by dismembering it and viewing its separate parts"

(citation modified)). For that reason, "tightly compartmentalizing the various factual components" of SAP's scheme through the artificial line drawing SAP pursues, when each individual act is "part of the same scheme to perpetuate dominance or drive the plaintiff from the market," is impossible as a practical matter. *Id.* (citation modified). RFP 4 illustrates the point. It seeks "challenges, barriers, costs, risks, or difficulties associated with switching ERP systems"—evidence that speaks directly to Celonis' allegation that the API Policy entrenches SAP's monopoly power by giving SAP virtually unlimited authority to monitor, meter, restrict, throttle, and monetize access to customer data. The harder it is for customers to switch ERP providers, the more severe the API Policy's harm to competition becomes. The two must be evaluated in tandem to determine the overall impact of SAP's anticompetitive scheme.

While SAP now claims this discovery request has "no nexus" to the Second Amended Complaint, SAP previously recognized the impracticality of drawing a hard line between discovery on the two complaints when doing so served its own strategic advantage. For example, SAP conceded that the interlocking allegations in the two pleadings cannot be cleanly separated when it asked Celonis to reschedule the deposition of Celonis' co-CEO Bastian Nominacher beyond the September 15 deadline for previously propounded discovery despite Mr. Nominacher making himself available in August. Dkts. 269, 273. SAP, in its own words, believed "his testimony will be relevant to Celonis' claims in the Second Amended Complaint" and the line between the two pleadings would be difficult to police if SAP sought a second deposition from Mr. Nominacher. Likewise, SAP moved the deposition of one of its Rule 30(b)(6) designees, Anirban Majumdar, beyond the September 15 deadline for the same reason.

But now that Celonis seeks information from third parties that connects the dots between SAP's previous monopolistic acts and the New API Policy, SAP is looking to change the rules the parties followed all along. This strategy is designed to obscure the "combined effect" of SAP's mutually reinforcing exclusionary acts. *See Duke Energy*, 111 F.4th at 352, 355–56 (rejecting monopolist's attempt to "divide allegations into discrete challenges" to exclusionary acts and observing that "courts must not dismember the individual acts of an exclusionary campaign when

those acts are interconnected") (citation modified). The Court should reject SAP's attempt to draw a line that SAP itself never previously drew. SAP should not be permitted to accomplish through discovery motions practice what antitrust law forbids on the merits: reducing an interconnected scheme to a series of isolated fragments, each stripped of the context that gives it meaning. The Court should ensure that the jury ultimately sees the full picture of SAP's scheme—not a piecemeal record curated to keep the connections between SAP's acts out of view.

***Third***, SAP cannot identify any prejudice it would suffer from these subpoenas served on third parties. That is unsurprising because the subpoenas seek documents and testimony from non-parties, not from SAP, and SAP does not claim that they call for its privileged information or implicate any other interest of SAP's. Nor does the timing of the subpoenas prejudice SAP—discovery is still underway on issues spanning the First and Second Amended Complaints, and the discovery deadline (triggering expert discovery) is December 11. Dkts. 269, 273. While SAP insists that discovery on Celonis' antitrust claims is "closed," SAP itself produced documents on those claims as recently as this week, and the parties are scheduling party depositions on those same claims over the coming month. The "palpable prejudice" SAP gestures toward is absent here, as SAP's own authority confirms. *Cf. MedImmune*, 2010 WL 1266770, at *2 (finding such prejudice only where the subpoena issued after the close of expert discovery). SAP's retreat to Rule 1's general directive "to secure the just, speedy, and inexpensive determination of every action" and to generic scheduling principles betrays the weakness of its argument and only underscores that there is no prejudice to SAP.

SAP's anticompetitive scheme must be understood as a whole. SAP lacks standing to challenge subpoenas served on third parties; the Amended Schedule and SAP's own conduct foreclose the artificial line SAP now asks the Court to draw; and SAP identifies no prejudice from third-party discovery that will proceed alongside ongoing party discovery on the same claims. Each reason independently warrants denial. Celonis respectfully requests that the Court deny SAP's motion and permit Celonis to pursue third-party discovery that bears directly on the new allegations in the Second Amended Complaint.

Dated: November 5, 2026

PAUL HASTINGS LLP

By: /s/ *Ryan P. Phair*
Ryan P. Phair

Stephen J. McIntyre
(State Bar No. 274481)
stephenmcintyre@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone: +1.213.683.6000
Facsimile: +1.213.627.0705

Ryan P. Phair (pro hac vice)
ryanphair@paulhastings.com
Michael F. Murray (pro hac vice)
michaelmurray@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: +1.202.551.1700
Facsimile: +1.202.551.1705

Attorneys for Defendants
SAP SE and SAP AMERICA, INC.

Dated: November 5, 2026

HOGAN LOVELLS US LLP

By: /s/ *Jennifer Fleury*
Jennifer Fleury

Michael M. Maddigan (State Bar No. 163450)
HOGAN LOVELLS CADWALADER US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
michael.maddigan@hlc.com

Jennifer Fleury (pro hac vice)
Justin W. Bernick (pro hac vice)
Anna Kurian Shaw (pro hac vice)
Lauren B. Cury (pro hac vice)
Christopher Fitzpatrick (pro hac vice)
HOGAN LOVELLS CADWALADER US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
jennifer.fleury@hlc.com
justin.bernick@hlc.com
anna.shaw@hlc.com
lauren.cury@hlc.com
chris.fitzpatrick@hlc.com

Christopher C. Wheeler (State Bar No. 224872)
Alexis J. Loeb (State Bar No. 269895)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
aloeb@fbm.com

Attorneys for Plaintiffs
CELONIS SE and CELONIS, INC.